FILED

JUL 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Douglas Gunnink and Janet Gunnink
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

Plaintiffs, in *pro se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Gunnink and Janet Gunnink, | )<br>) Case No. |
| Plaintiffs, | ) |
| vs. | ) |
| UNITED STATES GOVERNMENT aka<br>UNITED STATES OF AMERICA, a Federal<br>corporation; INTERNAL REVENUE SERVICE<br>and DEPARTMENT OF THE TREASURY aka<br>UNITED STATES TREASURY, | ) JURY TRIAL DEMANDED<br>)<br>) Case: 1:07-cv-01292<br>) Assigned To : Robertson, James<br>) Assign. Date : 7/19/2007 |
| Defendants. | ) Description: Pro Se Gen. Civil |

JURY ACTION

**VERIFIED COMPLAINT**

COMES NOW Douglas Gunnink and Janet Gunnink, Plaintiffs, proceeding on their own behalf and with the assistance of Law, bringing this action seeking the return of personal property belonging illegally seized and taken under color of the internal revenue laws at 26 U.S.C. § 6331(a), in violation of the Fourth Amendment and the Just Compensation and Taking Clauses of the Fifth Amendment. Plaintiffs are seeking actual and compensatory damages caused by the Defendants' employees. Plaintiffs are seeking declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA") and 5 U.S.C. §§ 701-706. Plaintiffs also seek relief under the Constitution for the United States of America at the First, Fourth, Fifth,

Ninth, Fourteenth and Sixteenth Amendments, and the Bill of Attainder Clause at Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 26 U.S.C. §§ 6331 – Levy and distraint, 6212 – Notice of Deficiency, 6213 – Restrictions applicable to deficiencies, 7433 – Civil damages for unauthorized collection actions, 7802 – Internal Revenue Service Oversight Board; Title 5 U.S.C. §§ 701-706 – Administrative Procedure Act; United States Code of Judicial Procedure at 28 U.S.C. § 1331 – Federal Question, 28 U.S.C. § 1340 – Internal Revenue, 28 U.S.C. § 1346 – United States Defendants, 28 U.S.C. § 1367 – Supplemental Jurisdiction, 28 U.S.C. § 3002(15)(A) – United States Federal Corporation, 28 U.S.C. § 1651 – All Writs Act, 28 U.S.C. § 1658 – Time Limitations on Civil Actions, 28 U.S.C. § 2410 – Quiet Title; Federal Rules of Civil Procedure §§ 57 and 65 and the broad equitable powers of this Court. The Court has jurisdiction under the First, Fourth, Fifth, Ninth, Fourteenth and Sixteenth Amendments, and the Bill of Attainder Clause at Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1.

Venue is proper in the District of Columbia, the Seat of Government pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a Federal corporation pursuant to 28 U.S.C § 3002(15)(A) and a citizen as defined at 28 U.S.C § 1332(c)(1) and (d), maintaining its corporate offices located in the district. A duly authorized officer of the United States will answer on behalf of the acts committed by its' officials, officers, agents and employees from said district. *"The United States government is a foreign corporation with respect to a state." In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942. Said corporation employees are prohibited from

certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which is alleged herein.

## PARTIES

1. Plaintiffs Douglas Gunnink and Janet Gunnink are presently domiciled at 25303 461st Avenue, Gaylord, Minnesota, located in these 50 United States of (North) America.

2. Defendant UNITED STATES GOVERNMENT aka UNITED STATES OF AMERICA is a citizen and Federal corporation within the meaning of 28 U.S.C. § 3002(15)(A), with its main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

3. Defendant the INTERNAL REVENUE SERVICE is an agency within the meaning of 5 U.S.C. § 551(1), with its main office located at 1111 Constitution Avenue NW, Washington. DC 20224 and a pilot office at Mail Stop 5228 BLM, 1550 American Blvd E Ste 500, Bloomington, MN 55425-1104.

4. Defendant the DEPARTMENT OF THE TREASURY'S is an Executive Department within the meaning of 5 U.S.C. § 101, with its main office located at 1500 Pennsylvania Avenue NW, Washington. DC 20220.

## FACTS AND SUMMARY OF EVENTS

5. Plaintiffs reallege all allegations stated above and further allege:

6. That in the month of September 2006, the Plaintiff Douglas Gunnink received a Letter 1058 – "FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING" dated September 13, 2006 and signed by RICHARD A WALLIN; and in response Plaintiff timely filed a Request for Collection Due Process Hearing on Form 12153 and included an affidavit in support notarized and mailed on October 11, 2006 by certified Mail# 7006 0810 0001 5996 9595.

7.  That within that same period, the Plaintiff received a Letter 3172 – "NOTICE OF FEDERAL TAX LIEN FILLING AND YOUR RIGHT TO A HEARING UNDER IRC 6320" dated September 21, 2006 and signed by R. A. Mitchell; and in response Plaintiff timely filed a request for Collection Due Process Hearing on Form 12153 and included an affidavit in support notarized and mailed on October 23, 2006 by certified Mail# 7004 2890 0002 0002 7825.

8.  That Plaintiff received a response dated November 14, 2006 from Appeals Settlement Officer Dale Veer requesting a telephone number by November 29, 2006, and in response Plaintiff sent a letter by Certified Mail # 7004 2890 0001 9657 7694 dated November 29, 2006, requesting that written correspondence be the manner in which the appeals would be conducted.

9.  That Plaintiff received a reply dated January 3, 2007 from Appeals Settlement Officer Dale Veer in response to Plaintiff's request for CDP Hearing, acknowledging the filing of three Notices of Federal Tax Lien and the issuance of two Notices of Intent to Levy and scheduling the hearing via telephone conference for Tuesday, February 6, 2007 at 9:00 a.m.

10. That in response Plaintiff sent a letter by Certified Mail # 7001 2510 0000 2000 4259 dated January 18, 2007, requesting that written correspondence be the manner in which the appeals would be conducted and an additional 30 days to prepare his files as authorized in the Appeals Treasury Regulations.

11. That Plaintiff then received a letter dated January 24, 2007 from Settlement Officer Teresa Mulcahy, explaining that Mr. Veer was no longer working as a Settlement Officer, that the CDP hearing had been transferred to her and acknowledging and granting Plaintiff's request for an additional 30 days to prepare his files – setting the hearing deadline to no later than **March 6, 2007** for Plaintiff to submit any other information Plaintiff would like the Appeals Officer to consider.

12. That on or about January 31, 2007, during the appeal process and prior to any notice of deficiency being issued, Revenue Officer Richard A. Wallin caused to be issued and served on Progrowth Bank, PO Box 266, Gaylord, MN 55334 two (2) Form 668-A (ICS) Notices of Levy against Dutch Mill Trust aka Dutch Mill as the alleged nominee or alter ego of Douglas and Janet Gunnink – one for the amount of $84,860.18 for tax year 1996 and the other for the amount of $161,965.51 for tax year 1997 – causing the seizure and taking of one hundred eight thousand, four hundred fifty-seven dollars and sixty-six cents ($108,457.66) of personal property held in Account Number XX033.

13. That fifty-three (53) Form 668-A(ICS) Notices of Levy dated January 31, 2007 were issued by Revenue Officer Richard A. Wallin against Dutch Mill Trust aka Dutch Mill as the alleged nominee and/or alter ego of Douglas Gunnink and/or Douglas and Janet Gunnink, in the amounts of $84,860.18 for tax year 1996 and $161,965.51 for tax year 1997 served on the following fifty-two (52) third parties: Albert Lea Seed House; AgriEnergy Resources LLC, Norris Albaugh, Crop Cooperative Inc, Green Valley Seed Inc, Frontier FS Cooperative, Klute Investment Services Inc, Stearns Veterinary Outlet Inc, Jay Quella, Trouw Nutrition USA LLC, Alcuin Marthaler, Paul Wiens, Lazy Creek Seed/Nickolas Franke, Allen Berg, John Bedtke, Phillip Kreugel-Buffalo Grove Seed Company, Don Chirpich, James Wolf, Larry Donner, Danny M Young, Frommelt Ag Service, Ricky J Heglet, Joseph Molitor, Ag Partners, Environmental Farmacy LLC, Jeffrey Mosel, Dale Bergfalk, Boss Ridge Ranch, Melvin Rudebusch Decendants Trust, Steven Stang, Jerry Nuytten, O'Reilly Shamrock Farms, Robert Neevel, Fitzgerald Seed Farm, John Luhman, Gerald Anderson, Paul Kyllo, Leaf RiverAg Service, Ardis Husfeldt, DMJ Farms Inc, David Nedved, David C Kasper, Meier Grain Roasting, Archie Kluender, Jason C French, Irwin Frie, Mark Wickenhauser, Larry Coffing,

Rodney Hoffman, David Burns/Lawler Farm Center, Brian Husfeldt, and Cedar Summit Farm/ David Minar, causing the seizure and taking of thirteen thousand, sixty dollars and seventy cents ($13,060.70) in personal property funds due and owing to Dutch Mill Trust that were sent to the IRS.

14. That on or about February 8, 2007, the Plaintiffs Douglas Gunnink and Janet Gunnink filed an administrative claim pursuant to 26 U.S.C. § 7433, seeking actual and direct economic damages, demanding the release of the procedurally invalid Notices of Levy and the return of property as Plaintiff's administrative exhaustion along with Form 9423-Collection Appeal Request, and further informing the Area Director and the Compliance Technical Support Manager in writing of the specific dollar amount of the claims and damages incurred, not yet incurred and the reasonably foreseeable damages– for which all of the claims were made.

15. That on or about February 18, 2007, in response to the above referenced administrative claim and submitted Form 9423, Plaintiffs received a determination letter from Appeals Team Manager Al Haring, refusing to release the Notices of Levy and stating without evidence that "the actions taken by Revenue Officer Wallin were appropriate and all of the legal and administrative requirements were followed."

16. That the Plaintiffs have been and continue to be victimized by the Defendants, who have wholly acted in bad faith under color of law and have unjustly enriched their coffers, caused direct economic damage to the Plaintiffs with issuance of the non-judicial administrative instruments used to seize and take the personal property in violation of procedural and substantive Due Process of law, and fully violated Plaintiffs' rights as protected under the First, Fourth, Fifth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution for the United States of America.

## COUNT I.
## Quiet Title Action Pursuant To 28 U.S.C. § 2410

17. Plaintiffs reallege all allegations stated above and allege:

18. On or about March 14, 2007 or soon thereafter, RICHARD A. WALLIN, an alleged Revenue Officer acting on behalf of the Defendants the UNITED STATES aka UNITED STATES OF AMERICA, a Federal corporation; the DEPARTMENT OF THE TREASURY; and INTERNAL REVENUE SERVICE, conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws did cause a statutory non-judicial computer-generated – Notice of Federal Tax Lien for tax years 1996 and 1997 to issue dated May 9th and May 27th, 2005 in the amount totaling $181,362.36, resulting in the illegal seizure and taking of Plaintiffs' personal property in the amount of $121,518.36.

19. This action arises under the Federal Tax Lien Act of 1966 [80 Stat. 1125] and Title 28 U.S.C. § 2410; and jurisdiction is conferred upon this court to determine quiet title in state law and federal Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

20. The named Defendants caused the slander of title and the encumbrance of real property assigned an address location of 25303 461st Avenue, Gaylord Minnesota [near 55334] and bearing the legal description more particularly described as follows:

> "The South Half of the Northwest Quarter and the South Seventy (70) acres of the North Half of the Northwest Quarter (S ½ of NW ¼ & S. 70 acres N ½ or NW 1/4) and the North Ten (10) acres of Government Lot Number One (1#), and
>
> The East Twelve (E. 12) acres of the South Twenty-five and forty-five one hundredths (S. 25. 45) acres of Government Lot One (1) and of the West Twenty-three and ninety-four one hundredths (W 23.94) acres of Government Lot Two 2), all in Section Twenty-two (22) in Township One Hundred Thirteen (113) North, Range Twenty-eight (28) West on the 5th Principal Meridian. Sibley County, Minnesota, existing within a state of the United States."

21. The real property described above is in actual possession of the Plaintiffs.

22. The Defendant, the UNITED STATES aka UNITED STATES OF AMERICA is a statutory citizen and a federal corporation created by an Act of Congress.

23. The Defendant, the DEPARTMENT OF THE TREASURY, is an Executive department within the meaning of 5 U.S.C. § 101.

24. The Defendant, the INTERNAL REVENUE SERVICE, is an agency within the meaning of 5 U.S.C. § 551(1).

25. RICHARD A WALLIN and TED BORASS, named on the computer-generated Notices of Federal Tax Lien - and to the degree that they exist, are presumed to be employees of the Defendant the UNITED STATES aka UNITED STATES OF AMERICA, the DEPARTMENT OF THE TREASURY and the INTERNAL REVENUE SERVICE.

26. Plaintiffs are with evidence sufficient to establish and conclude that the Defendants do not have a procedurally valid statutory Notice of Federal Tax Lien for tax years 1996 and 1997, giving rise to the issuance of valid statutory non-judicial Forms 668-A(ICS) - Notice of Levy that caused the successful seizure and *taking* personal property controlled by third parties and belonging to the Plaintiffs.

27. Plaintiffs are with evidence sufficient to establish and conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. §§ 6212 and 6213 and never caused a Notice of Deficiency to issue and be served on Plaintiffs for tax years 1996 and 1997 that would give Plaintiffs an opportunity to petition Tax Court prior to seizing and taking Plaintiffs' personal property.

28. Plaintiffs are with evidence sufficient to establish and conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6203, *et seq.*, and never made an

Assessment of a tax liability for tax years 1996 and 1997 prior to causing the administrative Notices of Levy to issue that resulted in the seizure and taking of Plaintiffs' personal property.

29. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

30. The Defendants claim some interest adverse to the Plaintiffs' interest in the real and personal property described above; but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien or superior claim in Plaintiffs real or personal property or any portion thereof.

31. Plaintiffs, having exhausted the administrative procedures prior to petitioning this Court, have no plain, speedy or adequate remedy at law or in equity.

32. Plaintiffs have been and continue to be severely damaged and injured by the collusive actions of all Defendants' employees acting as financial terrorists, causing irreparable harm and injury to Plaintiffs' real and personal property and resulting in actual, direct economic damages sustained by Plaintiffs, which is the proximate cause and result of Defendants' reckless, intentional and willful actions.

33. As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' Rights under the Administrative Procedure Act (APA), the Fourth, Fifth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiffs whole and to pay the monetary amount of personal property illegally seized, plus interest.

## COUNT II.
### Violation Of Plaintiffs' Rights Under The APA And The Taking Clause Of The Fifth Amendment

34. Plaintiffs reallege all allegations stated above, and further allege:

35. The action taken, and the IRS' failure to act in response to Plaintiffs' request that they release the Notices of Levy for calendar years 1996 and 1997, is a final agency action under the APA.

36. The personal property seized and taken by Defendants in the amount of one hundred twenty-one thousand, five hundred eighteen dollars and thirty-six cents ($121,518.36) is compensation for contracted services extended by the Plaintiff Douglas Gunnink in exchange, and he was made whole and restored for the fundamental value of his labor.

37. Although Plaintiffs timely filed the Collection Appeal Request, and the appeals process had not come to fruition via a determination letter prior to issuance of the administrative Notices of Levy, Defendants issued the Notices of Levy under color of law on Plaintiffs' personal property in violation of the Plaintiffs' Fifth Amendment due process rights.

38. As a direct and proximate result of the Defendants' failure to fully comply with the procedural requirements at 26 U.S.C. § 6330(e) and their illegal conduct in violation of Plaintiffs' rights under the Administrative Procedure Act (APA), the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiffs have been damaged and are entitled to declaratory and injunctive relief.

### COUNT III.
### Violations Of Plaintiffs' Rights Under APA And The Due Process Clause Of The Fifth Amendment

39. Plaintiffs reallege all allegations stated above, and further allege:

40. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they release the nonjudicial administrative inchoate Notices of Levy for calendar years 1996 and 1997 to remain in compliance with 26 U.S.C. § 6213(a) is a final agency action under the APA.

41. Plaintiffs are entitled to be issued a notice of deficiency for calendar years 1996 and 1997 – the prerequisite to a valid assessment and/or before any subsequent levy or lien on property may be made – giving Plaintiffs an opportunity to dispute the alleged liability.

42. The Defendants failed to comply with 26 U.S.C. § 6213(a), which prohibits the issuance of a levy until such time a notice of deficiency has been issued to the Plaintiffs.

43. As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. § 6213(a) and their illegal conduct in violation of Plaintiffs' rights under the Administrative Procedure Act (APA), the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiffs have been damaged and are entitled to declaratory and injunctive relief; and the Defendants should be ordered to make Plaintiffs whole and to pay the monetary amount of personal property illegally seized, plus interest.

## COUNT IV.
### Plaintiffs Filed An Administrative Claim For Damages That Was Denied By The Defendants

44. Plaintiffs reallege all allegations stated above, and further allege:

45. The actions taken, that the Defendants failed to act in response to Plaintiffs' filed administrative claim demanding the release of the administrative Notices of Levy for calendar years 1996 and 1997 and denied the same via a belated determination, is an exhaustion of the administrative remedy pursuant to 26 U.S.C. § 7433.

46. Plaintiffs administratively petitioned the Defendants by serving their administrative claim via certified mail #7002 2410 0006 2016 2762, submitting evidence that they filed a timely CDP hearing request for tax years 1996 and 1997 and proving with evidence that the administrative Notices of Levy were out of compliance with the Due Process clause of the Fifth Amendment and the APA and, therefore, procedurally invalid and unenforceable.

47. The Defendants, contrary to evidence presented by the Plaintiffs in their verified administrative claim, collectively and collusively determined that their actions were valid and not in violation of the internal revenue laws in lieu of the facts presented and that the administrative inchoate levy would be sustained – and refused to issue a release of levy as demanded by the Plaintiffs in their claim.

48. As a result of the Defendants' refusal to comply with the substantive laws, Plaintiffs' personal property in the amount totaling one hundred twenty-one thousand, five hundred eighteen dollars and thirty-six cents ($121,518.36) was extorted and taken by the Defendants.

49. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws generally, and their illegal conduct in violation of Plaintiffs' rights under the Administrative Procedure Act (APA), the IRS Restructuring and Reform Act of 1998, and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiffs have been damaged and are entitled to recover the loss sustained; and the Defendants should be ordered to make Plaintiffs whole and to pay or return to Plaintiffs the total amount of personal property seized, statutory damages, plus interest.

**COUNT V.**
**Violation Of Plaintiffs' Rights Under The Just**
**Compensation Clause Of The Fifth Amendment**

50. Plaintiffs reallege all allegations stated above, and further allege:

51. Plaintiffs are entitled to be made whole under the Just Compensation Clause of the Fifth Amendment and under the internal revenue laws at 26 U.S.C. §§ 165(a) and 212 for the calendar years 1996 and 1997.

52. The personal property extorted, seized and taken by Defendants in the amount of one hundred twenty-one thousand, five hundred eighteen dollars and thirty-six cents ($121,518.36)

is for contracted services extended by the Plaintiff Douglas Gunnink, and in exchange Plaintiffs are made whole and restored the fundamental value of their sweat equity and labor property.

53. Plaintiffs' award of the compensatory damages extorted, seized and taken by the Defendants were to "make whole" and intended to wholly compensate Plaintiffs for the loss sustained of their life and liberty for the production of said property – hence the loss of human capitol.

54. The Defendants' issuance of the non-judicial administrative inchoate Notices of Levy resulted in the seizure and taking of Plaintiffs' personal property for public use without just compensation prior thereto and without restoring or allowing the Plaintiffs to exercise the right of restoration of the loss sustained for the value thereof.

55. The *Takings Clause* of the Fifth Amendment provides that: "No person shall be. . . *be deprived of life, liberty, or property . . . taken for public use, without just compensation."* Accordingly, the Defendants have seized and are taking Plaintiffs' Labor Property for public use without making Plaintiffs whole under the *Just Compensation Clause* of the Fifth Amendment.

56. The Defendants, in their collusive acts of extortion, have unjustly enriched their coffers, having seized and taken personal property for public use belonging to Plaintiffs measured in United States Dollars (Federal Reserve Notes) in the amount totaling one hundred twenty-one thousand, five hundred eighteen dollars and thirty-six cents ($121,518.36), and evidence indicates they will continue to take Plaintiffs' personal property by unlawful means under a false instrument for filing.

57. As a direct and proximate result of the Defendants' refusal to make Plaintiffs whole or to recognize the right of Plaintiffs to make themselves whole, in violation of Plaintiffs' rights

under the Fifth Amendment to the Constitution for the United States of America and under the internal revenue laws at 26 U.S.C. §§ 165(a) and 212, Plaintiffs have been damaged and are entitled to recover the loss sustained; and the Defendants should be ordered to make Plaintiffs whole and to pay or return to Plaintiffs the total amount of personal property seized, statutory damages, plus interest.

### COUNT VI.
### Violations Of Plaintiffs' Rights Under The APA And The Bill Of Attainder Clause At Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1

58. Plaintiffs reallege all allegations stated above, and further allege:

59. The action taken, and the Defendants' failure to act in response to Plaintiffs' request that they release the non-judicial administrative inchoate Notices of Levy issued pursuant to the internal revenue laws at 26 U.S.C. §§ 6331(a) and (e) for calendar years 1996 and 1997, is a final agency action under the APA.

60. The Defendants' Notices of Levy for calendar years 1996 and 1997 issued and accepted as a judicial writs of garnishment and/or attachment resulting in the third party seizure and taking of Plaintiffs' personal compensation for labor property without a decree or judgment constitutes a bill of attainder at Article I, Section 9 Clause 3 and Article I, Section 10 Clause 1– and thus violates the APA.

61. The Defendants employed the use of non-judicial Form 668-A(ICS)- Notices of Levy, citing the authority to extort, seize and take personal property administratively under 26 U.S.C. §§ 6331(a) and (b), as the instrument effectively: (1) identifies a specific person being the Plaintiffs, (2) imposed the punishment of taking Plaintiffs' personal property through third party inducement and encumbering Plaintiffs' real property with a Notice of Federal Tax Lien, and (3) caused the seizure and taking of personal property in the amount totaling one hundred

twenty-one thousand, five hundred eighteen dollars and thirty-six cents ($121,518.36) belonging to Plaintiffs without a judicial trial.

62. As a direct and proximate result of the Defendants' failure to fully comply with the internal revenue laws and their illegal conduct in violation of Plaintiffs' rights under the Administrative Procedure Act (APA); the Fourth, Fifth and Sixteenth Amendments, Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1 to the Constitution for the United States of America, Plaintiffs have been damaged and are entitled to recover the loss sustained; and the Defendants should be ordered to make Plaintiffs whole and to pay or return to Plaintiffs the total amount of personal property seized, statutory damages, plus interest.

## COUNT VII.
### Defendants' Seizure And Taking Of Plaintiffs' Personal Property Administratively Is Pursuant To An Intentional Misapplication Of The Internal Revenue Laws

63. Plaintiffs reallege all allegations stated above, and further allege:

64. The Plaintiffs grow and sell various grain and food related products from their farm, which is not government subsidized, which is not a government agency, instrumentality or political subdivision – but a privately owned and managed piece of property.

65. The statutory construction, strictures and limitation clauses set out in 26 U.S.C. § 6331 *et seq.*, restricts the administrative non-judicial seizure and taking of personal property belonging to government employees and other officers of the United States, to which the Plaintiffs are not a party, as there is no statutory scheme or evidence that the Defendants are authorized to enlarge the plain language of the statute under color of law and illegally impose such terms on the Plaintiffs without jurisdiction.

66. The Defendants' seizure and taking of personal property from Plaintiffs, non-governmental employees, should have been exercised under the Federal Debt Collection

Procedure Act codified at 28 U.S.C. §§ 3001 through 3015, wherein they are authorized by this act of Congress to sue for and/or seek recovery of a debt allegedly due and owing the United States from foreign sources under these statutes.

67. As a direct and proximate result of the Defendants' failure to fully comply and their illegal conduct in violation of Plaintiffs' rights under the Administrative Procedure Act (APA) and the Fourth, Fifth and Sixteenth Amendments to the Constitution for the United States of America, Plaintiffs have been damaged and are entitled to recover the loss sustained; and the Defendants should be ordered to make Plaintiffs whole and to pay or return to Plaintiffs the total amount of personal property seized, statutory damages, plus interest.

### Conclusion And Demand For Remedy And Relief Sought

Plaintiffs, having documented evidence of the unlawful acts of the Defendants, have suffered irreparable harm and damage to their reputation and livelihood; loss of Life, Liberty, and property; emotional distress; extreme oppression; fear; anxiety; and a multitude of health and financially related deprivations giving rise to Plaintiffs filing this verified complaint seeking damages as the only just and proper remedy. The acts, conduct and behavior of the Defendants, taken separately and as a whole, were performed knowingly, intentionally and maliciously, and for which Plaintiffs are entitled to judgment.

**WHEREFORE**, the Plaintiffs Douglas Gunnink and Janet Gunnink have been damaged by the actions and inactions of officers, employees and agents of the United States and named Defendants, due to their individual and collective intentional, reckless, and willful disregard for the internal revenue laws and their issuance of the procedurally invalid instruments under color of law, and pray for and are entitled to relief as follows:

(i) The Plaintiffs demand a trial by jury pursuant to the Seventh Amendment to the Constitution for the United States of America;

(ii) Plaintiffs reserve the right to amend this Verified Complaint in the event the Plaintiffs discover information and evidence not presently known to Plaintiffs relevant to the facts and issues herein presented;

(iii) The Plaintiffs seek actual damages incurred and, therefore, move this Court order the Defendants return of all personal property unlawfully seized and taken belonging to Plaintiffs in the amount totaling one hundred twenty-one thousand, five hundred eighteen dollars and thirty-six cents ($121,518.36);

(iv) The Plaintiffs seek statutory damages incurred and, therefore, move this Court order the Defendants pay treble damages in the amount totaling Three-hundred sixty-four thousand five hundred fifty-five dollars and eight cents ($364,555.08);

(v) The Plaintiffs seek an Order from this Court commanding the Defendants issue a Certificate of Release of Federal Tax Lien for tax years 1996 and 1997;

(vi) The Plaintiffs seek an Order from this Court commanding the Defendants to cease and desist the issuance of the procedurally invalid Notices of Levy for tax years 1996 and 1997 on all third parties holding personal property belonging to the Plaintiffs;

(vii) The Plaintiffs seek an Order from this Court declaring that Plaintiffs are entitled to be made whole under the *Just Compensation Clause* of the Fifth Amendment to the Constitution;

(viii) Award Plaintiffs declaratory relief, as appropriate;

(ix) Award Plaintiffs preliminary and permanent injunctive relief, as appropriate;

(x) Order Defendants to pay Plaintiffs pre-judgment and post-judgment interest, respectively;

(xi) Award Plaintiffs relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable statutory attorneys fees and costs; and

(xii) Any other remedy at law and in equity this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully Submitted.

## VERIFICATION

I/We, Douglas John Gunnink and Janet Gunnink, declare under penalty of perjury that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

On this ___ day of July 2007

Signature: _____
Douglas Gunnink, Plaintiff
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]

Signature: _____
Janet Gunnink, Plaintiff
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Douglas Gunnink and Janet Gunnink

## DEFENDANTS
United States Government aka United States of America, a Federal corporation, Internal Revenue Service, and Department of the Treasury aka United States Treasury

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Sibley County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas Gunnink and Janet Gunnink
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

Case: 1:07-cv-01292
Assigned To : Robertson, James
Assign. Date : 7/19/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ⊗ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
APA at 5 U.S.C. §§ 701-706; 26 U.S.C. § 7433 et seq.; 28 U.S.C. 2410; I, IV, V, XIV, and XVI Constitutional Amendments

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ To be determined.   Check YES only if demanded in complaint
JURY DEMAND: YES [X]   NO ☐

**VIII. RELATED CASE(S) IF ANY** N/F   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE July 16, 2007   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.