IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS GUNNINK and<br>JANET GUNNINK,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES GOVERNMENT aka<br>UNITED STATES OF AMERICA,<br>a FEDERAL CORPORATION; INTERNAL<br>REVENUE SERVICE and<br>DEPARTMENT OF THE TREASURY aka<br>UNITED STATES TREASURY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:07CV01292<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO DISMISS

The United States of America, Internal Revenue Service, and Department of the Treasury move pursuant to Fed. R. Civ. P. 12(b)(1),(3) and (6) to dismiss plaintiffs' complaint. As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over various of plaintiffs' claims because the United States has not waived sovereign immunity. Additionally, plaintiffs have failed to state an unauthorized collection claim. Finally, venue is improper in this Court for the Gunninks' claims for tax refund and to quiet title.

A memorandum of law in support of this motion as well as a proposed order are filed concurrently with this motion.

Dated: October 4, 2007

                                        Respectfully submitted,

                                        _____/s/ Benjamin J. Weir_____
                                        BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 307-0855

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

    I, Benjamin J. Weir, hereby certify that on October 4, 2007, I caused a true and correct copy of the foregoing to be served via U.S. Mail, postage prepaid, upon the following:

Douglas and Janet Gunnink
25303 461st Ave.
Gaylord, MN 55334

                                                     /s/ Benjamin J. Weir

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS GUNNINK and<br>JANET GUNNINK,<br><br>   Plaintiffs,<br><br> v.<br><br>UNITED STATES GOVERNMENT aka<br>UNITED STATES OF AMERICA,<br>a FEDERAL CORPORATION; INTERNAL<br>REVENUE SERVICE and<br>DEPARTMENT OF THE TREASURY aka<br>UNITED STATES TREASURY,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:07CV01292<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

 Douglas and Janet Gunnink ("plaintiffs"), asserting various tax prostestor type arguments, seek injunctive and declaratory relief under the Administrative Procedure Act, actual, compensatory and treble damages based on purported violations of a litany of statutory and Constitutional rights, to quiet title pursuant to 28 U.S.C. § 2410 and to recover damages pursuant to 26 U.S.C. §7433. For the reasons set forth below, the Court cannot grant the requested relief and complaint should be dismissed.

**I. The United States of America is the proper party defendant**

 The Department of the Treasury and the Internal Revenue Service are not authorized to sue or be sued *eo nomine*, and therefore, the Court lacks jurisdiction over the person of the Department of the Treasury and the Internal Revenue Service. See

1

Enax v. United States, Case No. 8:05cv2124, 2006 U.S. Dist. LEXIS 46023 at *4 (M.D. Fla. July 7, 2006)(dismissing the Service as a named defendant because Congress has not waived sovereign immunity and authorized it be sued eo nomine); Fairchild v. Internal Revenue Service, 450 F. Supp. 2d 654, 657 (M.D. La. 2006)(dismissing the Service as a party and noting that a 28 U.S.C. §2410 claim may only be brought against the United States). The only proper party respondent in this matter is the United States of America. Murphy v. United States, 493 F.3d 170, 173-74 (D.C. Cir. 2007). The Internal Revenue Service and the Department of the Treasury should, therefore, be dismissed as parties in this action.

**II.     Venue in this Court is improper regarding the claim for refund and seeking to quiet title of real property**

The Gunninks seek to recover funds the Service levied in order to satisfy a portion of Plaintiffs' outstanding tax liabilities for 1996 and 1997 and to quiet title regarding real property located in Minnesota. Venue in this Court is improper for both of these claims.

First, venue is improper because 28 U.S.C. §§ 1402(a)(1) & 1346(a) require that suits seeking the recovery of internal revenue taxes to be filed in the district court in which the plaintiff resides. See Krapf v. United States, 604 F. Supp. 1164, 1164-65 (D. Del. 1985). The Gunninks have failed to do so here as they reside in Minnesota. (See Compl. ¶1.) Secondly, the Gunninks seek to quiet title and remove a federal tax lien on real property located in Minnesota. This Court has no jurisdiction regarding real

property located in Minnesota and, thus, this claim may not be adjudicated in this Court. See 28 U.S.C. 1391(e) (instructing that proper venue lies where "a substantial part of property that is the subject of the action is situated"); see also Ibraham v. United States, 123 F. Supp. 408, 409 (S.D. Ohio 2000)(dismissing quiet title claim based on lack of subject matter jurisdiction because the property at issue was located in Virginia).

As venue in this Court is clearly improper these claims should be dismissed.

### III.     Plaintiffs' have failed to state a claim for a "return of all personal property unlawfully seized"

The Gunninks' request that this Court "order the Defendants return of all personal property unlawfully seized and taken. . .", totaling $121,518.36. See (Compl. 17, subpart "iii".) Plaintiffs therefore apparently seek relief pursuant to either common law replevin or via a federal tax refund suit under 26 U.S.C. § 7422. Regardless, plaintiffs' allegations are barred under either theory of recovery.

#### a. Replevin is not applicable to property taken via the federal tax laws

Plaintiffs cannot obtain the relief they desire via the theory of replevin because replevin is inapplicable to property obtained in accordance with the federal tax laws. 28 U.S.C. § 2463 mandates that "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the order and decrees of the courts of the United States having jurisdiction thereof." As such, the Gunninks may not recover the levied $121,518.36 under the rubric of common law replevin.

### b. The Gunninks have not satisfied the requirements for bringing a federal tax refund suit

Although the Gunninks have not styled their complaint specifically as such, it appears that they are seeking a refund of monies paid to the Service. Any such claim falls under 26 U.S.C. § 7422, which establishes the right for, and procedures for bringing, a civil action for a tax refund. Section 7422 requires that, prior to filing suit in district court, a taxpayer must first: (i) wholly pay the assessed tax at issue; and (ii) file a claim for refund with the Secretary of the Internal Revenue Service. See United States v. Dalm, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, Case No. 00-2455, 2001WL361470 at *1 (D.D.C. Jan. 31, 2001) (same).

It is well-settled that the United States is immune from suit unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947). The burden is on

the party bringing suit to demonstrate that the United States has consented to suit.  <u>Hill v. United States</u>, 571 F.2d 1098, 1102-03 (9th Cir. 1978); <u>Keesee v. Orr</u>, 816 F.2d 545, 547 (10th Cir. 1987).

The Gunninks have neither fully paid the assessed taxes which they challenge nor filed a claim for refund and, more importantly, have also failed to allege in their complaint that these requirements have been fulfilled.  Therefore, this Court lacks subject matter jurisdiction over the allegations because sovereign immunity has not been waived.  <u>Dalm</u>, 494 U.S. at 601-02.  This claim for relief must therefore be dismissed.

**IV.     Plaintiffs' claim for statutory treble damages is not a permissible remedy**

The complaint seeks treble damages in the amount of $364,555.08 based on unspecified "statutory damages incurred."<u>1</u>/ (<u>Comp</u>. 17 subpart "iv".)  Plaintiffs' have not shown that the United States has waived sovereign immunity permitting treble damages to be awarded against it.  <u>See</u> <u>Block v. North Dakota</u>, 461 U.S. 273, 285 (1983)(reiterating that Congress must waive sovereign immunity and any limitations on the waiver must be "strictly observed".).  The Gunnink's, once again, fail to provide a statutory basis for their claim that treble damages are recoverable and therefore fail to show that sovereign immunity has been waived.  Plaintiffs' claim seeking treble damages must therefore be dismissed.

---

<u>1</u>/ Defendants note that the Plaintiffs are apparently, in fact, seeking quadruple damages in that they request both actual damages of $121,518.36 in addition to treble damages of $364,555.08.

**V.  This Court lacks subject matter jurisdiction over the Gunninks' constitutional claims**

As discussed *supra*, It is well-settled that the United States is immune from suit unless its sovereign immunity has been waived and that a plaintiff must strictly comply with the requirements contained in any statute waiving sovereign immunity. See e.g. Kentucky v. Graham, 473 U.S. at 165-67; United States v. Nordic Village, Inc., 503 U.S. 30.

In strictly construing the waiver in favor of the sovereign, damages for constitutional violations against the United States can not be permitted.  See Gonsalves v. Internal Revenue Service, 782 F. Supp. 164, 168 (D. Me.) ("Here [under Section 7433], the United States has not waived its immunity from suit for damages arising from constitutional violations."), aff'd, 975 F.2d 13 (1st Cir. 1992).  Plaintiff has not referred to any statute which specifically provides for a suit against the United States under the circumstances presented herein.  Sovereign immunity is waived only by statutes specifically providing for maintenance of suits against the United States.  See Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983); Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs, 791 F.2d 1129, 1131 (4th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)); Essex v. Vinal, 499 F.2d 226, 231 (8th Cir. 1974); Geurkink Farms, Inc. v. United States, 452 F.2d 643, 644 (7th Cir. 1971).  As provided above, the burden is on the plaintiff to prove that her claim is in compliance

with the terms of a statute in which the United States has waived sovereign immunity. Sherwood, 312 U.S. at 586.

Here, the Gunninks have done nothing beyond simply stating that their Constitutional rights were purportedly violated. This Court should dismiss plaintiffs' constitutional claims because they are barred by the doctrine of sovereign immunity as no statute has provided for a waiver of sovereign immunity.

### VI. Plaintiffs' requests for injunctive relief and declaratory relief are barred by the Declaratory Judgment Act and the Anti-Injunction Act

Since "the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously, the . . . analysis of the impact of the Anti-Injunction Act . . . also determines the effect of the Declaratory Judgment Act." National Taxpayers Union v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995). Thus, the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiffs' requests for injunctive relief and declaratory relief are barred.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

The Gunninks have failed to allege, let along fulfill, this burden. Sovereign immunity has not been waived. Indeed, the Anti-Injunction Act itself precludes this court from having jurisdiction. See <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d at 844-45. As such, these claims must be dismissed.

**VII.   Plaintiffs have not properly pleaded their Section 7433 claim**

The Court lacks jurisdiction over the plaintiffs' claim because the predicates of Section 7433 have not been met. Section 7433 provides for civil damages resulting from recklessly or intentionally, or by reason of negligence, disregarding any provision of the Internal Revenue Code or any regulation promulgated thereunder. The crux of the Gunninks' Section 7433 claim is that the Notices of Levy failed to comply with the Fifth Amendment and the Administrative Procedures Act ("APA"), which resulted in violations of the APA, the IRS Restructuring and Reform Act of 1998, the Fourth, Fifth

and Sixteenth Amendments and "the internal revenue laws generally". (Comp. ¶¶46, 49.)

The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Plaintiffs' claims for damages based on violations of the APA and Constitutional rights must be dismissed because Section 7433 does not provide a cause of action for these violations. A right of action only exists for violations of the Internal Revenue Code and the regulations promulgated thereunder. Thus, sovereign immunity has not been waived regarding the purported violations of the APA and the various Constitutional claims, thereby depriving this Court of jurisdiction.

Plaintiffs' allegations that the purported deficiencies within the Notice of Levy resulted in violations of IRS Restructuring and Reform Act of 1998 and "the internal revenue laws generally" are also insufficient to support a claim. (Compl. ¶ 49.) A meager suggestion that a statute or the internal revenue laws were "generally" violated is insufficient to place the defendant on notice regarding the nature of plaintiffs' claims and, additionally, fails to show that sovereign immunity has been waived.

Fed. R. Civ. P. 8(a) provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiffs' complaint is devoid of all facts surrounding its claim for damages with the

exception of a single sentence that the administrative claim notified the Service of the "procedurally invalid Notices of Levy". (Compl. ¶14.) The complaint, however, fails to allege any factual information beyond that spartan reference. This requires dismissal. See Romp v. United States, Case No. 3:03cv7244, 2003 U.S. Dist. LEXIS 14622 at *8 (N.D. Ohio July 9, 2003)(dismissing plaintiff's Section 7433 claim due to "present[ing] only conclusory allegations to the effect that no tax liability has attached to them. Such meritless contentions have been routinely rejected by the federal courts.").

The complaint does not state how the notice was invalid or what acts purportedly violated the Internal Revenue Code or related regulations. As such, the Gunninks have plainly not alleged that "any officer or employee of the [Internal Revenue Service] recklessly or intentionally disregard[ed] any provision of the [Code]." 29 U.S.C. § 7433. Dismissal of this claim is therefore warranted.

## VIII.  Plaintiffs are legally not entitled to interest

The Gunninks have not alleged, nor can they allege, that the United States has waived sovereign immunity regarding the award of pre- and post-judgment interest in cases involving the collection of federal taxes. Indeed, there is a presumption that interest may not be awarded unless sovereign immunity is specifically waived regarding interest. See Library of Congress v. Shaw, 479 U.S. 310, 317 (1986). It has not been so here and plaintiffs can make no such allegation.

IX.     **The remainder of the sought relief is ancillary**

Any additional relief the Gunninks seek is ancillary and first requires that they succeed on one of their claims. As discussed *supra*, venue is improper in this District regarding the quiet title and claim for refund, and plaintiffs have not shown that sovereign immunity is waived as to their other claims. The remaining ancillary relief requested is, therefore, moot.

## CONCLUSION

This Court should dismiss the action for the following reasons. First, venue is improper regarding the quiet title and refund claims. Second, sovereign immunity has not been waived regarding the plaintiffs' Constitutional claims, claim for refund, request for treble damages, request for interest and requests for injunctive and declaratory relief.

Dated: October 4, 2007

                                                          Respectfully submitted,


                                                          ____/s/ Benjamin J. Weir_____
                                                          BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                                          Trial Attorney, Tax Division
                                                          U.S. Department of Justice
                                                          Post Office Box 227
                                                          Ben Franklin Station
                                                          Washington, D.C.  20044
                                                          Telephone: (202) 307-0855

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on October 4, 2007, I caused a true and correct copy of the foregoing to be served via U.S. Mail, postage prepaid, upon the following:

Douglas and Janet Gunnink
25303 461st Ave.
Gaylord, MN 55334.

/s/ Benjamin J. Weir
BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS GUNNINK and<br>JANET GUNNINK,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES GOVERNMENT aka<br>UNITED STATES OF AMERICA,<br>a FEDERAL CORPORATION; INTERNAL<br>REVENUE SERVICE and<br>DEPARTMENT OF THE TREASURY aka<br>UNITED STATES TREASURY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:07CV01292<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

      Having considered the pleadings and heard oral argument, and for good cause shown, it is:

      ORDERED that Defendant's Motion to Dismiss is GRANTED; and

      ORDERED that the case be DISMISSED.

_____
UNITED STATES DISTRICT JUDGE