Douglas Gunnink and Janet Gunnink
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]
Ph: 507.237.5162

RECEIVED
OCT 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Gunnink and Janet Gunnink, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES GOVERNMENT, et al., <br><br> Defendants. | Case No. 1:07-cv-01292-JR <br><br> **UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS** <br><br> Fed.R.Civ.P 6(b)(1) |

Plaintiffs Douglas Gunnink and Janet Gunnink, under the Fed.R.Civ.P. 6(b)(1), move for an enlargement of time to responsd to Defendant's Motion to Dismiss for the following good cause:

1. Pursuant to LCivR 7(m), Plaintiff made the following attempts to confer:

    a. Plaintiff Douglas Gunnink attempted to contact Defendant's Counsel, Benjamin J. Weir, by telephone on October 8, 2007, however, Attorney Weir was not available and Douglas Gunnink left a voice-mail message explaining he was calling to confer regarding a 30-day enlargement of time for Plaintiffs to answer Defendants' Motion to Dismiss.

    b. On Tuesday, October 9, 2007 at 8:30 a.m. Plaintiff Douglas Gunnink called again and was able to reach Attorney Weir, who said that he did not oppose the motion for a 30-day extension of time.

2. **As grounds for this motion, Plaintiffs assert that an enlargement of time is necessary for the following good cause:**

a. Plaintiffs are not attorneys and currently have no counsel and are proceeding on their own behalf, in pro se;

b. Plaintiffs' work schedule is beyond 40 hours a week, which limits Plaintiffs' ability to research this case and prepare their responsive memorandum;

c. Because of the complexity of the Defendants' Motion to Dismiss, much research must be done to assemble and analyze the relevant records and research – not only the federal procedures, but also case law – to prepare an adequate response to said motion.

3. The specific relief sought by this motion is an Order enlarging the time for Plaintiffs to serve a response to the Motion to Dismiss by thirty (30) days from the date of the Court's Order.

## MEMORANDUM OF AUTHORITIES

4. <u>Introduction</u>. Defendants filed a Motion to Dismiss on October 4, 2007.

5. <u>The time for the Plaintiffs to serve an answer</u>. According to the LCvR 7(b), Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion; therefore, the answer is due on October 18, 2007.

6. <u>Compliance with the pleading deadline</u>. Additional time is needed by Plaintiffs to not only research, assemble and analyze the relevant records and the federal rules of civil procedures, but also to research case law to prepare an adequate response to said amended complaint within the period of time prescribed.

7. <u>Relief requested</u>. The process of researching and preparing an adequate response to said motion to dismiss is likely will be completed within an additional thirty (30)-day period.

8. <u>The Court has discretion to grant this motion.</u> Under Fed.R.Civ.P. 6(b)(1), the Court for cause shown, may enlarge the time for answering, moving, or otherwise pleading to the complaint. See <u>Poe v. Christina Cooper Mines, Inc.</u>, 15.F.R.D. 85, 87-88 (D.Del. 1953). The revisers of Professor Moore's treaties on procedure have commented:

> "When a party requests an extension before the time period has elapsed, pursuant to Rule 6(b)(1), the district court usually will be liberal in granting the request. Rule 6(b) allows the court to enlarge time periods in its discretion "for cause shown." What cause must be shown is not specifically set out in Rule 6(b), but some justification for the enlargement seems to be required. The court generally will find that cause has been shown and grant the extension unless the moving party has been negligent, shown bad faith, or abused the privilege of extensions."

1 Daniel R. Coquillette, et al., <u>Moore's Federal Practice</u>, § 6.06[2], p.6-4.01 (1999) (footnotes omitted); <u>Baden v. Craig-Hallum, Inc.</u>, 115 F.R.D. 582, 585 (D. Minn. 1987).

9. Plaintiffs have not been guilty of negligence or bad faith, nor have Plaintiffs abused the privilege of extensions.

10. <u>Summary.</u> The Court should exercise its discretion to grant the requested enlargement of time in the interest of justice and for cause shown.

### CONCLUSION

It is the position of the Plaintiffs that the motion for enlargement of time to answer Defendants' motion to dismiss ought to be granted.

**WHEREFORE**, Plaintiffs move for an enlargement of time to serve to response to Defendant's Motion to Dismiss by thirty (30) days from the date of the Court's Order.

Respectfully submitted.

## VERIFICATION

I/we, Douglas Gunnink and Janet Gunnink, declare under penalty of perjury under the laws of the United States of America and of the state of Minnesota that the foregoing is true and correct.

On this 16 day of October 2007

Signature: _____
Douglas Gunnink, Plaintiff
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]

Signature: _____
Janet Gunnink, Plaintiff
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that Douglas Gunnink served a copy of the foregoing Move for Enlargement of Time to Answer the Motion to Dismiss with Memorandum of Authorities and proposed Order were served upon the Defendants on this __16__ day of October, 2007 by depositing copies in the United States mail, postage prepaid, addressed as follows:

    Benjamin J. Weir
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 227, Ben Franklin Station
    Washington, DC 20044
    Certified Mail No. <u>7004 2890 0001 9656 6186</u>

Signature: _Janet Eden Gunnink_
                     Janet Gunnink, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Gunnink and Janet Gunnink, ) | Case No. 1:07-cv-01292-JR |
| ) Plaintiffs, ) | |
| ) | |
| UNITED STATES GOVERNMENT, et al., ) | ORDER |
| ) | |
| Defendants. ) | |

Having considered the Plaintiffs' Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss and any opposition thereto, the Court concludes that the motion should be granted. Accordingly, it is this ____ day of _____, 2007

**ORDERED** that Plaintiffs' Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss is **GRANTED**;

**ORDERED** that the Defendants shall have an additional thirty (30) days until _____, 2007, in which to file a responsive memorandum to defendant's motion to dismiss; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

1

COPIES TO:

Benjamin J. Weir
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044

Douglas Gunnink and Janet Gunnink
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]