Douglas Gunnink and Janet Gunnink
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

Plaintiffs, in *pro se*

**RECEIVED**

NOV **2 6** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Gunnink and Janet Gunnink, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:07-CV-01292-JR |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES GOVERNMENT aka ) | RESPONSE AND MOTION TO DENY |
| UNITED STATES OF AMERICA, a Federal ) | DEFENDANT'S MOTION TO DISMISS |
| corporation; INTERNAL REVENUE SERVICE ) | |
| and DEPARTMENT OF THE TREASURY aka ) | |
| UNITED STATES TREASURY, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Douglas Gunnink and Janet Gunnink, Plaintiffs, proceeding on their own behalf Responding to Defendant's Motion to Dismiss and moving this Court deny the Defendant's motion to dismiss. ***"Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard."*** <u>Boddie v. Connecticut</u>, 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed.2d 113 (1971). Emphasis added.

Plaintiffs include evidence sufficient to maintain that they have established the subject matter jurisdiction of this Honorable Court proceeding in good faith that ***". . . the court must consider the entire record in the action, not just those pieces of evidence that have been singled out for attention by the parties.***" See <u>Clinkscales v. Chevron USA, Inc.</u>, 831 F.2d 1565, 1570 (11th Cir. 1987).

The Defendant, the UNITED STATES OF AMERICA, is moving this Court under Fed.R.Civ.P. 12(b)(1), (3) and (6) – lack of subject-matter jurisdiction and Fed.R.Civ.P. 12(b)(6) – failure to state a claim upon which relief can be granted.

Plaintiffs filed their Verified Complaint with the knowledge that the "constitutional avoidance doctrine" could nullify any common-law rights guaranteed Plaintiffs and consider only the statutory claims asserted. Thus, the Plaintiffs have invoked the Constitution pursuant to 28 U.S.C. § 1331 *et seq.*, to invoke the jurisdiction of this Court, vesting it to act as an Article III Court under the Constitution for the United States of America to dispose of cases and controversy that fall within its constitutional ambit, since Article III *"serves to identify those disputes which are appropriately resolved through the judicial process." Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). It is well established that the "*Federal courts of limited jurisdiction are empowered to hear only those cases that the Constitution and Congress grant them authority to consider.*" See *Finley v. United States*, 490 U.S. 545 (1989).

Plaintiffs have standing by virtue of the fact that the Defendants' acts, commissions, and omissions have caused Plaintiff to suffer an injury – an invasion of a legally-protected interest which is: (a) concrete and particularized (*Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n.16 (1972)); and (b) actual or imminent (Whitmore, supra, at 155 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); secondly, there is a causal connection between the injury and the conduct complained of traceable to the challenged action of the Defendants (*Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)); and thirdly, it is likely that the injury will be redressed by a favorable decision, id. at 38. *"In order to maintain a cause of action based on an allegation of constitution violations, a*

*plaintiff must show that the actions complained of are 'fairly attributable' to the government."*
(*Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT

### I.
### The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint

1.  The Plaintiffs, unable to afford an attorney, filed their Verified Complaint in *pro se*, and, as cited in *Haines* supra, should not to be held to the high standards of a bar attorney. The substance of the Plaintiffs' Verified Complaint has effectively established the elements necessary to cede this Court's jurisdiction. The United States Supreme Court stated in *Frank Lyon Co. v. United States*, 435 U.S. 561 (1978) 98 S.Ct. 129: "In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. ***The Court has never regarded 'the simple expedient of drawing up papers,'*** *Commissioner v. Tower*, 327 U.S. 280, 291 (1946), ***"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding.***" *Helvering* v. *F. & R. Lazarus & Co.*, 308 U.S. 252, 255. See also *Commissioner v. P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner v. Court Holding Co.*, 324 U.S. 331, 334 (1945). ***"Nor is the parties' desire to achieve a particular tax result necessarily relevant.***" *Commissioner v. Duberstein*, 363 U.S. 278, 286 (1960).

2.  The Plaintiffs, prior to filing their complaint, went through painstaking research in a good-faith attempt to properly cite the causes of action and requisite jurisdictional grounds to foreclose on the type of aggrandizing the Defendants might employ in an attempt to get this

case dismissed. Still, Plaintiffs are challenged with reestablishing what is already well established on the Court's record.

## II.
### Plaintiffs Cite Jurisdiction On Multiple Grounds Based On Multiple Violations Committed By The Defendants

3. The Plaintiffs filed the Verified Complaint on multiple jurisdictional grounds in a good faith attempt to raise all related substantive violations committed by the Defendants under one umbrella. "*. . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims.*" See *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*" (*Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991).

4. Unlike the Defendants, the Plaintiffs do not have unlimited time and resources in which to file countless actions in an attempt to remedy all wrongful and malicious acts committed against them by the Defendants and, therefore, enjoined the Defendants' acts to encompass all actions cognizable of being heard in this Court. Furthermore, nowhere does the Federal Judicial Code or the Federal Rules of Civil Procedure prohibit Plaintiffs from filing this action, properly citing multiple jurisdictional grounds wherein the nature of all claims are able to be heard in this Court; and Defendants cannot produce any evidence to the contrary.

5. In this instant case the Plaintiffs proceed under the Constitution for the United States of America and Title 26 U.S.C. §§ 6331, 6212, 6213, 7433; Title 28 U.S.C. §§ 57 and 65 – Federal Rules of Civil Procedure, 1331 – Federal Question, 1340 – Internal Revenue, 1346 – United States Defendants, 1367 – Supplemental Jurisdiction, 1651 – All Writs Act, 28 U.S.C. § 1658 – Time limitations on the commencement of civil actions, 2410 – Quiet Title, 3002(15)(A) –

United States Federal Corporation; Title 5 U.S.C. § 702; and the broad equitable powers of this Court.

## III.
## Substitute The United States As The Proper Party Defendant

6. In Defendant's motion on page 1 § I ¶ 1 of his memorandum Counsel asserts: *"The Department of the Treasury and the Internal Revenue Service are not authorized to sue or be sued eo nominee . . ."* To the contrary, both the Department of the Treasury and the Internal Revenue Service can be named as a party to this action under 5 U.S.C. §§ 701-706 of the Administrative Procedure Act. Plaintiffs included Defendants the INTERNAL REVENUE SERVICE and the DEPARTMENT OF THE TREASURY for the wrongful acts committed by their employee and *qui tam* actor RICHARD A. WALLIN under the *prima facie* internal revenue laws. Even if the Court substitutes the United States for the individually-named Defendant, this case should not be dismissed because Counsel for the United States has admitted the UNITED STATES OF AMERICA is the proper party; therefore, Defendant's motion to dismiss must be denied.

## IV.
## The Plaintiffs Exhausted Their Administrative Remedies Pursuant To
## Section 7433, And Not Section 7422, Of The Internal Revenue Statutes

7. In an attempt to mischaracterize the Plaintiffs' complaint, Counsel for the UNITED STATES asserts on page 4 § b. ¶ 1 that: *"Although the Gunninks have not styled their complaint specifically as such, it appears that they are seeking a refund of monies paid to the Service."* Counsel goes on to assert on page 10 at ¶ 1 in part that: *". . . with the exception of a single sentence that the administrative claim notified the Service of the "procedurally invalid Notices of Levy" (Compl. ¶ 14),* asserting Plaintiffs failed to establish the exhaustion of administrative remedies under § 7433. To the contrary, counsel ignores the full context of the

'Facts and Summary of Events' that begin on pages 3 through 6 at ¶'s 5 through 16, which lay a clear foundation for the exhaustion exercised by the Plaintiffs pursuant to § 7433 and cited in a particular cause of action at Count IV of their Verified Compliant (see attached **Exhibit A**).

8.  To begin, nowhere in the Plaintiffs' Verified Complaint did Plaintiffs cite § 7422 that would give this Court jurisdiction over the subject matter of this suit. It is a well established fact that *"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."* <u>Trinsey v. Pagliaro</u>, (D.C. Pa. 1964), 229 F. Supp. 647, 649. And rightfully so, considering the linguistic gymnastics and misleading language espoused by Counsel. Without too much emphasis, Counsel is grasping for straws, seeking to employ statutory claims pursuant to a 26 U.S.C. § 7422 claim for a refund – a claim simply not made by the Plaintiffs.

9.  The language of § 7422(a) states that *"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged . . ."* and the Plaintiffs are not seeking to recover an "internal revenue tax" that has been erroneously or illegally assessed or collected, but to recover personal property that has been illegally extorted, seized and taken under color of the internal revenue laws. Although § 7422(a) is inapplicable, the Plaintiffs are authorized to proceed before this Court under § 7422(b), which states in pertinent part: *"Such suit or proceeding may be maintained <u>whether or not such tax, penalty, or sum has been paid under protest or duress.</u>"* Here Congress unambiguously used the phrase **"whether or not"** establishing that a suit [c]an be maintained without any requirement to pay prior to petitioning the Court, the very antithesis of the case most quoted by the IRS, <u>Flora v. United States</u> (1960), erroneously asserting that the alleged liability must be paid in full prior to filing suit for a refund. Thus, that ruling has been overruled by and act of Congress that chose not to endorse

this type of fascist opinion cited in *Flora* and has not sought to change the statutory language cited at § 7422(b) (see attached **Exhibit B).**

10. As the Court record reflects, the Plaintiffs proceeded in protest, exhausted their administrative remedies and filed their administrative claim pursuant to 26 U.S.C. § 7433 as cited on pages 3 through 6 at ¶'s 5 to 16 and cited as a cause of action on pages 11 and 12 at Count IV ¶'s 44 to 49 of their Verified Complaint. Plaintiffs filed IRS administrative claim Form 9423 – Collection Appeal Request, demanding the return of personal property seized under color of the internal revenue laws in the amount of $108,457.66 dollars measured in Federal Reserve Notes and seeking actual, statutory and direct economic damages for the procedurally unenforceable issuance of Notices of Levy (see attached **Exhibit A).** *"Even if the Plaintiffs failed to exhaust their administrative remedy, the courts have excused exhaustion when such a requirement "would be futile because of the certainty of an adverse decision."* 3 K. Davis, *Administrative Law Treatise* 20.07 (1958).

11. Several courts have "interpreted the exhaustion requirement as jurisdictional" in nature. *Bennett v. United States*, 361 F. Supp.2d 510, 514 (W.D. Va. 2005); see, e.g., *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Simmons v. United States*, 875 F. Supp. 318, 319 (W.D. N.C. 1994); *Music Deli & Groceries, Inc. v. I.R.S.*, 781 F. Supp. 992, 997 (S.D. N.Y. 1991).

12. Plaintiffs' attempt to resolve this matter has been absolutely futile. *"The administrative remedy is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong."* *Randolph-Sheppard*, 795 F.2d at 107 (original emphasis omitted). The term "exhaustion" applies to "two distinct legal concepts." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). The first,

known as "non-jurisdictional exhaustion," is a "judicially created doctrine" that the court may, under certain circumstances and "in its discretion, excuse." Id. The second, called "jurisdictional exhaustion," is a statutory "predicate to judicial review . . . rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts." Id. (citing *E.E.O.C. v. Lutheran Soc. Servs*, 186 F.3d 959, 963-64 (D.C. Cir.1999). Because courts "presume exhaustion is non-jurisdictional," *id.* at 972, there must be *"[s]weeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim."* *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975), and the Plaintiffs have satisfied these requirements.

13. During the entire administrative process the Defendants have made their hard-line position clear that they are <u>not</u> obliged to follow any internal revenue laws or collections procedure requirements – committing only to the seizure and taking of Plaintiffs' personal property to which they believe they have a superior claim. There is no question that the Defendants have articulated a clear position against the Plaintiffs. *"An adverse decision can also be certain if an agency has articulated a clear position on the issue which it has demonstrated it would be unwilling to reconsider."* citing *Etelson* at 925, *infra*.

14. *Etelson v. Office of Personnel Management*, 684 F.2d 918, 923 (D.C. Cir. 1982) *"This court has emphasized that "[t]he purpose of exhaustion . . . is narrow . . . . So long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged."* *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir. 1977); *York Apt. v. D.C. Zoning*, 856 A.2d 1079 (D.C. 2004) *"We agree with the D.C. Circuit that "[s]o long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged."* *Safir v. Kreps*, 179 U.S.App. D.C. 261, 266, 551 F.2d 447, 452 (1977); see also *Office of*

*Communication of United Church of Christ v. FCC*, 250 U.S.App. D.C. 312, 316, 779 F.2d 702, 706 (1985) (footnote with citations to cases from the other U.S. Circuit Courts omitted); *Citizens for Clean Air v. Spokane*, 114 Wn.2d 20 (1990) *excused exhaustion on similar grounds*. See *National Wildlife Fed'n v. Burford*, Page 32 835 F.2d 305, 317 (D.C. Cir. 1987) *(excusing exhaustion when plaintiff had brought his complaints to the attention of officials through letters)*; *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir.) *("So long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged."* (Italics ours.)), cert. denied, 434 U.S. 820 (1977); *Mich. Citizens for a Indep. v. Thornburgh*, 868 F.2d 1300 (D.C. Cir. 1989) ... on appeal. *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946); *United States v. L.A. Tucker Trucklines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952); *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir. 1977); *National Wildlife E. Federation v. Burford*, 835 F.2d 305 (D.C. Cir. 1987)... Chicago M., St. P. & P.R. Co., 380 F.2d 605, 608, cert. denied, 389 U.S. 928, 88 S.Ct. 289, 19 L.Ed.2d 279 (1967). *"So long as the appellant . . . has put an objection on the record, the obligation to exhaust is discharged."* *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir. 1977).

15. In the Plaintiffs' first example of their administrative exhaustion, on or about October 20, 2006 or soon thereafter, Plaintiff Douglas Gunnink caused to be sent via Certified Mail an eleven page affidavit with exhibits in support titled "Verified Notice And Demand To Release or Withdraw Notice of Federal Tax Lien" and included IRS Form 12661 – Disputed Issue Verification and Form 12277 – Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, demanding the IRS release the erroneous administrative liens and demanding an abatement of the alleged liabilities and cited 26 U.S.C. § 7433(d)(1) and 26 CFR § 301.7433-1(a),(d), and (e)(2) seeking economic damages to the Area Director and the Compliance

Technical Support Manager in writing and demanding the release or withdrawal of tax liens in the amount of $182,362.36 under the internal revenue laws and received no response to date (see attached **Exhibit C** ).

16. On or about February 8, 2007 or soon thereafter, the Plaintiffs submitted their written Verified Claim demanding the release of the Notices of Levy to the Area 9, Area/Director and the Compliance Technical Support Manager at 316 North Robert Street, Stop 1000, St. Paul, MN 55101 via Certified Mail and demanded a specific dollar amount of the claims and damages incurred, not yet incurred, and the reasonably foreseeable damages – for which all of the claims were made; and in a response dated February 18, 2007 to the above referenced administrative claim and submitted Form 9423, Plaintiffs received a determination letter from Appeals Team Manager Al Haring, refusing to release the Notices of Levy and stating without evidence that "the actions taken by Revenue Officer WALLIN were appropriate and all of the legal and administrative requirements were followed." (See attached **Exhibit A.**)

17. At best it appears that Counsel has attempted to assert that the Plaintiffs' Verified Complaint should be dismissed because it is not a "verbatim" cite of statutory authority for maintaining this action before the court - but such does not negate the fact that the complaint is indeed well pleaded. The Supreme Court has stated that *"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding."* *Helvering v. Lazarus & Co.*, 308 U.S, at 255. See also *Commissioner v. P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner v. Court Holding Co.*, 324 U.S. 331, 334 (1945), attacking the form of the Plaintiffs' complaint and not the substance that addresses the economic realities.

18. Plaintiffs employed the exhaustion process at § 7433 (speaking *in pari materia* with § 7422, less certain [j]udicial requirements), which commands pursuant to 26 U.S.C. § 7433(d)(1) and 26 CFR § 301.7433-1(a),(d) and (e)(2) that the Plaintiffs demanded payment in the amount of $108,457.66 for direct actual damages sustained due to the reckless and intentional acts of Revenue Officer RICHARD A. WALLIN and other Service employees proceeding in willful disregard of the internal revenue laws as evidenced on the record (see attached **Exhibit D**).

19. In summary, Plaintiffs did not cite § 7422 as a jurisdictional requisite for instituting their action and, therefore, are not required to present evidence necessary to satisfy the elements of § 7422 exhaustion, having filed their complaint in the statutory language of § 7433. It would be superfluous for the Plaintiffs to file a claim for refund pursuant to § 7422 when 7433 is sufficient to seek the return of personal property that has been seized under color of law and without authority and does not command that Plaintiffs pay an erroneous homage to the UNITED STATES and then fight like hell to get it back – which is a ridiculous, absurd and subjugatory requirement – not under an act of Congress within the statutory language of § 7422 *et seq.*, but under predatory and protectionist judicial activism espoused by the Supreme Court in *Flora v. United States* (1960). Congress well knew that such a requirement comes into conflict with the right of redress of grievance of the First Amendment to the Constitution for the United States of America. It must be noted that the regulatory language cited at 26 CFR § 301.7422-1, *et seq.*, does not make reference to any specific language capable of being interpreted as a process for statutory exhaustion (see attached **Exhibit E).**

20. As the record reflects, on more that one occasion, the Plaintiffs have exhausted their administrative remedies, complied with Treasury Regulation § 301.7433(e)-1, and ceded this

Court's subject matter jurisdiction to award various damages pursuant to 26 U.S.C. § 7433; therefore, Defendant's motion to dismiss must be denied.

## V.
### The UNITED STATES Defendants Waived Sovereign Immunity And Consented To Being Sued When They Failed To Issue Notices Of Deficiency

21. Counsel asserts on page 7 § VI ¶ 1: that *". . . the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiffs' requests for injunctive relief and declaratory relief are barred."* Counsel goes on to admit on page 8 that it is the Plaintiffs' burden to demonstrate that the Plaintiff's suit falls within the judicially-created exception to the Anti-injunction Act (AIA) and asserts that the Plaintiffs failed to meet that burden citing *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

22. As cited in the Plaintiff's Verified Complaint on pages 11 through 16 citing Counts III through VII, cogent evidence concludes that the IRS has proceeded in violation of 26 U.S.C. §§ 6212(a), 6213(a), 6751(b), and 7429(a)(1) in paragraphs 39 through 65. As cited in the Plaintiffs' Verified Complaint on pages 10 and 11 at Count III ¶'s 39 through 43, the Plaintiffs effectively demonstrated that the jurisdictional bar of the AIA is waived by the UNITED STATES at 26 U.S.C. § 7421(a), when the IRS failed to comply with 26 U.S.C. §§ 6212(a) and 6213(a) and did not issue any notices of deficiency prior to filing the administrative Notices of Levy – one of the exceptions to the AIA. In a brief discussion, the Plaintiffs provide evidence sufficient to conclude that the UNITED STATES Defendants have waived immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421.

23. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to restrain the assessment and collection of federal income taxes. Plaintiffs did not then and are <u>not</u> now seeking to restrain the LAWFUL ASSESSMENT or COLLECTION of

any internal revenue tax, but are disputing the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive due process and documented reckless and willful disregard for the internal revenue laws – all while presumably acting on behalf of the UNITED STATES Defendant. As cited in _Hoillingshead v. United States_, 85-2 USTC 9772 (5th Cir. 1985,) *"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."*

24. Section 7421(a) of the Internal Revenue Code provides in relevant part as follows:

"(a) Tax. Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b) and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person*, whether or not such person is the person against whom such tax was assessed."

25. The language of this statute states in pertinent part that, " . . . *no suit restraining the assessment or collection of any tax . . .* " which, under its present statutory construction, *must be construed to mean* that a procedurally valid, statutory assessment had been made for the purpose of collection. The AIA includes "exception" clauses, citing Sections 6212(a) and (c) and 6213(a) of the Code wherein the UNITED STATES Defendants expressly waive immunity under the Act and consent to being sued for failure to comply with these provisions.

26. The unambiguous language of 26 U.S.C. § 6213(a) states in pertinent part: *". . . no assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer . . ."* (see attached **Exhibit F**). The courts have repeatedly stated, *"The starting point for interpreting a statute is the language of the statute itself; absent a clearly expressed legislative intention to the contrary, that language must be ordinarily regarded as conclusive."* See _Product Safety Comm'n v. GTE Sylvania_, 447 US 102, 64 L Ed 2d 766, 100 S

Ct. 2051 (1980), and *"The Supreme Court has repeatedly emphasized the importance of the plain meaning rule, stating that if the language of a statute or regulation has a plain and ordinary meaning, courts need look no further and should apply the regulation as it is written."* <u>Textron Inc. v. Comm'r</u>, 336 F.3d 26, 31 (1st Cir. 2003) (citing <u>Comm'r v. Soliman</u>, 506 U.S. 168, 174, 113 S.Ct. 701, 121 L.Ed.2d 634 (1993); <u>United States v. Ron Pair Enters.</u>, 489 U.S. 235, 241-42, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); <u>Gitlitz v. Comm'r</u>, 531 U.S. 206, 220, 121 S.Ct. 701, 148 L.Ed.2d 613 (2001)). Further, 26 U.S.C. § 6213(a) employs the term "shall," legislating mandatory language in its statutory construction.

27. The courts have consistently stated that "**A *Notice of Deficiency must* be mailed before an assessment and/or any subsequent levy or lien on property may be made.**" 26 U.S.C. § 6213(a). Simply put, the Notice serves as a prerequisite to a valid assessment by the IRS." <u>Robinson v. United States</u>, 920 F.2d 1157, 1158 (3d Cir. 1990). *"An assessment is illegal and void if no required (valid) deficiency notice is sent to the taxpayer."* See <u>United States v. Williams</u>, (1958 DC NY) 161 F. Supp 158. 58-1 USTC 9213. (20 Fed Proc., L Ed 48:440).

28. Verified documentary evidence on this Court's record proves that employees of Defendant the UNITED STATES have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists only when employees of the UNITED STATES Defendant are in *compliance* with the statutes as set forth by Congress and applicable Treasury Regulations; however, that is not the case here.

29. Evidence provides that employees of the UNITED STATES Defendant have *illegally* seized Plaintiffs' personal property without establishing a liability, without imposing a tax, without a determination, without a Notice of Deficiency, without an assessment, and without a

warrant, in violation of multiple provisions of the Federal Constitutional and substantive due process.

30. There is no question that the employees of the UNITED STATES did not issue or cause to be issued and served any notices of deficiency on Plaintiffs and therefore has fully waived of its so-called sovereign immunity that would otherwise be enjoyed under the AIA. Thus the judicial exception in this instant case is applicable and the relief requested in Plaintiffs' Verified Complaint is <u>not</u> prohibited by the Anti-Injunction Act; therefore, Defendant's motion to dismiss must be denied.

## VI.
## Plaintiffs have Stated A Quiet Title Claim Under 28 U.S.C. § 2410

31. The quiet title act waives the federal government's sovereign immunity with respect to suits to determine title to real or personal property on which the United States has or claims a lien. 28 U.S.C. § 2410(a), see <u>*Harrell v. United States*</u>, 13 F.3d 233, 234 (7th Cir. 1993). ***"A federal suit to clear a federal tax lien is governed by federal law – federal common law if the applicable statutes have gaps."*** <u>*United States v. Brosnan*</u>, 363 U.S. at 240-42, 80 S.Ct. at 1111-12; <u>*Dupnik v. United States*</u>, 848 F.2d at 1484; <u>*McEndree v. Wilson*</u>, 774 F. Supp. At 1295-96. As the court stated: "All the quiet-title act does is waive sovereign immunity."

32. In <u>*Aqua Bar & Lounge, Inc. v. U.S. Dept. of Treasury*</u>, 539 F.2d 935, 938-39 (3rd Cir. 1976), the plaintiff was permitted to challenge the procedural validity of the liens. A thorough read of <u>*Aqua Bar*</u> is favorable to the Plaintiffs' filing of their Verified Complaint. In <u>*Aqua Bar*</u> the court stated at 937, 939 and 940, "We turn first to the question of whether, based on the allegations contained in the complaint, this suit may be treated as an action to quiet title to property on which the United States has a lien. We think that this question must be answered in the affirmative . . . Not only are we unpersuaded by the government's arguments for prohibiting

a taxpayer from bringing a properly limited suit against the United States under § 2410, we also find strong policy reasons for permitting such an action."

33. "The inviolability of private ownership has long been a fundamental principle of our nation's jurisprudence. See *Thatcher v. Powell*, 6 Wheat. 119, 125, 5 L.Ed. 221 (1821). In recognition of this principle, Congress has imposed precise strictures on the seizure and sale of an individual's property by the IRS to satisfy legitimate tax deficiencies. These provisions, which the Plaintiff contends were not complied with in the instant case, are for the obvious protection of the taxpayer faced with the loss of their property. *Reece v. Scoggins*, 506 F.2d 967, 971 (5th Cir. 1975). *Yet, if § 2410 is construed to lift the barrier of sovereign immunity only to actions brought by parties other than the taxpayer whose property is at stake, the taxpayer would have no available means of enforcing compliance with the procedures enacted for their benefit. In the absence of a Congressional directive to the contrary, we refuse to place such a narrowing construction on § 2410 and thus deprive a taxpayer of any remedy against arbitrary administrative action. We therefore hold that § 2410 constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien* and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself. *The district court thus had jurisdiction to hear this action under that provision in combination with 28 U.S.C. § 1340."*

34. Further: "It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. *Harrell* has no problem, however, finding a basis for federal jurisdiction for their quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. See *Harrell v.*

_United States_, 13 F.3d 232 (7th Cir. 1993)." As cited in the Plaintiffs' Complaint at page 2, ¶ 1, the jurisdictional requisites are complete, as in this instant case the United States is the proper party, and the authority to file the quiet title action has been established under the internal revenue laws, _Id._

35. Finally the court concluded in _Aqua Bar_ supra: "Consequently, I would hold that _**the elaborate and detailed seizure and sale provisions of the Internal Revenue Code**_, 26 U.S.C. §§ 6331, 6335, of necessity _**provide an implied waiver of immunity**_ where it is alleged that the Internal Revenue Service (IRS) has failed to comply with these Congressional mandated directives. See _Aqua Bar & Lounge, Inc_ at 940. _Id._ Plaintiffs have successfully stated a quiet-title claim under 28 U.S.C. § 2410; therefore, Defendant's motion to dismiss must be denied.

## VII.
### Venue Is Proper Before This Court, As The United States Federal Corporation Exists Wholly In The District Of Columbia

36. Plaintiffs caused an action to be filed against the United States, which is a federal corporation codified at 28 U.S.C. § 3002(15)(A) – United States Federal Corporation, and a [citizen] located in the District of Columbia (see attached **Exhibit G**). "In the United States of America, there are two (2) separate and distinct jurisdictions, such being the jurisdiction of the states within their state boundaries, and the other being federal jurisdiction (United States), which is limited to the District of Columbia, the U.S. Territories, and federal enclaves within the states, under Article I, Section 8, Clause 17." See _Bevans v. United States_, 16 U.S. 336 (1818). It is a well established principle of law that all federal "_**. . . legislation applies only within the territorial jurisdiction of the United States unless contrary intent appears."_ See _Caha v. United States_, 152 U.S. 211, 215, 14 S.Ct. 513 (1894); _American Banana Company v. United Fruit Company_, 213 U.S. 347, 357, 29 S.Ct. 511; _United States v. Spelar_, 338 U.S. 217, 222, 70 S.Ct. 10 (1949).

37. In the Clearfield Doctrine, as set forth in _Clearfield Trust Co. v. United States_, 318 U.S. 363-371, the Supreme Court ruled: *"Governments descend to the level of mere private corporation, and take on the characteristic of a mere private citizen where private corporate commercial paper (Federal Reserve Notes aka United States Dollars) and securities is concerned. For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government."* _Bank of United States v. Planter's Bank_, 9 Wheaton (22 U.S.) 904, 6 L. Ed. 24. *"The United States government is a foreign corporation with respect to a state."* _In the Matter of Merriam_, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785.

38. Hence, venue is proper in the District of Columbia, the Seat of Government pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a Federal corporation pursuant to 28 U.S.C § 3002(15)(A) and a citizen as defined at 28 U.S.C § 1332(c)(1) and (d), maintaining its corporate offices located in the district.

39. Finally, it must be noted that, to their knowledge the Plaintiffs do not [r]eside in any statutory judicial district created by an act of Congress, Constitutionally or otherwise. Inasmuch as the venue of this action may be challenged as improper, the Defendants need only file a motion to transfer the case. See _Ferens v. John Deer Co._, 494 U.S., 516, 518-519, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990) (Cite Omitted).

## VIII.
## Summary, Conclusion And Prayer For Relief

As the Court records reflect, the Plaintiffs Douglas Gunnink and Janet Gunnink have demonstrated that they filed a proper administrative claim for damages with the Internal

Revenue Service Area Director, proving that Plaintiffs exhausted their administrated remedies, the United States effectively waved its sovereign immunity and the Court's subject matter jurisdiction is ceded for the following reasons:

a. The UNITED STATES and named Defendants presented no evidence sufficient to establish that the Plaintiffs are prohibited from enjoining all related claims capable of being heard in this Honorable Court, and Plaintiffs did properly cite multiple causes of action in their Verified Complaint.

b. The UNITED STATES and named Defendants presented no evidence sufficient to establish that the Plaintiffs failed to exhaust their administrative remedies pursuant to 26 U.S.C. § 7433(d)(1) and 26 CFR § 301.7433-1(a), (d) and (e)(2) internal revenue laws.

c. The UNITED STATES and named Defendants presented no evidence sufficient to establish that they complied with the elements of 26 U.S.C. § 6213(a) and issued notices of deficiency that were served by registered or certified mail to Plaintiffs prior to issuing procedurally unenforceable Notices of Levy and, therefore, waived immunity under the Anti-Injunction Act pursuant to the exception clause at 26 U.S.C. § 7421(a), citing 26 U.S.C. §§ 6212(a), and § 6213(a) of the internal revenue laws.

d. The UNITED STATES and named Defendants presented no evidence sufficient to establish that the Plaintiffs are not entitled to seeking quiet title to real and personal property under the enjoinder clause in an effort the maintain judicial economy over all matters capable of being heard in this Honorable Court.

**WHEREFORE;** In the interest of justice and considering the entire record, Plaintiffs Douglas Gunnink and Janet Gunnink move this Honorable Court to deny the Defendant's

motion to dismiss on the grounds stated herein above and compel the Defendants answer the complaint within 20 days of the Court's ruling as the only just and proper remedy.

Respectfully submitted.

## VERIFICATION

I, Douglas Gunnink and Janet Gunnink, declare under penalty of perjury under the laws of the United States of America (North) that the foregoing is true and correct. All rights retained without recourse.

On this __21__ day of November 2007

Douglas Gunnink, Plaintiff
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

Janet Gunnink, Plaintiff
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

## NOTARY ACKNOWLEDGMENT

**State of Minnesota**              )

County of Sibley                   ) **subscribed and sworn**
                                   )

On this 21 day, of November , 2007, <u>Douglas Gunnink and Janet Gunnink</u>

personally appeared, personally known to me, or proved to me on the basis of satisfactory

evidence to be the person(s) whose name(s) is/are subscribed to within this instrument and who

did take an Oath.

Witness my hand and official seal.



CORISSA ANN ARONSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2012

My Commission Expires: 01-31-2012

Signature of Notary

**ATTACHMENTS:**

**Exhibit A:**  Response from Appeals Team Manager Al Haring dated February 18, 2007, Appeals Request Form 9423, and Plaintiffs' "Verified Notice of Administrative Claim" dated February 8, 2007 (38 pages)

**Exhibit B:**  26 U.S.C. 7422(b) (6 pages)

**Exhibit C:**  Plaintiffs' "Verified Notice And Demand To Release or Withdraw Notice of Federal Tax Lien" dated October 20, 2006, Form 12661, Form 12277 (14 pages)

**Exhibit D:**  26 CFR § 301.7433-1(a), (d), and (e)(2) (3 pages)

**Exhibit E:**  26 CFR § 301.7422-1 (4 pages)

**Exhibit F:**  26 U.S.C. § 6213(a) and 26 U.S.C. § 7421 (10 pages)

**Exhibit G:**  28 U.S.C. § 3002(15)(A) (2 pages)

## CERTIFICATE OF SERVICE

I, *Janet Eileen Gunnink* certify that on November *21*, 2007, I served a copy of the

above Response to Defendant's Motion to Dismiss, Memorandum of law and authorities with

Exhibits, and proposed Order on the following parties:

Benjamin J. Weir
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Certified Mail No. 7007 0220 0000 2022 9607

*Janet Eileen Gunnink*
Janet Gunnink

**EXHIBIT A**

Response from Appeals Team Manager Al Haring dated February 18, 2007,
Appeals Request Form 9423, and
Plaintiffs' "Verified Notice of Administrative Claim" dated February 8, 2007
(39 pages)

## Claimants Timely Filed A Request For Collections Due Process
## Which Statutorily Suspends All Collections Activity

1.  That a Form 668-A(ICS) Notices of Levy dated January 31, 2007 issued by and bearing the signature of Revenue Officer Richard A. Wallin, in the amounts of $84,860.18 for tax year 1996 and $161,965.51 for tax year 1997 served on the Progrowth Bank, PO Box 266, Gaylord, MN 55334, causing to be seized $108,457.66 in deposited checks to account number 89033 owned and/or controlled by Dutch Mill Trust, Douglas Gunnink and Janet Gunnink. (see **Exhibit A**)

2.  That neither Dutch Mill Trust, Douglas Gunnink nor Janet Gunnink have ever received an assessment, jeopardy assessment or notice and demand for payment of tax from the Internal Revenue Service for tax years 1996 or 1997, prior to the issuance of the procedurally invalid Notices of Levy presently causing the illegal seizure of Claimants' personal property.

3.  That Claimant Douglas Gunnink received Letter 1058 – FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING" dated September 13, 2006 and signed by RICHARD A WALLIN; and in response Claimant timely filed a request for Collection Due Process Hearing on Form 12153 and included an affidavit in support notarized October 11, 2006 and immediately sent by certified Mail# 7006 0810 0001 5996 9595. (see **Exhibit B**)

4.  That Claimant Douglas Gunnink received Letter 3172 – NOTICE OF FEDERAL TAX LIEN FILLING AND YOUR RIGHT TO A HEARING" dated September 21, 2006 and signed by R. A. Mitchell; and in response Claimant filed a timely request for Collection Due Process Hearing on Form 12153 and included an affidavit in support notarized October 23, 2006. (see **Exhibit C**)

5.  That Claimant Douglas Gunnink received a response dated November 14, 2006 from Appeals Settlement Officer Dale Veer demanding a telephone number by November 29, 2006; and in response Claimant sent a letter by Certified Mail # 7004 2890 0001 9657 7694, dated November 29, 2006 requesting that written correspondence be the manner in which Claimant would like the appeals to be conducted (see **Exhibit D**).

6.  That Claimant Douglas Gunnink received a second response dated January 3, 2007 from Appeals Settlement Officer Dale Veer in response Claimant's request for CDP Hearing acknowledging the filing of three Notices of Federal Tax Lien and the issuance of two Notices of Intent to Levy, and scheduling the hearing via telephone conference for Tuesday, February 6, 2007 at 9:00 a.m. (see **Exhibit E**).

7.  That in response Claimant Douglas Gunnink sent a letter by Certified Mail # 7001 2510 0000 2000 4259, dated January 18, 2007 requesting that written correspondence be the manner in which Claimant would like the appeals to be conducted and an additional 30 days to prepare his files as authorized in the Appeals Treasury Regulations (see **Exhibit E**).

8.  That in response, Claimant Douglas Gunnink received a letter dated January 24, 2007 from Settlement Officer Teresa Mulcahy, explaining that Mr. Veer was no longer working as a Settlement Officer and that the CDP hearing had been transferred to her (see **Exhibit F**).

9. That Settlement Officer Teresa Mulcahy acknowledged Claimant Douglas Gunnink's request for an additional 30 days to prepare his files, giving Claimant no later than March 6, 2007 to respond with any other information Claimant wants the Officer to consider (see **Exhibit F**).

That the evidence as stated herein above with supporting exhibits, fully establishes that Revenue Officer Richard A. Wallin's premature issuance of the Notices of Levy prior to the completion of the Collection Due Process Hearing is a clear violation of 26 U.S.C. §§ 6330(a)(1) and 6330(e)(1) of the United States Code. Therefore, you are commanded pursuant to 26 U.S.C. § 6343(d)(2)(A) of the Internal Revenue Code as prescribed in the *"Excerpts from the Internal Revenue Code"* to release the premature Notices of Levy. The above Sections of the Code state in pertinent part that:

> 26 U.S.C. § 6330(a)(1) *"No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made."*

> *"Section 6330(a) provides unambiguously that taxpayers have a "right to a [CDP] hearing under this section before such levy is made".* (see *Lunsford v. Commissioner of Internal Revenue*, 117 T.C. 183 (2001). In 1998, Congress enacted section § 6330 to provide additional protections for taxpayers in tax collection matters. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746. <u>*Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice and an opportunity for a pre-levy administrative hearing by the Internal Revenue Service Office of Appeals (Appeals). . . If an Appeals hearing is requested, the proposed levy action must normally be suspended during the pendency of the Appeals consideration and any subsequent judicial review. See sec. 6330(e)(1).*</u> *Davis v. Commissioner of Internal Revenue*, 115 T.C. 35 (2000).

> Congress promulgated section 6330 to establish *"formal procedures designed to insure due process where the IRS seeks to collect taxes by levy".* S. Rept. 105-174, at 67 (1998), 1998-3 C.B. 537, 603. The Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. 105-206, sec. 3401, 112 Stat. 746, of which section 6330 was a part, fortified taxpayers' rights mainly by the addition of new taxpayer rights. *Its enactment followed a year of Congressional investigations and hearings over the future of the IRS, resulting in highly publicized criticisms of the agency's collection methods."* *Mesa Oil, Inc. v. United States*, 86 AFTR 2d 2000-7312, 2001-1 USTC par. 50130 (D.Colo. 2000).

> 26 U.S.C. § 6330(e)(1) *". . . if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing* and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) *shall be suspended for the period during which such hearing, and appeals therein, are pending."*

Revenue Officer Richard A. Wallin, you have intentionally violated this Act of Congress causing the premature issuance of the Notices of Levy, and can be held personally liable as stated above. The United States Supreme Court held in *Heiner v. Donnan*, 285 U.S. 312 (1932): "*. . . a statute which imposes a tax upon an assumption of fact with the [presumed] taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment.*" For these and other reasons, the Notices must be immediately released as the only just and proper remedy.

## II.
### Claimants Were Never Issued A Notice Of Deficiency To Dispute The Alleged Liability

10. That upon Claimants' review of the statutory "Notices of Levy", evidence concluded that Revenue Officer Richard A. Wallin caused the Notices to be issued prior to the issuance of the Notice of Deficiency, which is a mandatory Fifth Amendment due process requirement. Congress enacted Section 6212(a) giving [taxpayers] an opportunity to petition tax court, stating in pertinent part:

> 26 U.S.C. § 6212. **Notice of Deficiency. (a)** In general. "*If the Secretary determines that there is a deficiency in respect of any tax imposed* by subtitles A or B or chapter 41, 42, 43, or 44 *he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.*"

11. And the Notice of Deficiency statute further states in pertinent part that: "*. . . no levy . . . shall be made . . . until such notice has been mailed . . .*" as cited in the following:

> 26 U.S.C. § 6213. *Except as otherwise provided* in section 6851, 6852, or 6861 *no assessment of a deficiency in respect of any tax imposed* by subtitle A, or B, chapter 41, 42, 43, or 44 *and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer,* nor until the *expiration of such 90-day or 150-day period,* as the case may be, nor, if a petition has been filed with the tax court, until the decision of the tax court has become final.

12. The Notices of Levy issued by Revenue Officer Richard A. Wallin have been issued in direct violation of 26 U.S.C. § 6213(a). As the record reflects, Claimants have never been issued a 90-day Notice of Deficiency by employees of the IRS giving Claimants an opportunity to petition tax court – a direct violation of the Due Process Clause of the Fifth Amendment to the Constitution. The Courts have ruled: "*This deprivation of the opportunity to litigate a tax liability before paying the tax can cause substantial hardship to the taxpayer.*" *Granquist v. Hackleman*, 264 F.2d 9, 14 (9th Cir. 1959). Such a deprivation is also "*out of keeping with the thrust of the Code.*" *Laing*, 423 U.S. at 176, 96 S.Ct. at 482.

## REQUEST FOR PRODUCTION OF EVIDENCE AND RELIEF:

i.  Claimants have not seen or been presented with any evidence that an employee of the IRS caused a Notice of Deficiency to issue prior to assessing a liability for tax periods ending 1996 and 1997, nor do Claimants believe any such evidence exists and request production of the same.

ii.   Claimants have not seen or been presented with any evidence that employees of the IRS are not required to comply with 26 U.S.C § 6212(a) and issue a Notice of Deficiency giving Claimants an opportunity to petition tax court, nor do Claimants believe any such evidence exists and request production of the same.

iii.  Claimants have not seen or been presented with any evidence that employees of the IRS notified Claimants of any mathematical or clerical errors appearing on the filed returns pursuant to 26 U.S.C. § 6213(a) and (b) for tax periods ending 1996 and 1997, nor do Claimants believe any such evidence exists and requests production of the same.

The evidence provided herein concludes that Service employees have failed to comply with the statutory and procedural requirements of 26 U.S.C §§ 6212(a) and 6213(a) and (b) as stated above. Therefore, Revenue Officer Richard A. Wallin, the only just and proper remedy is to make a determination that no assessment has been made for tax periods ending 1996 and 1997, rendering the Notices of Levy premature and requiring them to be withdrawn and/or released.

### III.
### Violations Committed By Internal Revenue Service Employees
### Prior To And After Issuing The Procedurally Invalid Notices Of Levy

In review, Claimants have verified evidence sufficient to conclude that alleged Revenue Officer Richard A. Wallin failed to comply with the following administrative procedures prior to issuing the procedurally invalid Notice of Levy resulting in the illegal seizure of approximately $108,457.66 of Claimants' personal property.

**The violations include but are not limited to the following:**

1.1 In willful disregard for the internal revenue laws, unknown Service employees failed to comply with 26 U.S.C. §§ 6212(a) and 6213(a) by failing to issue a Notice of Deficiency – allowing Claimants 90 days to petition the tax court to challenge the validity of the liability prior to issuing the Notices of Levy against Claimants' personal property.

1.2 In willful disregard for the internal revenue laws, unknown Service employees failed to comply with 26 U.S.C. § 6203 by failing to make an assessment of any tax imposed and recording the liability in the office of the Secretary prior to issuing the Notices of Levy for tax years ending as stated above;

1.3 In willful disregard for the internal revenue laws, unknown Service employees failed to comply with 26 U.S.C. §§ 6303 and 6331(a) by failing to issue a notice and demand for the tax prior to issuing the Notices of Levy against Claimants' personal property.

1.4 In willful disregard for the internal revenue laws, unknown Service employees failed to comply with 26 U.S.C. § 6330 by failing to allow Claimants a Collections Due Process Hearing – regarding tax periods as stated above – noticing Claimants regarding their rights of a due process hearing;

1.5 In willful disregard for the internal revenue laws, unknown Service employees failed to comply with 26 U.S.C. § 6751 by failing to obtain approval from the Secretary in writing prior to or after issuing the jeopardy assessment and before issuing the Notices of Levy against Claimants' personal property.

No evidence exists on the record that alleged Revenue Officer Richard A. Wallin, the Secretary and his delegates or unknown Service employees complied with 1.1 through 1.5 above prior to issuing the illegal and procedurally invalid Notices of Federal Tax Lien and subsequent Notices of Levy causing the illegal seizure of Claimants' personal property. Therefore, this shall be considered an exhaustion of Claimants' administrative remedy in accordance to Regulations 26 CFR § 301.7433(a)(1), (b)(1) and (e), seeking actual damages to be made whole and statutory damages for Service employees intentional, reckless and negligent acts.

## IV.
### Demand For Release Of The Premature Notices
### Of Levy And Return Of Property Seized

Claimant has included verified evidence sufficient to establish that Claimants' case presently remains in an administrative Appeals and no Notices of Deficiency have been issued for above regarding Form 668-A(ICS) - Notices of Levy which appear to be signed by Revenue Officer Richard A. Wallin and dated January 31, 2007 for tax periods ending 1996 and 1997. In support of Claimants qualifying for release pursuant to 26 U.S.C. § 6343(d)(2)(A) referenced in the *"Excerpts from the Internal Revenue Code"* which provide in pertinent part:

26 U.S.C. § 6343. **Authority to release levy and return property**
(d) **Return of property in certain cases** "If . . .the Secretary determines that . . . *the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary . . .*"

Claimants demand Revenue Officer Richard A. Wallin issue a release and/or withdraw the procedurally invalid Form 668-A(ICS)- Notices of Levy as referenced herein and throughout – presently causing a third party administrative seizure of Claimants' personal property.

**Claimant herein further demands the remedies at law as follows:**

a. Claimants demand Revenue Officer Richard A. Wallin produce a copy of his authority to issue the Notices of Levy against Claimants prior to the Collection Due Process Hearing in violation of 26 U.S.C. §§ 6331(a), 6330(a)(1), 6330(e)(1), 6212(a) and 6213(a), or in the alternative, release the premature and procedurally invalid Notices of Levy as required pursuant to 26 U.S.C. § 6343(d)(2)(A);

b. Claimants demand Revenue Officer Richard A. Wallin produce documents that verify that Letter 1058 - Final Notice of Intent to Levy And Notice To Your Right To A Hearing was issued in the Name of Dutch Mill Trust and Douglas and Janet Gunnink bearing the assigned Treasury Account Numbers of 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 and 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 as listed on the Notices of Levy, as required by 26 U.S.C. §§ 6331(a), 6330(a)(1), 6330(e)(1), 6212(a) and 6213(a), or in the alternative, release the premature and procedurally invalid Notices of Levy as required pursuant to 26 U.S.C. § 6343(d)(2)(A);

c. Claimants demand Revenue Officer Richard A. Wallin produce a copy of the Notices of Deficiency served on Claimants via Registered or Certified Mail for tax periods ending December 31, 1996 and 1997, as statutorily commanded by 26 U.S.C §§ 6212(a) and 6213(a) and (b), or in the alternative, release the premature and procedurally invalid Notices of Levy as required pursuant to 26 U.S.C. § 6343(d)(2)(A);

d. Claimants demand Revenue Officer Richard A. Wallin produce a copy of the registered or Certified Mail receipts indicating the Notices of Deficiency were signed for, and therefore considered received by Claimants for tax periods ending December 31, 1996 and 1997, as statutorily commanded by 26 U.S.C §§ 6212(a) and 6213(a) and (b); or in the alternative, release the premature and procedurally invalid Notices of Levy as required pursuant to 26 U.S.C. § 6343(d)(2)(A).

## CAVEAT AND STIPULATION:

Revenue Officer Richard A. Wallin and all other fiduciary Service employees associated with this case take notice, that Claimants will cease and desist from seeking actual and/or direct economic damages in the event you comply with Claimant's demands (in essence comply with the law) as stated in Section III a, b, c and d above. Likewise, in your failure to comply with these lawful demands authorizes Claimants to seek the aforementioned damages as asserted at V *infra*.

V.

**Exhaustion of Administrative Remedies And Damages**
**Sought For Unauthorized Collection Actions If Denied**

Notice is hereby given to unknown Revenue Officer Richard A. Wallin, the Area Director, Compliance Technical Support Manager for Area 9 and any other fiduciary Service employee(s) in receipt of this notice, that this verified claim shall be considered Claimants' exhaustion of the administrative remedies and any failure to release, withdraw, abate, discharge or respond in any manner as herein demanded will result in an action cognizable under 26 U.S.C. §§ 7214, 7431, 7432 and 7433, seeking actual and direct economic damages for violations that shall be effectively enumerated in a properly executed cause of action. Claimants advise that before you or other Service employees summarily deny all claims alleged herein, you fully investigate the facts and issues as herein alleged.

**In the event your determination is that the Notices of Levy be sustained contrary to the facts and the law evidenced herein, Claimants demand immediate relief as follows:**

(a) Claimants demand alleged Revenue Officer Richard A. Wallin and the Area Director, Compliance Technical Support Manager for Area 9, issue a release and/or withdraw of the procedurally invalid Forms 668-A(ICS) Notices of Levy dated January 31, 2007 as commanded by 26 U.S.C. § 6343 *et seq.*, for tax periods ending December 31, 1996 and 1997, presently encumbering and slandering title to Claimants' real property rights as stated above.

(b) Pursuant to 26 U.S.C. § 7433(b) and 26 CFR § 301.7433(e), Claimants demand payment in the amount of $108,457.66 for direct actual damages sustained due to the reckless and intentional acts of

Revenue Officer Richard A. Wallin and other Service employees proceeding in willful disregard of the internal revenue laws as evidenced on the record.

(c) Pursuant to 26 U.S.C. § 7433(b) and 26 CFR § 301.7433(e), Claimants demand payment in the amount of (One Million Dollars) $1,000,000.00 for direct economic damages sustained due to the reckless and intentional acts of Revenue Officer Richard A. Wallin and other Service employees proceeding in willful disregarded of the internal revenue laws as evidenced on the record.

The Area Director (District Director) at Area 9, acting in capacity as the Compliance Technical Support Manager, the Secretary of the Treasury, unknown Revenue Officer Richard A. Wallin and other Internal Revenue Service fiduciary employees named herein, due to the time sensitive nature of this demand, you are commanded to respond within 3 calendar days from receipt of this notice as required pursuant to 5 U.S.C. § 552a(d)(2)(A) of the Administrative Procedure Act. Claimants are demanding that the parties named herein review their records as required by 5 U.S.C. § 552a(d)(2)(B)(i). Claimants do not wish to continue being injured by the actions and inactions of Service employees. Thank you for your kind indulgence and assistance in this matter, as Claimants look forward to your response and an amicable remedy to this perilous matter.

I, Douglas Gunnink, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), the above to be true and correct to the best of my knowledge, understanding and belief. All rights retained without recourse.

Signature: _____

Douglas Gunnink, Claimant

State of Minnesota        )
                          ) ss:
County of Sibley          )

On this 8th day of February 2007, Douglas Gunnink personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument.

Witness my hand and official seal _____

JOANN B. ZACHOW
NOTARY PUBLIC – MINNESOTA
My Commission Expires 1-31-2008

Signature of Notary

My Commission Expires: 1-31-2008

INCLUSION:

Form 9423 – Collection Appeal Request

ATTACHMENTS:

**EXHIBIT A:** Notices of Levy for 1996 and 1997 January 31, 2007, Bank Account Statement
**EXHIBIT B:** Letter 1058, Form 12153 and Verified Notice to Contest IRS Notice...
**EXHIBIT C:** Letter 3172, Form 12153 and Verified Notice and Demand Release...
**EXHIBIT D:** Appeals letter dated 11-14-06 and Claimant's letter dated 11-29-06
**EXHIBIT E:** Appeals letter dated 1-3-07 and Claimant's response dated 1-18-07
**EXHIBIT F:** Appeals letter dated 1-24-07

Mail to:

**Internal Revenue Service**
Appeals Office
St. Paul Appeals
Attn: Teresa Mulcahy, Settlement Officer
380 Jackson Street, Suite 600
St. Paul, MN 55101
**Certified Mail:** _7002 2410 0006 2016 2779_

**Department of the Treasury**
Internal Revenue Service
Area 9, Area/District Director
Compliance Technical Support Manager
316 North Robert Street, Stop 1000
St. Paul, MN 55101
**Certified Mail:** _7002 2410 0006 2016 2793_

Treasury Inspector General for Tax Administration
Attn: Complaint Management Division
P.O. Box 589
Washington, D.C. 20044
**Certified Mail:** _7002 2410 0006 2016 2786_

///

///

///

**EXHIBIT A**
(2) Form 668-A(ICS) Notices of Levy and Progrowth Bank Account Statement
(3 pages)

| Form 668-A(ICS) (Rev. July 2002) | Department of the Treasury – Internal Revenue Service |
|---|---|
| | **Notice of Levy** |

DATE: **January 31, 2007**

REPLY TO: Internal Revenue Service
Richard A. Wallin
Suite 500
1550 American Blvd. East
Bloomington, MN 55425

TELEPHONE NUMBER
OF IRS OFFICE: **651-726-1465**

TO:     Progrowth Bank
PO Box 266
Gaylord, MN  56334

**EXHIBIT   PAGE   of**

**A        1        3**

NAME AND ADDRESS OF TAXPAYER:
Dutch Mill Trust aka Dutch Mill as
the nominee or alter ego of
Douglas and Janet Gunnink
25303 461st Ave
Gaylord, MN  55334-2016

IDENTIFYING NUMBER(S): Exempt (b)(6)

THIS ISN'T A BILL FOR TAXES YOU OWE.  THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1996 | $60,379.29 | $24,580.89 | $84,960.18 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.⟹ | Total Amount Due | $84,960.18 |
|---|---|---|

We figured the interest and late payment penalty to __03/01/2007__

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code <u>must hold your money for 21 calendar days</u> before sending it to us.  They must include the interest you earn during that time.  Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to United States Treasury.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative /S/ Richard A. Wallin | Title **Revenue Officer** |
|---|---|

Part 2 –     For Taxpayer

Form 668-A(ICS) (Rev. 7-2002)

| Form 668-A(ICS) (Rev. July 2002) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: **January 31, 2007**

REPLY TO: Internal Revenue Service
Richard A. Wallin
Suite 500
1550 American Blvd. East
Bloomington, MN 55425

TELEPHONE NUMBER
OF IRS OFFICE: **651-726-1465**

NAME AND ADDRESS OF TAXPAYER:
**Dutch Mill Trust aka Dutch Mill as
the nominee or alter ego of
Douglas Gunnink
25303 461st Ave
Gaylord, MN 55334-2016**

TO: Progrowth Bank
PO Box 266
Gaylord, MN 56007

EXHIBIT PAGE of
**A 2 3**

IDENTIFYING NUMBER(S): *exempt (b)(6)*

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1997 | $80,582.75 | $81,382.76 | $161,965.51 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹ | Total Amount Due | $161,965.51 |
|---|---|---|

We figured the interest and late payment penalty to __03/01/2007__

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code <u>must hold your money for 21 calendar days</u> before sending it to us. They must include the interest you earn during that time.  Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to **United States Treasury**.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative **/S/  Richard A. Wallin** | Title **Revenue Officer** |
|---|---|

Part 2 –    For Taxpayer

Form **668-A(ICS)** (Rev. 7-2002)

# ProGrowth® Bank
### Growth. For You. For Life.

**STATEMENT OF ACCOUNT**
Toll free: 888.244.3490
www.progrowth.com

320 Main Avenue
Gaylord MN  55334-0266
507.237.5535

45 Teton Lane
Mankato MN  56002-4429
507.344.4333

703 Third Street
Nicollet MN  56074-0077
507.232.3488

STATEMENT PERIOD
LAST          ENDING
12/31/06      1/31/07

45    DUTCH MILL
DOUGLAS GUNNTNK
JANET GUNNINK                                   BRANCH  3      PAGE    1
PO BOX 1112
GAYLORD MN 55334-1112

| ACCOUNT NUMBER | PREVIOUS BALANCE | --- CREDITS --- COUNT | AMOUNT | --- DEBITS --- COUNT | AMOUNT | TOTAL FEE | PRESENT BALANCE |
|---|---|---|---|---|---|---|---|
| DDA  Exempt (b)(6) | 84593.08 | 7 | 147144.83 | 39 | 123280.25 | | 108457.66 |

**************************************************************************

TRANSACTIONS

| CHECK NUMBER | DATE | AMOUNT | CHECK NUMBER | DATE | AMOUNT | DATE | BALANCE |
|---|---|---|---|---|---|---|---|

**************************************************************************

CHECKING                    Exempt (b)(6)

                      DAYS IN THIS CYCLE              31

********** CHECKS **********

| 3818 | 1/05 | 18091.50 CKS | 3821* | 1/03 | 1237.50 CKS | 1/02 | 87708.75 |
| 3822 | 1/02 | 409.33 CKS | 3824* | 1/05 | 75.00 CKS | 1/03 | 86271.25 |
| 3825 | 1/04 | 5295.00 CKS | 3826 | 1/04 | 43.08 CKS | 1/04 | 75462.81 |
| 3827 | 1/04 | 4970.36 CKS | 3828 | 1/09 | 491.00 CKS | 1/05 | 56427.19 |
| 3829 | 1/22 | 25.00 CKS | 3831* | 1/02 | 5022.59 CKS | 1/08 | 84139.08 |
| 3832 | 1/09 | 2840.00 CKS | 3834* | 1/05 | 829.12 CKS | 1/09 | 78619.10 |
| 3835 | 1/11 | 20000.00 CKS | 3836 | 1/08 | 44.99 CKS | 1/11 | 58325.40 |
| 3837 | 1/05 | 40.00 CKS | 3838 | 1/04 | 500.00 CKS | 1/12 | 58102.90 |
| 3839 | 1/09 | 1897.40 CKS | 3840 | 1/11 | 85.51 CKS | 1/16 | 56106.33 |
| 3841 | 1/11 | 31.84 CKS | 3842 | 1/08 | 4750.00 CKS | 1/17 | 38438.33 |
| 3843 | 1/09 | 291.58 CKS | 3844 | 1/16 | 1476.00 CKS | 1/18 | 32170.33 |
| 3845 | 1/17 | 17668.00 CKS | 3846 | 1/08 | 649.91 CKS | 1/19 | 32030.30 |
| 3847 | 1/11 | 157.18 CKS | 3848 | 1/16 | 293.00 CKS | 1/22 | 32005.30 |
| 3849 | 1/11 | 19.17 CKS | 3850 | 1/03 | 200.00 CKS | 1/23 | 31981.30 |
| 3852* | 1/16 | 109.00 CKS | 3853 | 1/25 | 26100.00 CKS | 1/25 | 5881.30 |
| 3854 | 1/18 | 6268.00 CKS | 3855 | 1/12 | 222.50 CKS | 1/26 | 5362.21 |
| 3856 | 1/16 | 118.57 CKS | 3857 | 1/26 | 119.09 CKS | 1/29 | 3362.21 |
| 3858 | 1/23 | 24.00 CKS | 3859 | 1/19 | 140.03 CKS | 1/30 | 3017.21 |
| 3861* | 1/26 | 400.00 CKS | 3862 | 1/30 | 345.00 CKS | 1/31 | 108457.66 |
| 3863 | 1/29 | 2000.00 CKS | | | | | |

*Notice 1-31-07 ↑*

********** DEPOSITS **********

| 1/02 | 8547.59 DEP | 1/08 | 33156.79 DEP |
| 1/31 | 18655.70 DEP | 1/31 | 20699.29 DEP |
| 1/31 | 29653.90 DEP | 1/31 | 36071.55 DEP |
| 1/31 | 360.01 DCC | | |

DEPOSIT CREDIT CORRECTION

PLEASE SEE NEXT PAGE

| EXHIBIT | PAGE | of |
|---|---|---|
| A | 3 | 3 |

### Our Mission is to be the Resource of First Choice for Our Customers

**EXHIBIT B**
Letter 1058, Form 12153 and Claimant's Verifed Notice to Contest IRS Notice…
(6 pages)

Internal Revenue Service
MAIL STOP 5228 BLM
1550 AMERICAN BLVD E STE 500
BLOOMINGTON, MN 55425-1104

Department of the Treasury

**Letter Date:**
09/13/2006
**Social Security or**
**Employer Identification Number**
exempt (b)(6)
**Person to Contact:**
RICHARD A WALLIN
**Contact Telephone Number:**
(651)726-1465
**Employee Identification Number:**
41-03402

CERTIFIED MAIL - RETURN RECEIPT

DOUGLAS GUNNINK
25303 461ST AVE
GAYLORD, MN 55334-2016

| EXHIBIT | PAGE | of |
|---------|------|-----|
| A | 1 | 2 |

## FINAL NOTICE
## NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
### *PLEASE RESPOND IMMEDIATELY*

Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. For more information, we've enclosed Publication 594, *What You Should Know About the IRS Collection Process,* Publication 1660, *Collection Appeal Rights,* and Form 12153, *Request for a Collection Due Process Hearing.* To preserve your right to contest Appeals' decision in the U.S. Tax Court or U.S. District Court, you must send us the completed Form 12153 within 30 days from the date of this letter.

To prevent collection action, please send your full payment today. Make your check or money order payable to U.S. Treasury. Write your social security number or employer identification number on your payment. Send your payment to us in the enclosed envelope with a copy of this letter.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes any credits and payments we've received since we sent our last notice to you. Below is a brief explanation of the interest and/or failure to pay penalty that may be included in the amount you owe:

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice. Interest is also charged on penalties assessed on your account. Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

Letter 1058 (DO) (Rev. 6-2005)
Catalog Number: 40488S

**Paying Late - Internal Revenue Code Section 6651(a)(2)**
We charge a penalty when your tax is not paid on time. Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

If you have recently paid this tax or you can't pay it, call us immediately at the telephone number shown at the top of this letter and let us know.

Sincerely yours,

RICHARD A WALLIN
REVENUE OFFICER

The amount you owe through 10/13/2006 is:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | Amount You Owe |
|---|---|---|---|---|---|
| CIVPEN | 12/31/1996 | $500.00 | $0.00 | $18.26 | $518.26 |
| CIVPEN | 12/31/1997 | $500.00 | $0.00 | $18.26 | $518.26 |
| | | | | Total: | $1036.52 |

| EXHIBIT | PAGE | of |
|---|---|---|
| A | 2 | 2 |

Enclosures:

**IRS** Department of the Treasury
Internal Revenue Service

PO BOX 145585 STOP 8420G
CINCINNATI, OH  45250-5585

CERTIFIED MAIL

7178 2665 9394 6024 8698

Letter Date:    09/21/2006
Taxpayer Identification Number:
exempt (b)(6)
Contact Person:
RICHARD A WALLIN
Employee Identification Number:
41-03402
Contact Telephone Number:
(651) 726-1465

DOUGLAS GUNNINK
25303 461ST AVE
GAYLORD, MN  55334-2016

001019

### Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on 09/13/2006

| Type of Tax | Tax Period | Amount Owed |
|-------------|------------|-------------|
| 6702 | 12/31/1996 | 500.00 |
| 6702 | 12/31/1997 | 500.00 |

| EXHIBIT | PAGE | OF |
|---------|------|-----|
| A | 1 | 5 |

The lien attaches to all the property you currently own and to all property you may acquire in the future. It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options. To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights.*

If you want to request a hearing, please complete the enclosed form 12153, *Request for a Collection Due Process Hearing,* and mail it to:

We'll also release the lien within 30 days after we accept a bond guaranteeing payment of the amount owed or after we adjust your account based on the decision of your requested hearing. We enclosed Publication 1450, *Instructions on how to Request a Certificate of Release of Federal Tax Lien.*

If you have any questions, please contact the person whose name and telephone number appear at the top of this letter.

Sincerely,

*R. A. Mitchell*

Director, Campus Compliance Operations

Enclosures:
Publication 1, *Your Rights as a Taxpayer*
Publication 1450, *Instructions on How to Request a Certificate of Release of Federal Tax Lien*
Publication 1660, *Collection Appeal Rights*
Form 668-Y (C), *Notice of Federal Tax Lien*
Form 12153, *Request for a Collection Due Process Hearing*

| EXHIBIT | PAGE | OF |
|---------|------|-----|
| A | 2 | 5 |

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320,** a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing,** or a **Notice of Jeopardy Levy and Right of Appeal.** Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

*(Print)* Taxpayer Name(s): **Douglas Gunnink**

*(Print)* Address:  **c/o c/o 25303 461st Ave - Gaylord, Minnesota [PZ 55334]**

Daytime Telephone Number: **N/A**                Type of Tax/Tax Form Number(s): **Unknown**

Taxable Period(s): **December 31, 1996 and 1997**

Social Security Number/Employer Identification Number(s): **Exempt (b)(6)**

Check the IRS action(s) that you do not agree with.  Provide specific reasons why you don't agree.  If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [   ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

_____ **Filed Notice of Federal Tax Lien  (Explain why you don't agree.  Use extra sheets if necessary.)**

_____ **Notice of Levy/Seizure (Explain why you don't agree.  Use extra sheets if necessary.)**

1.) Failed to properly compute and/or calculate IRC Sec. 83 -- Property Transferred in Connection with Performance of Service.

2.) Failed to establish the liability and implementing regulations.

3.) Filed a Fraudulent 6020(b) Substitute for Return Excise Activity on Form 1040 Which is Inapplicable According

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _Douglas K Gunnink 10-11-00_

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee *(Print)*: _____    IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)       Catalog Number 26685D            **(Over)**              Department of the Treasury – Internal Revenue Service

Certified Mail: 7006 0810 0001 5996 9595

Douglas Gunnink
c/o 25303 461st Ave
Gaylord, Minnesota [PZ 55334]

September 29, 2006

Department of the Treasury
Internal Revenue Service
Attn: RICHARD A WALLIN
1550 American Blvd E STE 5000
Bloomington, MN 55425-1104

RE: Letter 1058 - FINAL NOTICE OF INTENT TO LEVY...
Treasury Account Number: **exempt (b)(6)**

## VERIFIED NOTICE TO CONTEST IRS NOTICE OF
## INTENT TO LEVY AND REQUEST FOR CDP HEARING

Douglas Gunnink hereinafter referred to as "Belligerent Claimant" or "Claimant," see *United States v. Johnson* (1947) have in possession a copy of IRS Letter 1058 titled "FINAL NOTICE OF INTENT TO LEVY..." dated September 13, 2006 from Revenue Officer RICHARD A WALLIN, claiming that Claimant is liable for the payment of alleged overdue taxes totaling $1,036.52 for IRS tax periods December 31, 1996 and 1997 (see **Exhibit A**). Revenue Officer RICHARD A WALLIN has caused an exaction against Claimant's real property rights in violation of the Fifth Amendment. **Claimant disputes your alleged claims, and submits completed IRS Form 12153, requesting a Collection Due Process Hearing.**

### Preliminary Matters

Revenue Officer RICHARD A WILLION, your correspondence IS CLEARLY a "statement, or other document required to be made under any provision of the internal revenue laws or regulations," by PUB. L. 105-206, § 3401(b), the IRS RESTRUCTURING AND REFORM ACT OF 1998; section 6330 of the INTERNAL REVENUE CODE, Vol. 68A, Stat. 3; *aka* 26 U.S.C. § 6330; and federal tax regulation 26 CFR § 301.6330-1, which, "shall be signed" and "shall contain or be verified by a written declaration that it is made under the penalties of perjury."

**These are statutory requirements of which Revenue Officer RICHARD A WALLIN is obligated to be officially aware, under the ADMINISTRATIVE PROCEDURE ACT, PUBLIC LAW 89-554, § 7, 80 STAT. 386.**

As provided in section 3401(b) of the IRS RESTRUCTURING AND REFORM ACT OF 1998, PUB. L. 105-206, § 3401(b), effective for collection actions initiated after the date which is 120 days after September 13, 2006, **Claimant is requesting a Collection Due Process hearing.** (See: notes following section 6330 of the INTERNAL REVENUE CODE, Vol. 68A, Stat. 3; *aka* 26 U.S.C. § 6330).

In the language of IRC section 6330(b)(1), "If the person (sic) requests a hearing under subsection (a)(3)(B), such hearing *shall be held*..." (26 U.S.C. § 6330(b)(1)); (emphasis added).

This correspondence is to ensure a mandatory Collection Due Process hearing will be conducted *formally*, in accordance with the ADMINISTRATIVE PROCEDURE ACT, PUBLIC LAW 89-554, §§ 1, 7; 80 STAT. 384, 386; *aka* Title 5, United States Code, § 554, (Adjudications), and § 556 (Hearings; presiding employees; powers and duties; burden of proof; evidence; record as basis of decision).

For the record, 26 U.S.C. § 6330(b)(3) mandates that: "the hearing under this subsection *shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax* (sic) specified in subsection (a)(3)(A) before the first hearing under this section or section 6320."

For the record, CLAIMANT DOES NOT WAIVE - UNDER ANY CIRCUMSTANCES - the requirements of paragraph (3) of subsection (b) of section 6330. **Claimant will require the hearing officer's written certification of no prior involvement.**

For the record, and for the purpose of avoiding any question as to Claimant's statutory rights under PUB. L. 105-206, § 3401(b), Claimant is entitled to all documentation from the investigation; and entitled to obtain the verification from the Secretary that the requirements of applicable administrative procedure have been met (26 U.S.C. § 6330(c)(1)). For purposes of the CDP Hearing, "applicable administrative procedures," includes notice procedures; assessment procedures; deficiency procedures; and demand for payment procedures. I will require, for the CDP hearing, photocopies of any returns, or substitutes for returns, executed by the Secretary or an authorized delegate, which gave rise to any assessment. **I will also require production of the Certified Mail Return Receipt to confirm, for the record, compliance with the notice requirements of (26 U.S.C. § 6330(a)(2)).**

The CDP Hearing will address the following issues:

1. Challenges to the appropriateness of collections actions (26 U.S.C. § 6330(c)(2)(A)(ii)); and,

2. Existence of the (alleged) underlying liability (26 U.S.C. § 6330(c)(2)(B)) and notice of deficiency or other opportunity to dispute such liability. Based upon issues raised in the CDP hearing, a demand of the inquiry will include determining whom, if anyone, performed the duties specified in IRC §§ 6061 and 6065 at every stage leading to the threatened levy.

3. Demand for verification of the alleged liability pursuant to 26 U.S.C. § 6331(j)(2)(A) "*a verification of the taxpayer's liability*."

4. Provide a copy of the Notice of Determination issued under 26 U.S.C. § 6211 and the Notice of Deficiency required to be issued pursuant to 26 U.S.C. § 6212.

5. Provide a copy of Form 4340 Certificate of Assessment certifying the record of assessment as required under 26 U.S.C. § 6203 of the Code.

For the record, Claimant will require that any determination by the previously unidentified appeals officer(s) be made on the basis of recorded evidence obtained through the investigation

required pursuant to paragraph 1 of subsection (c), and the issues raised under paragraph (2) of subsection (c), 26 U.S.C. § 6330(c)(3), in accordance with the ADMINISTRATIVE PROCEDURE ACT, PUBLIC LAW 89-554, §§ 1, 7; 80 STAT. 386, 387; *aka* Title 5, U.S.C., § 556 (Hearings; presiding employees; powers and duties; burden of proof; evidence; record as basis of decision), and 557 (Initial decisions; conclusiveness; review by agency; submissions by parties; contents of decisions; record).

I, Douglas Gunnink, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), the above to be true and correct to the best of my knowledge, understanding and belief.

Signature: _____
Douglas Gunnink, Claimant

State of Minnesota          )
                            )  ss
County of Sibley            )

On this 11th day, of October _____ 2006, Douglas Gunnink personally appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument.

Witness my hand and official seal: _____

JOANN B. ZACHOW
NOTARY PUBLIC – MINNESOTA
My Commission Expires 1-31-2008

Signature of Notary

My Commission Expires: 1-31-2008

Inclusions:
IRS FORM 12153 - REQUEST FOR CDP HEARING

Attachment:
EXHIBIT A: IRS Letter 1058 "FINAL NOTICE OF INTENT TO LEVY…"

///

///

///

**EXHIBIT C**
Letter 3172, Form 12153 and Claimant's Verified Notice...
(6 pages)

 **IRS** Department of the Treasury
Internal Revenue Service

**CERTIFIED MAIL**

PO BOX 145585 STOP 8420G
CINCINNATI, OH  45250-5585

7178 2665 9394 6024 8698

Letter Date:    09/21/2006
Taxpayer Identification Number:
*exempt (b)(6)*
Contact Person:
RICHARD A WALLIN
Employee Identification Number:
41-03402
Contact Telephone Number:
(651) 726-1465

DOUGLAS GUNNINK
25303 461ST AVE
GAYLORD, MN 55334-2016

001019

## Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on 09/13/2006

| Type of Tax | Tax Period | Amount Owed |
|-------------|------------|-------------|
| 6702 | 12/31/1996 | 500.00 |
| 6702 | 12/31/1997 | 500.00 |

| EXHIBIT | PAGE | OF |
|---------|------|----|
| A | 1 | 5 |

The lien attaches to all the property you currently own and to all property you may acquire in the future.  It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options.  To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights*.

If you want to request a hearing, please complete the enclosed form 12153, *Request for a Collection Due Process Hearing,* and mail it to:

We'll also release the lien within 30 days after we accept a bond guaranteeing payment of the amount owed or after we adjust your account based on the decision of your requested hearing. We enclosed Publication 1450, *Instructions on how to Request a Certificate of Release of Federal Tax Lien.*

If you have any questions, please contact the person whose name and telephone number appear at the top of this letter.

Sincerely,

*R. A. Mitchell*

Director, Campus Compliance Operations

Enclosures:
Publication 1, *Your Rights as a Taxpayer*
Publication 1450, *Instructions on How to Request a Certificate of Release of Federal Tax Lien*
Publication 1660, *Collection Appeal Rights*
Form 668-Y (C), *Notice of Federal Tax Lien*
Form 12153, *Request for a Collection Due Process Hearing*

| EXHIBIT | PAGE | OF |
|---------|------|-----|
| A | 2 | 5 |

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

*(Print)* Taxpayer Name(s): __Douglas Gunnink__

*(Print)* Address: __c/o 25303 461st Ave - Gaylord, Minnesota [PZ 55334]__

Daytime Telephone Number: __N/A__          Type of Tax/Tax Form Number(s): __Un-known__

Taxable Period(s): __December 31, 1996 and 1997__

Social Security Number/Employer Identification Number(s): __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__

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ __ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

__X__ Filed Notice of Federal Tax Lien **(Explain why you don't agree. Use extra sheets if necessary.)**

1.) Service Employees in Violation of 26 U.S.C. 6330(e)1.
2.) Failed to establish the liability and implementing regulations.
3.) Failed to properly compute and/or calculate IRC Sec. 83 -- Property Transferred in Connection with Performance of Service.

____ Notice of Levy/Seizure **(Explain why you don't agree. Use extra sheets if necessary.)**

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _Douglas John Gunnink_ _Oct 23, 2006_

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee *(Print)*: _____    IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)    Catalog Number 26685D    Department of the Treasury – Internal Revenue Service

(Over)

Certified Mail: 7004 2890 0002 0002 7825

Douglas Gunnink
c/o 25303 461ˢᵗ Ave
Gaylord, Minnesota [PZ 55334]

October 20, 2006

Department of the Treasury
Internal Revenue Service Center
Attn: Richard A Wallin and Ted Boraas
1550 American Blvd E. STE 5000
Blooming, MN 55425-1104

Re: Letter 3172 / Facsimile Federal Tax Lien Document
Assigned Treasury Account: exempt(b)(6)

## VERIFIED NOTICE AND DEMAND TO RELEASE OR
## WITHDRAW NOTICE OF FEDERAL TAX LIEN

I, Douglas Gunnink, hereinafter referred to as "Belligerent Claimant," or "Claimant," (see *United States v. Johnson*, 76 F.Supp. 538 (1947)), have in possession a copy of Letter 3172 and three (3) "Facsimile Federal Tax Lien Documents", hereinafter referred to as "NFTL", which reference alleged assessed liabilities totaling $182,362.36 for tax periods December 31, 1996 and 1997 (see **Exhibit A**). Claimant hereby demands for the production of verified documentation evidencing Service employees have made valid and verifiable assessments in accordance with 26 U.S.C. §§ 6203, 6212, 6213, 6751 *et. al*, relevant to the statutory tax imposed by Title 26 of the United States Code prior to issuing the NFTL. Therefore, Claimant herein challenges and contests the procedural validity of the NFTL. Please find the enclosed verified evidence, "Exhibits" that supports Claimant's position that Service employees have failed to comply with the internal revenue laws rendering the NFTL invalid.

I.
## Facts and Occurrence of Events

Claimant has been issued a procedurally invalid Letter 3172 and three (3) "Facsimile Federal Tax Lien Document" referencing $182,362.36 as alleged total for tax periods December 31, 1996 and 1997, encumbering Claimant's property rights; resulting in an action cognizable under 26 U.S.C. §§ 7214, 7431, 7432, and 7433. Claimant is entitled to and seeks actual and direct economic damages for violations that shall be effectively enumerated in a properly executed cause of action. The following facts are herein enumerated as follows:

1. On or about September 13, 2006 and May 9, and 27, 2005 alleged Revenue Officer Richard A Wallin and Ted Boraas authorized "Facsimile Federal Tax Lien Documents" referencing alleged liabilities totaling $182,362.36 for tax periods December 31, 1996 and 1997 (see **Exhibit A-3, 4, 5**).

The Area Director (District Director) at Area 9, acting in capacity as the Compliance Technical Support Manager, the Secretary of the Treasury, Revenue Officers Richard A Wallin, Ted Boraas and other Internal Revenue Service fiduciary employee(s) named here must respond within 10 days from receipt of this notice as required pursuant to 5 U.S.C. § 552a(d)(2)(A) of the Administrative Procedures Act. Claimant is demanding that the parties named herein review your records to correctly reflect Claimant's status as required by 5 U.S.C. § 552a(d)(2)(B)(i). Further requests acknowledgment with IRS Letter 3000(C), or any letter and/or notice that supercedes IRS Letter 3000(C) for purposes of acknowledging the receipt of 's correspondence and/or Letter 2358C notifying that this matter is being considered for resolution. Claimant does not wish to continue being injured by the actions and inactions of Service employees. Thank you for your kind indulgence and assistance in this matter as Claimant looks forward to your response and an amicable remedy to this perilous matter.

I, Douglas Gunnink, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), the above to be true and correct to the best of my knowledge, understanding and belief.

Signature: _____
Douglas Gunnink, Claimant

State of Minnesota        )
                          ) ss:
County of Sibley          )

I certify on this 23 day of October 2006 that I know or have satisfactory evidence that Douglas Gunnink is the person who appeared before me and said person acknowledged that he signed this instrument and acknowledged it to be a free and voluntary act for the uses and purposes mentioned in the instrument.

Witness my hand and official seal. _Kathleen m Jensen_
Signature of Notary


KATHLEEN MARIE JENSEN
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

My Commission Expires: 1-31-2010

**Inclusions:**

**Form 12261** "Disputed Issue Verification"
**Form 12277** "Application for Withdrawal of Notice of Federal Tax Lien"

**Attachment:** Due to the large volume of exhibits referenced herein, please find enclosed first and last pages only. Complete exhibits will be furnished upon request.

**EXHIBIT A:** Facsimile Federal Tax Lien Documents, Letter 3172
**EXHIBIT B:** Form 12153, Verified Notice to Contest... w/ Letters 1058 and 3174(P)
**EXHIBIT C:** Notice CP504 for tax periods 1996 and 1997 dated June 26, 2006
**EXHIBIT D:** Letter 2645C/ Form 12661, Claimant's Verified Affidavit and... Notice CP15
**EXHIBIT E:** Letters 105C dated April 11, 2006
**EXHIBIT F:** Letter 3180 dated March 29, 2006

**EXHIBIT G:** Forms 12661, 843 Verified Affidavit and... Letter 3176C w/Forms 2297, 3363
**EXHIBIT H:** Form 9423, Verified Affidavit of Protest... Letters 2289 and 2413
**EXHIBIT I:** Forms 12661, 843, Verified Notice to Abate... Form 9774
**EXHIBIT J:** Form 843, Notice to Abate Alleged... Letter 3174(P)
**EXHIBIT K:** Written Correspondence, Forms 12277, 843, 12661, 9423, Notice to Issue Certificate of...
**Mail to:**

**Department of the Treasury**
Internal Revenue Service
Area 9, Area Director
Compliance Technical Support Manager
30 East 7th Street
St. Paul, MN 55101
Certified Mail: 7004 2890 0002 0002 7832

**Department of the Treasury**
Internal Revenue Service
Attn: Chief, Special Procedures
30 East 7th Street
St. Paul, MN 55101
Certified Mail: 7004 2890 0002 0002 7801

**Attorney General of the United States**
Alberto R. Gonzales
United States Department of Justice
950 Pennsylvania Avenue Northwest
Washington, DC 20530-00001
Certified Mail: 7006 0810 0001 6005 6468

**Treasury Inspector General for Tax Administration**
ATTN: Complaint Management Division
P.O. Box 589
Washington, DC 20044
Certified Mail: 7006 0810 0001 6005 6482

**Department of the Treasury**
Internal Revenue Service
Donald L. Korb, Chief Counsel
1111 Constitution Ave., NW CM#4
Washington, DC, 20224
Certified Mail: 7006 0810 0001 6005 6550

///

///

**EXHIBIT D**
Appeals Letter dated 11-14-06 and Claimant's letter dated 11-29-06
(2 pages)

Internal Revenue Service
St. Paul Office of Appeals

Department of the Treasury
AP:FO-West:7:STP:DVeer

Person to Contact:
  Dale R. Veer
Employee Number:
  41-04078
Telephone Number:
  (651) 726-7430
FAX Number:
  (651) 726-7409
Date:
  November 14, 2006

Douglas Gunnink
25303 461ˢᵗ Ave.
Gaylord, MN  55334-2016

In re:
  **Collection Due Process and**
  **Equivalent Hearings**
  **Forms 1040 & Civil Penalties – 1996**
  **and 1997**

Dear Mr. Gunnink:

Your request for Collection Due Process ("CDP") and equivalent hearings have been referred to our office as requested.  We are not able to consider your request because it's not valid as presented.

The regulations governing CDP in 26 CFR §§ 301-6320-1(c)(2)A-C1(i) and 6330-1(c)(2) A-C1(i) state that in order to obtain a CDP hearing:

> *The taxpayer must make a request in writing for a CDP hearing.  A written request in any form, which requests a CDP hearing will be acceptable.  The request must include the taxpayer's name, address, and daytime telephone number, and must be signed....*

You did not include a daytime telephone number at which you can be contacted in your written request for a hearing.  A copy of your request for a hearing is enclosed.

Our office must return your case to the referring IRS Compliance offices unless you provide a valid request for a hearing that meets the regulatory requirements.  Please provide a written request for a hearing that lists your name, address and daytime telephone number **by November 29, 2006** (15 days from the date of this letter). If I don't receive a valid request for a CDP equivalent hearing from you by November 29, 2006, our office must return your case to the originating IRS Compliance offices without an Appeals determination in the matter.

Please contact me with any questions or concerns.

Sincerely,

Dale Veer

Dale R. Veer
Appeals Settlement Officer

Encl.  Copy of Form 12153 and its attachment

St. Paul Office of Appeals, 380 Jackson Street, Suite 600, St. Paul, MN  55101

Certified Mail Article: 7004 2890 0001 9657 7694

Douglas Gunnink
C/o 25303 461st Avenue
Gaylord, Minnesota [55334]

November 29, 2006

Internal Revenue Service
St. Paul Office of Appeals
Attn: Dale R.Veer
Employee ID Number: 41-04078
380 Jackson Street, Suite 600
St. Paul, Minnesota 55101

Re: AP:FO-West:7:STP:DVeer

Dale R. Veer:

This is in reply to your appeals Letter dated November 14, 2006 regarding a CDP Hearing request I submitted on or about October 11, 2006 attached to my response to Letter 1058 dated September 29, 2006. Your Letter States "We are not able to consider your request because it's not valid..." further stating "Please provide written request for a hearing that list your name, address and daytime telephone number..." I am resubmitting my request for a CDP Hearing. (See **Exhibit A**).

This is my written notice that I would like to proceed by way of written correspondence in an effort to maintain an accurate accounting of the administrative record. At this time I have no daytime phone available.

Please send me your immediate response granting or denying me the requested CDP Hearing so that I may know how to proceed. Thanks for all your help as I await your response.

Signature: _____
Douglas Gunnink

State of Minnesota )
) Subscribed and Sworn:
County of Sibley )

On this 4th day, of December, 2006 Douglas Gunnink, personally appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument.

Witness my hand and official seal _____
Signature of Notary

Expiration Date: _____

KATHLEEN M. BIERSTEDT
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

**EXHIBIT E**
Appeals Letter dated 01-03-07 and Claimant's Response dated 01-18-07
(3 pages)

**Internal Revenue Service**
St. Paul Office of Appeals

Date: January 3, 2007

Douglas Gunnink
25303 461ˢᵗ Ave.
Gaylord, MN 55334-2016

Department of the Treasury
AP:FO-West:7:STP:DVeer

Person to Contact
    Dale Veer
Employee Number:
    41-04078
Telephone Number:
    (651) 726-7430
FAX Number:
    (651) 726-7409
Taxpayer Identification Number:
    ***-**-exempt (b)(6)
Tax Forms:
    1040 & Civil Penalties under § 6702
Tax Years:
    12/31/1996 and 12/31/1997

| EXHIBIT | PAGE | of |
|---------|------|-----|
| *A* | *1* | *2* |

**Appeals Received Your Request for Collection Due Process and Equivalency Hearings**

Dear Mr. Gunnink:

Your request for a Collection Due Process ("CDP") and equivalency hearings has been referred to our office as requested. In this instance, IRS notified you of the filing of three Notices of Federal Tax Lien and the issuance of two Notices of Intent to Levy. I've scheduled your hearing for **Tuesday, February 6, 2007 at 9:00 a.m.** At that time, please call me at the number listed above. If the date or time of the scheduled telephone conference is not convenient, please contact me as soon as possible so we can make proper arrangements.

To give you an idea of how the CDP process works, my role as an Appeals Settlement Officer is to:

- Verify whether IRS has complied with all legal and administrative procedures
- Address all relevant issues raised by you relating to the unpaid tax, and
- Balance your concerns of the possible intrusiveness of the proposed collection action with the government's need to collect the unpaid tax.

Appeals is separate and independent from the IRS Compliance Function that filed the Notices of Federal Tax Lien and issued the Notices of Intent to Levy. CDP is an informal, administrative appeal process through which you may raise *relevant* issues. You're entitled to have your conference conducted by an Appeals Officer who has had no prior involvement with the liability at issue. If you believe I was previously involved with this tax debt, please let me know as soon as possible. If you're new to Appeals, please take the time to read the enclosed Publication 4165, which includes additional details about the general Appeals process, your right to representation, and general information about CDP.

Your request for a hearing regarding the Notices of Federal Tax Lien and Notice of Intent to Levy pertaining to the 1996 and 1997 income tax debts was not received within the prescribed time period. Appeals will conduct a CDP *equivalency* hearing in this regard. This simply means that we will consider the issues raised in the same manner as we would had you made a timely appeal, but you will not have the right to seek judicial review of the decisions made by Appeals. You will have full judicial review rights with respect to the 12/31/1996 and 12/31/1997 civil penalties.

Appeals is not able to consider arguments based upon religious, moral, political, constitutional, conscientious or similar grounds. As such, Appeals will not consider the issues presented with your written request for a hearing because the courts have determined over the past several decades that such arguments are frivolous. I've enclosed the following information for your consideration:

1. A document put together by IRS legal counsel entitled *The Truth about Frivolous Tax Arguments*, and
2. A copy of a court's decision in *Pierson v. the Commissioner*

St. Paul Office of Appeals, 380 Jackson Street, Suite 600, St. Paul, MN 55101

Letter 3846

Douglas Gunnink
Request for CDP and Equivalent Hearings
January 3, 2007
Page 2

| EXHIBIT | PAGE | of |
|---------|------|-----|
| A | 2 | 2 |

Since we are not able to address the issues you've raised thus far, do you have any relevant issues you want me to consider? If so, please provide a list of such issues prior to your scheduled hearing.

I've enclosed transcripts of your 1996 and 1997 income tax debts and 12/31/1996 and 12/31/1997 civil penalties. IRS has no record of receiving a federal income tax return (Form 1040) for years 1998 through 2005. The 1997 tax debt is based upon a *substitute for return* and was assessed by default after you neglected to provide a relevant response to the Statutory Notice of Deficiency. You may be eligible to have the tax assessments adjusted if you file a proper return for 1997 along with documentation to support whatever changes you believe are appropriate. Forms and instructions for prior years are available at the following website:

    http://www.irs.gov/formspubs/article/0,,id=98339,00.html

Finally, I've enclosed a Form 433-A, Collection Information Statement for Individuals, and a Form 433-B, Collection Information Statement for Businesses, in the event you want me to consider payment alternatives such as a monthly payment plan or an offer in compromise.

To enable me to properly address your case, please provide the following **by February 2, 2007** (30 days from the date of this letter):

1. A list of relevant issues you want me to consider,
2. Complete, signed and dated Forms 1040 for years 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2005,
3. Complete, signed and dated Forms 433-A and 433-B,
4. An estimated tax payment sufficient to cover your 2006 tax (if applicable), and
5. Your proposal on how you plan to resolve the tax debts

Once we have addressed all relevant issues, Appeals will issue a formal Notice of Determination and Decision Letter detailing the decisions made in your case. You would then have the right to petition Federal Tax Court for its review of the decisions made by Appeals with respect to the 12/31/1996 and 12/31/1997 civil penalties. You will not have a similar right to seek judicial review of the Appeals decisions with respect to your 1996 and 1997 income tax matters.

It's important that you have the above-requested items and information to me prior to your scheduled hearing although we'll proceed with the conference as scheduled even if you don't.

Please contact me with any questions or concerns you have regarding this letter or the CDP procedures. My telephone number is listed near the top of the first page.

                                    Sincerely,

                                    Dale Veer

                                    Dale Veer
                                    Appeals Settlement Officer
                                    St. Paul Office of Appeals

Encl.    Publication 4165
         Truth About Frivolous Arguments document
         Copy of the Pierson decision
         Transcripts of Account (4)
         Form 433-A
         Publication 1854
         Form 433-B

St. Paul Office of Appeals, 380 Jackson Street, Suite 600, St. Paul, MN 55101

Letter 3846

Certified Mail: 7001 2510 0000 2000 4259

Douglas Gunnink
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]

January 18, 2007

Internal Revenue Service
St. Paul Office of Appeals
Attn: Dale Veer
Employee ID Number: 41-04078
380 Jackson Street, Suite 600
St. Paul, MN 55101

Re: Appeals Phone Conference
Refer: AP:FO:West:7:STP:DVeer

Greeting Dale Veer:

This is in reply to your appeals response letter dated January 3, 2007 regarding the CDP Hearing presently scheduled via phone for February 6, 2007 at 9:00 a.m., and stating *"If the date or time of the scheduled telephone conference is not convenient, please contact me as soon as possible so we can make proper arrangements"* (See **Exhibit A**).

This is my written notice that I would like to proceed by way of written correspondence only, in an effort to maintain an accurate accounting of the administrative record. For this reason, I am requesting 30 additional days from the date of February 6, 2007 to allow me sufficient time to prepare correspondence to you regarding this matter. Please send me your immediate response granting or denying the additional time requested so that I may know how to proceed. Thanks for all your help as I await your response.

I, Douglas Gunnink, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), the above to be true and correct to the best of my knowledge, understanding and belief.

Signature: _____

Douglas Gunnink

**EXHIBIT F**
Appeals Letter dated 1-24-07
(1 page)

**Internal Revenue Service**
Appeals Office
St. Paul Appeals
380 Jackson St Suite 600
St. Paul, MN  55101


Date:  January 24, 2007


DOUGLAS GUNNINK
25303 461ST AVE
GAYLORD MN  55334-2016

**Department of the Treasury**

**Person to Contact:**
  Teresa Mulcahy
  Employee ID Number: 41-03625
  Tel:  651-726-7432
  Fax:  651-726-7409
**Refer Reply to:**
  AP:FW:STP:A
**In Re:**
  Collection Due Process - Levy
**Tax Period(s) Ended:**
  12/1996 12/1995

Dear Mr. Gunnink:

Your request for a Collection Due Process hearing has been transferred to me because Mr. Veer is no longer working as a Settlement Officer. I have received and reviewed your letter dated 1/18/2007. Your request for an additional 30 days is granted. Please submit all information requested in Mr. Veer's letter dated 1/3/2007 (copy attached) and any other information you would like me to consider no later than 3/6/2007.

Upon receipt of the information I will contact you via written correspondence to advise you of my determination.

I look forward to hearing from you.  If you have questions, please call me at the telephone number shown above.

Sincerely,

Teresa Mulcahy
Settlement Officer

**EXHIBIT B**
26 U.S.C. 7422(b)
(6 pages)

*26 USC 7422*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

# TITLE 26 - INTERNAL REVENUE CODE
## Subtitle F - Procedure and Administration
### CHAPTER 76 - JUDICIAL PROCEEDINGS
#### Subchapter B - Proceedings by Taxpayers and Third Parties

## § 7422. Civil actions for refund

### (a)  No suit prior to filing claim for refund

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

### (b)  Protest or duress

Such suit or proceeding may be maintained whether or not such tax, penalty, or sum has been paid under protest or duress.

### (c)  Suits against collection officer a bar

A suit against any officer or employee of the United States (or former officer or employee) or his personal representative for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected shall be treated as if the United States had been a party to such suit in applying the doctrine of res judicata in all suits in respect of any internal revenue tax, and in all proceedings in the Tax Court and on review of decisions of the Tax Court.

### (d)  Credit treated as payment

The credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed.

### (e)  Stay of proceedings

If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpayer which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes).

### (f)  Limitation on right of action for refund

*26 USC 7422*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

### (1) General rule

A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative. Such suit or proceeding may be maintained against the United States notwithstanding the provisions of section 2502 of title 28 of the United States Code (relating to aliens' privilege to sue) and notwithstanding the provisions of section 1502 of such title 28 (relating to certain treaty cases).

### (2) Misjoinder and change of venue

If a suit or proceeding brought in a United States district court against an officer or employee of the United States (or former officer or employee) or his personal representative is improperly brought solely by virtue of paragraph (1), the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced, upon proper service of process on the United States. Such suit or proceeding shall upon request by the United States be transferred to the district or division where it should have been brought if such action initially had been brought against the United States.

## (g) Special rules for certain excise taxes imposed by chapter 42 or 43

### (1) Right to bring actions

#### (A) In general

With respect to any taxable event, payment of the full amount of the first tier tax shall constitute sufficient payment in order to maintain an action under this section with respect to the second tier tax.

#### (B) Definitions

For purposes of subparagraph (A), the terms "taxable event", "first tier tax", and "second tier tax" have the respective meanings given to such terms by section 4963.

### (2) Limitation on suit for refund

No suit may be maintained under this section for the credit or refund of any tax imposed under section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975 with respect to any act (or failure to act) giving rise to liability for tax under such sections, unless no other suit has been maintained for credit or refund of, and no petition has been filed in the Tax Court with respect to a deficiency in, any other tax imposed by such sections with respect to such act (or failure to act).

### (3) Final determination of issues

For purposes of this section, any suit for the credit or refund of any tax imposed under section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975 with respect to any act (or failure to act) giving rise to liability for tax under such sections, shall constitute a suit to determine all questions with respect to any other tax imposed with respect to such act (or failure to act) under such sections, and failure by the parties to such suit to bring any such question before the Court shall constitute a bar to such question.

## (h) Special rule for actions with respect to partnership items

No action may be brought for a refund attributable to partnership items (as defined in section 6231 (a)(3)) except as provided in section 6228 (b) or section 6230 (c).

## (i) Special rule for actions with respect to tax shelter promoter and understatement penalties

No action or proceeding may be brought in the United States Court of Federal Claims for any refund or credit of a penalty imposed by section 6700 (relating to penalty for promoting abusive tax shelters, etc.) or section 6701 (relating to penalties for aiding and abetting understatement of tax liability).

## (j) Special rule for actions with respect to estates for which an election under section 6166 is made

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

**(1) In general**

The district courts of the United States and the United States Court of Federal Claims shall not fail to have jurisdiction over any action brought by the representative of an estate to which this subsection applies to determine the correct amount of the estate tax liability of such estate (or for any refund with respect thereto) solely because the full amount of such liability has not been paid by reason of an election under section 6166 with respect to such estate.

**(2) Estates to which subsection applies**

This subsection shall apply to any estate if, as of the date the action is filed—

**(A)** no portion of the installments payable under section 6166 have been accelerated;

**(B)** all such installments the due date for which is on or before the date the action is filed have been paid;

**(C)** there is no case pending in the Tax Court with respect to the tax imposed by section 2001 on the estate and, if a notice of deficiency under section 6212 with respect to such tax has been issued, the time for filing a petition with the Tax Court with respect to such notice has expired; and

**(D)** no proceeding for declaratory judgment under section 7479 is pending.

**(3) Prohibition on collection of disallowed liability**

If the court redetermines under paragraph (1) the estate tax liability of an estate, no part of such liability which is disallowed by a decision of such court which has become final may be collected by the Secretary, and amounts paid in excess of the installments determined by the court as currently due and payable shall be refunded.

**(k) Cross references**

**(1)** For provisions relating generally to claims for refund or credit, see chapter 65 (relating to abatements, credit, and refund) and chapter 66 (relating to limitations).

**(2)** For duty of United States attorneys to defend suits, see section 507 of Title 28 of the United States Code.

**(3)** For jurisdiction of United States district courts, see section 1346 of Title 28 of the United States Code.

**(4)** For payment by the Treasury of judgments against internal revenue officers or employees, upon certificate of probable cause, see section 2006 of Title 28 of the United States Code.

(Aug. 16, 1954, ch. 736, 68A Stat. 876; Pub. L. 85–866, title I, § 78, Sept. 2, 1958, 72 Stat. 1662; Pub. L. 89–713, § 3(a), Nov. 2, 1966, 80 Stat. 1108; Pub. L. 91–172, title I, § 101(i), (j)(56), Dec. 30, 1969, 83 Stat. 525, 532; Pub. L. 92–178, title III, § 309(a), Dec. 10, 1971, 85 Stat. 525; Pub. L. 93–406, title II, § 1016(a)(26), Sept. 2, 1974, 88 Stat. 931; Pub. L. 94–455, title XIII, § 1307(d)(2)(F)(viii), title XVI, § 1605(b)(11), title XIX, § 1906(a)(44), (b)(13)(A), Oct. 4, 1976, 90 Stat. 1728, 1755, 1830, 1834; Pub. L. 96–222, title I, § 108(b)(1)(D)–(F), Apr. 1, 1980, 94 Stat. 226; Pub. L. 96–223, title I, § 101(f)(1)(J), Apr. 2, 1980, 94 Stat. 252; Pub. L. 96–596, § 2(c)(2), Dec. 24, 1980, 94 Stat. 3474; Pub. L. 97–164, title I, § 151, Apr. 2, 1982, 96 Stat. 46; Pub. L. 97–248, title IV, § 402(c)(11), Sept. 3, 1982, 96 Stat. 668; Pub. L. 98–369, div. A, title VII, § 714(g)(1), (p)(2)(H), July 18, 1984, 98 Stat. 961, 965; Pub. L. 99–514, title XVIII, § 1899A(58), Oct. 22, 1986, 100 Stat. 2961; Pub. L. 100–203, title X, § 10712(c)(5), Dec. 22, 1987, 101 Stat. 1330–467; Pub. L. 100–418, title I, § 1941(b)(2)(B)(x), Aug. 23, 1988, 102 Stat. 1323; Pub. L. 102–572, title IX, § 902(b)(1), Oct. 29, 1992, 106 Stat. 4516; Pub. L. 104–168, title XIII, § 1311(c)(4), July 30, 1996, 110 Stat. 1478; Pub. L. 105–206, title III, § 3104(a), July 22, 1998, 112 Stat. 731.)

## References in Text

The date of enactment of this title, referred to in subsec. (e), is Aug. 16, 1954.

26 USC 7422

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

## Amendments

1998—Subsecs. (j), (k). Pub. L. 105–206 added subsec. (j) and redesignated former subsec. (j) as (k).

1996—Subsec. (g)(2), (3). Pub. L. 104–168 inserted "4958," after "4955,".

1992—Subsecs. (e), (i). Pub. L. 102–572 substituted "United States Court of Federal Claims" for "United States Claims Court" wherever appearing.

1988—Subsec. (e). Pub. L. 100–418 substituted "or 44" for "44, or 45".

1987—Subsec. (g)(2), (3). Pub. L. 100–203 inserted "4955," after "4952,".

1986—Subsec. (g)(1)(B). Pub. L. 99–514 substituted "section 4963" for "section 4962".

1984—Subsec. (h). Pub. L. 98–369, § 714(p)(2)(H), substituted "section 6231 (a)(3)" for "section 6131 (a)(3)".

Subsecs. (i), (j). Pub. L. 98–369, § 714(g)(1), added subsec. (i) and redesignated former subsec. (i) as (j).

1982—Subsec. (e). Pub. L. 97–164 substituted "United States Claims Court" for "Court of Claims" wherever appearing.

Subsecs. (h), (i). Pub. L. 97–248 added subsec. (h) and redesignated former subsec. (h) as (i).

1980—Subsec. (e). Pub. L. 96–223 inserted reference to chapter 45.

Subsec. (g). Pub. L. 96–596 substituted in par. (1) provision authorizing, with respect to any taxable event, payment of the full amount of the first tier tax as constituting sufficient payment in order to maintain an action under this section with respect to the second tier tax and defining the terms "taxable event", "first tier tax", and "second tier tax" as having the respective meanings given to such terms by section 4962 of this title for provision authorizing, with respect to any act or failure to act giving rise to liability under sections 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4971, or 4975 of this title, payment of the full amount of tax imposed under specified subsections of those sections as constituting sufficient payment in order to maintain an action under this section with respect to such act or failure to act.

Pub. L. 96–222 substituted in pars. (1) to (3) "4944, 4945, 4951, 4952" for "4944, 4945" and in par. (1) "section 4945 (a) (relating to initial taxes on taxable expenditures), section 4951 (a) (relating to initial taxes on self dealing), 4952(a) (relating to initial taxes on taxable expenditures)" for "section 4945 (a) (relating to initial taxes on taxable expenditures)" and "section 4945 (b) (relating to additional taxes on taxable expenditures), section 4951 (b) (relating to additional taxes on self-dealing), 4952(b) (relating to additional taxes on taxable expenditures)" for "section 4945 (b) (relating to additional taxes on taxable expenditures)".

1976—Subsec. (a). Pub. L. 94–455, § 1906(b)(13)(A), struck out "or his delegate" after "Secretary".

Subsec. (c). Pub. L. 94–455, § 1906(a)(44), struck out "instituted after June 15, 1942," after "res judicata in all suits" and "where the petition to the Tax Court was filed after such date" after "decisions of the Tax Court".

Subsec. (e). Pub. L. 94–455, §§ 1307(d)(2)(F)(viii), 1605 (b)(11), 1906 (b)(13)(A), struck out "or his delegate" after "Secretary" and substituted "chapter 41, 42," for "chapter 42" and "43, or 44" for "or 43".

1974—Subsec. (e). Pub. L. 93–406, § 1016(a)(26)(A), substituted "chapter 42 or 43" for "chapter 42".

Subsec. (g). Pub. L. 93–406, § 1016(a)(26)(B)–(F), substituted "chapter 42 or 43" for "chapter 42" in heading, substituted "4945, 4971, or 4975" for "or 4945", "section 4945 (a) (relating to initial taxes on taxable expenditures), 4971(a) (relating to initial tax on failure to meet minimum funding standard), 4975(a) (relating to initial tax on prohibited transactions)" for "section 4945 (a) (relating to initial taxes on taxable expenditures)", and "section 4945 (b) (relating to additional taxes on taxable expenditures), section 4971 (b) (relating to additional tax on failure to meet minimum funding standard), or section 4975 (b) (relating to additional tax on prohibited transactions)" for "or section 4945 (b) (relating to additional taxes on taxable expenditures)" in par. (1), and substituted "4945, 4971, or 4975" for "or 4945" in pars. (2) and (3).

1971—Subsec. (f)(1). Pub. L. 92–178 authorized maintenance of suit or proceeding against the United States notwithstanding provisions of section 1502 of Title 28 (relating to certain treaty cases).

1969—Subsec. (e). Pub. L. 91–172, § 101(j)(56), inserted reference to chapter 42 taxes.

Subsecs. (g), (h). Pub. L. 91–172, § 101(i), added subsec. (g) and redesignated former subsec. (g) as (h).

1966—Subsecs. (f), (g). Pub. L. 89–713 added subsec. (f) and redesignated former subsec. (f) as (g).

1958—Subsec. (f)(2). Pub. L. 85–866 struck out "district" before "attorneys".

26 USC 7422

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

### Effective Date of 1998 Amendment

Pub. L. 105–206, title III, § 3104(c), July 22, 1998, 112 Stat. 732, provided that: "The amendments made by this section [amending this section and section 7479 of this title] shall apply to any claim for refund filed after the date of the enactment of this Act [July 22, 1998]."

### Effective Date of 1996 Amendment

Amendment by Pub. L. 104–168 applicable to excess benefit transactions occurring on or after Sept. 14, 1995 and not applicable to any benefit arising from a transaction pursuant to any written contract which was binding on Sept. 13, 1995, and at all times thereafter before such transaction occurred, see section 1311(d)(1), (2) of Pub. L. 104–168, set out as a note under section 4955 of this title.

### Effective Date of 1992 Amendment

Amendment by Pub. L. 102–572 effective Oct. 29, 1992, see section 911 of Pub. L. 102–572, set out as a note under section 171 of Title 28, Judiciary and Judicial Procedure.

### Effective Date of 1988 Amendment

Amendment by Pub. L. 100–418 applicable to crude oil removed from the premises on or after Aug. 23, 1988, see section 1941(c) of Pub. L. 100–418, set out as a note under section 164 of this title.

### Effective Date of 1987 Amendment

Amendment by Pub. L. 100–203 applicable to taxable years beginning after Dec. 22, 1987, see section 10712(d) of Pub. L. 100–203, set out as an Effective Date note under section 4955 of this title.

### Effective Date of 1984 Amendment

Amendment by section 714(g)(1) of Pub. L. 98–369 applicable to any claim for refund or credit filed after July 18, 1984, see section 714(g)(4) of Pub. L. 98–369, set out as an Effective Date note under section 1509 of Title 28, Judiciary and Judicial Procedure.

Amendment by section 714(p)(2)(H) of Pub. L. 98–369 effective as if included in the provision of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97–248, to which such amendment relates, see section 715 of Pub. L. 98–369, set out as a note under section 31 of this title.

### Effective Date of 1982 Amendment

Amendment by Pub. L. 97–248 applicable to partnership taxable years beginning after Sept. 3, 1982, with provision for the applicability of the amendment to any partnership taxable year ending after Sept. 3, 1982, if the partnership, each partner, and each indirect partner requests such application and the Secretary of the Treasury or his delegate consents to such application, see section 407(a)(1), (3) of Pub. L. 97–248, set out as an Effective Date note under section 6221 of this title.

Amendment by Pub. L. 97–164 effective Oct. 1, 1982, see section 402 of Pub. L. 97–164, set out as a note under section 171 of Title 28, Judiciary and Judicial Procedure.

### Effective Date of 1980 Amendments

For effective date of amendment by Pub. L. 96–596 with respect to any first tier tax and to any second tier tax, see section 2(d) of Pub. L. 96–596, set out as an Effective Date note under section 4961 of this title.

Amendment by Pub. L. 96–223 applicable to periods after Feb. 29, 1980, see section 101(i) of Pub. L. 96–223, set out as a note under section 6161 of this title.

Amendment by Pub. L. 96–222 effective as if included in the provisions of the Black Lung Benefits Revenue Act of 1977, Pub. L. 95–227, see section 108(b)(4) of Pub. L. 96–222, set out as a note under section 192 of this title.

### Effective Date of 1976 Amendment

Amendment by section 1307(d)(2)(F)(viii) of Pub. L. 94–455 effective on and after Oct. 4, 1976, see section 1307(e)(6) of Pub. L. 94–455, set out as a note under section 501 of this title.

For effective date of amendment by section 1605(b)(11) of Pub. L. 94–455, see section 1608(d) of Pub. L. 94–455, set out as a note under section 856 of this title.

*26 USC 7422*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

Amendment by section 1906(a)(44), (b)(13)(A) of Pub. L. 94–455 effective on first day of first month which begins more than 90 days after Oct. 4, 1976, see section 1906(d)(1) of Pub. L. 94–455, set out as a note under section 6013 of this title.

## Effective Date of 1974 Amendment

Amendment by Pub. L. 93–406 applicable, except as otherwise provided in section 1017(c) through (i) of Pub. L. 93–406, for plan years beginning after Sept. 2, 1974, and in the case of plans in existence on Jan. 1, 1974, amendment by Pub. L. 93–406 applicable for plan years beginning after Dec. 31, 1975, see section 1017 of Pub. L. 93–406, set out as an Effective Date; Transitional Rules note under section 410 of this title.

## Effective Date of 1971 Amendment

Section 309(b) of Pub. L. 92–178 provided that: "The amendment made by subsection (a) [amending this section] shall apply to suits or proceedings which are instituted after January 30, 1967."

## Effective Date of 1969 Amendment

Amendment by Pub. L. 91–172 effective Jan. 1, 1970, see section 101(k)(1) of Pub. L. 91–172, set out as an Effective Date note under section 4940 of this title.

## Effective Date of 1966 Amendment

Section 3(d) of Pub. L. 89–713 provided that: "The amendments made by subsections (a) and (b) [amending this section and section 2502 of Title 28, Judiciary and Judicial Procedure] shall apply to suits brought against officers, employees, or personal representatives referred to therein which are instituted 90 days or more after the date of the enactment of this Act [Nov. 2, 1966]. The amendment made by subsection (c) [amending section 7482 of this title] shall apply to all decisions of the Tax Court entered after the date of enactment of this Act."

## Effective Date of 1958 Amendment

Amendment by Pub. L. 85–866 as effective Aug. 17, 1954, see section 1(c)(2) of Pub. L. 85–866, set out as a note under section 165 of this title.

## Plan Amendments Not Required Until January 1, 1989

For provisions directing that if any amendments made by subtitle A or subtitle C of title XI [§§ 1101–1147 and 1171–1177] or title XVIII [§§ 1800–1899A] of Pub. L. 99–514 require an amendment to any plan, such plan amendment shall not be required to be made before the first plan year beginning on or after Jan. 1, 1989, see section 1140 of Pub. L. 99–514, as amended, set out as a note under section 401 of this title.

**EXHIBIT C:**
Plaintiffs' "Verified Notice And Demand To Release or Withdraw Notice of
Federal Tax Lien" dated October 20, 2006, Form 12661, and Form 12277
(14 pages)

Certified Mail no. 7004 ~~90 0002 0002 7832

| Form **12661**<br>(September 2000) | Department of the Treasury - Internal Revenue Service<br>## Disputed Issue Verification |
|---|---|

**Taxpayer name**

## Douglas Gunnink

| Tax period<br>## 12/31/1996 and 1997 | Social Security Number<br>exempt (b)(6) |
|---|---|

**Instructions for completing disputed issues**

Please complete a separate block for each issue or adjustment with which you disagree.

Attach photocopies of supporting information for each issue or adjustment marked. Number the supporting information with the same number as its disputed issue. If you need additional blocks, photocopy additional sheets and number accordingly.

**1. Disputed issue or adjustment**

## Mathematical & Accounting Errors Regarding Liability

Reason why you disagree with the audit results

## See Attached: Verified Notice and Demand to Release or...w/exhibits

| Amount claimed on original return<br>## Unknown | Amounts allowed on Audit report<br>## Unknown |
|---|---|

**2. Disputed issue or adjustment**

Reason why you disagree with the audit results

| Amount claimed on original return | Amounts allowed on Audit report |
|---|---|

**3. Disputed issue or adjustment**

Reason why you disagree with the audit results

| Amount claimed on original return | Amounts allowed on Audit report |
|---|---|

**Do not send original documents — Send photocopies only**

*Douglas John Gunnink* (signature)        *Oct. 23, 2006*

**Privacy Act Notice**

The Privacy Act of 1974 says that when we ask you for information, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law. This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; and collect tax, interest, or penalties.

Our legal right to ask for information is Internal Revenue Code sections 6001, 6011, and 6012(a) and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections. Code section 6109 and its regulations say that you must show your social security number or individual taxpayer identification number on what you file.

Form **12661** (9-2000)        Catalog Number 29360J        www.irs.gov        Department of the Treasury-**Internal Revenue Service**

Department of the Treasury - Internal Revenue Service

Form **12277**
(Rev. June 2004)

## Application for Withdrawal of Filed
## Form 668(Y), Notice of Federal Tax Lien
### (as based on Internal Revenue Code Section 6323(j))

### General Instructions

1. Attach a copy of the Form 668(Y), *"Notice of Federal Tax Lien "*, affecting the property, if available. You may also provide other documentation that you feel substantiates your request. If the information you supply is not complete, it may be necessary for the Technical Services Group Manager to obtain additional information before issuing the notice of withdrawal.

2. Please mail your request to the IRS, ATTN: Technical Services Group Manager, in the area where you live. Use Publication 4235, *"Technical Services Group Addresses "*, to determine where to mail your application.

3. If a determination is made to withdraw the filed Form 668(Y), we'll send you a Form 10916(c), *"Withdrawal of Filed Notice of Federal Tax Lien "*, and we'll notify your creditors if you provide the names and addresses of the credit reporting agencies or financial institutions.

4. If, at a later date, additional copies of the Form 10916(c) are needed, you must provide a written request to the Technical Services Group Manager. The request must provide the following information:

   **a.** the name, current address and taxpayer identification number of the person requesting that the credit reporting agency, financial institution or creditor be notified of the withdrawal of the Notice of Federal Tax Lien;

   **b.** a copy of the notice of withdrawal, if available; **and**

   **c.** a list of the names and addresses of any credit reporting agencies, financial institutions, or creditors that you want notified of the withdrawal of the filed Form 668(Y).

   **NOTE:** This document also serves as our authority to release the notice of withdrawal information to the agencies or financial institutions you have identified.

| 1. Name *(First, Middle Initial, Last)* | 2. SSN or EIN |
|---|---|
| Douglas Ginnink | exempt (b)(6) |

3. Address *(Number, Street, P.O. Box)*

c/o 25303 461st Ave

| 4. City | 5. State | 6. ZIP code |
|---|---|---|
| Gaylord | Minnesota | [PZ 55334] |

7. Reason for requesting withdrawal of the filed Notice of Federal Tax Lien *("x" appropriate box and, on a separate sheet, explain the events that occurred.)*

[X] **a.** The notice was filed prematurely, or not in accordance with IRS procedures.

[ ] **b.** The taxpayer entered into an installment agreement to satisfy the liability on the lien *(unless the agreement provides otherwise).*

[ ] **c.** The withdrawal will facilitate collection of the tax, **or**

[ ] **d.** The withdrawal would be in the best interest of both the taxpayer *(as determined by the Taxpayer Advocate)* and the government.

| **Affirmation** | Under penalties of perjury, I declare that I have examined this application *(including any accompanying schedules, exhibits, affidavits, and statements)* and, to the best of my knowledge and belief, it is true, correct and complete. |
|---|---|
| | Signature *(Taxpayer or Representative)*   Date *Oct. 23, 2006* |

Certified Mail: 7004 2890 0002 0002 7825

Douglas Gunnink
c/o 25303 461st Ave
Gaylord, Minnesota [PZ 55334]

October 20, 2006

Department of the Treasury
Internal Revenue Service Center
Attn: Richard A Wallin and Ted Boraas
1550 American Blvd E. STE 5000
Blooming, MN 55425-1104

Re: Letter 3172 / Facsimile Federal Tax Lien Document
Assigned Treasury Account: exempt (b)(6)

# VERIFIED NOTICE AND DEMAND TO RELEASE OR
# WITHDRAW NOTICE OF FEDERAL TAX LIEN

I, Douglas Gunnink, hereinafter referred to as "Belligerent Claimant," or "Claimant," (see *United States v. Johnson*, 76 F.Supp. 538 (1947)), have in possession a copy of Letter 3172 and three (3) "Facsimile Federal Tax Lien Documents", hereinafter referred to as "NFTL", which reference alleged assessed liabilities totaling $182,362.36 for tax periods December 31, 1996 and 1997 (see **Exhibit A**). Claimant hereby demands for the production of verified documentation evidencing Service employees have made valid and verifiable assessments in accordance with 26 U.S.C. §§ 6203, 6212, 6213, 6751 *et. al*, relevant to the statutory tax imposed by Title 26 of the United States Code prior to issuing the NFTL. Therefore, Claimant herein challenges and contests the procedural validity of the NFTL. Please find the enclosed verified evidence, "Exhibits" that supports Claimant's position that Service employees have failed to comply with the internal revenue laws rendering the NFTL invalid.

## I.
## Facts and Occurrence of Events

Claimant has been issued a procedurally invalid Letter 3172 and three (3) "Facsimile Federal Tax Lien Document" referencing $182,362.36 as alleged total for tax periods December 31, 1996 and 1997, encumbering Claimant's property rights; resulting in an action cognizable under 26 U.S.C. §§ 7214, 7431, 7432, and 7433. Claimant is entitled to and seeks actual and direct economic damages for violations that shall be effectively enumerated in a properly executed cause of action. The following facts are herein enumerated as follows:

1. On or about September 13, 2006 and May 9, and 27, 2005 alleged Revenue Officer Richard A Wallin and Ted Boraas authorized "Facsimile Federal Tax Lien Documents" referencing alleged liabilities totaling $182,362.36 for tax periods December 31, 1996 and 1997 (see **Exhibit A-3, 4, 5**).

2. That together with this action was IRS Letter 3172 dated September 21, 2006, and titled "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320", allegedly providing Claimant an opportunity to dispute the NFTL (see **Exhibit A-1,2**).

3. That on or about September 29, 2006, Claimant responded to both Letter 1058 and Letter 3174(P) by serving Revenue Officer Richard A Wallin and other IRS offices, completed Forms 12153 requesting for CDP hearing and 843 request for abatement, regarding their claims of alleged "*Amount You Owe*" for tax periods December 31, 1996 and 1997 (see **Exhibit B-1,2,3,6,7,8,9,10**).

4. That on or about September 20, 2006, Claimant received Letter 1058 dated September 13, 2006, from Revenue Officer Richard A Wallin titled "*Notice of Intent to Levy…*" referencing alleged "*Amount You Owe*" for tax periods December 31, 1996 and 1997 (see **Exhibit B-4,5**).

5. That on or about September 19, 2006, Claimant received Letter 3174(P) dated September 13, 2006 from Revenue Officer Richard A Wallin referencing alleged "*Amount You Owe*" totaling $239,594.28 for tax periods December 31, 1996 and 1997 (see **Exhibit B-11,12**).

6. That on or about July 2, 2006, Claimant received two (2) Notice CP504s dated June 26, 2006, from unknown Service employees at the Cincinnati campus, referencing "*We intend to levy on certain assets, Please respond NOW*" regarding alleged "Amount Due:" totaling $1,012.16 for tax periods December 31, 1996 and 1997 (see **Exhibit C**).

7. That on or about June 27, 2006, Claimant received Letter 2645C, dated June 20, 2006 from Operation Manager Anna S. Medlock, responding to Claimant's previous correspondence received May 23, 2006 and stating "*We haven't resolved this matter because we haven't completed all the research necessary for a complete response*" and "*We will contract you again within 45 days to let you know what action we are taking*" in reference to tax year December 31, 1997 (see **Exhibit D-1**)

8. That on or about May 15, 2006, Claimant responded to two (2) Notice CP15s dated April 24, 2006 by serving Atlanta and other IRS offices, completed Form 12661 – Disputed Issue Verification attached to Claimant's "Verified Affidavit and Constructive Notice", requesting for Service employees to produce valid and verified documents evidencing their claims regarding tax periods December 31, 1996 and 1997 (see **Exhibit D-2,3,4**).

9. That on or about April 24, 2006, Claimant received two (2) boilerplate Notice CP15s – Notice of Penalty Charged, from the Atlanta campus, alleging Claimant filed frivolous income tax returns for tax years December 31, 1996 and 1997 (see **Exhibit D-5,6**).

10. That on or about April 19, 2006, Claimant received from Field Director Scott Prentky, two (2) boilerplate Letter 105Cs titled WE COULDN'T ALLOW YOUR CLAIM, both dated April 11, 2006, stating "*Your claim is based on a frivolous position*" and referencing that Claimant may file a suit within two years regarding tax periods December 31, 1996 and 1997 (see **Exhibit E**).

11. That on or about April 8, 2006, Claimant received Letter 3180 dated March 29, 2006 from Technical Services Territory Manager Annette M. Jones, which states; "*We are disallowing your claim for abatement…*" regarding tax years December 31, 1996 and 1997 (see **Exhibit F**).

12. That on or about March 10, 2006, Claimant responded to Letter 3176C dated February 13, 2006 by serving Operation Manager Dennis L. Preizak and other IRS offices completed Form 12661 – Disputed Issue Verification and reissued Form 843 – Request for Abatement attached to Claimant's "Verified Affidavit and Constructive Notice" requesting for explanation regarding determination that Claimant's information sent was frivolous and has no basis in law for tax periods December 31, 1996 and 1997 (see **Exhibit G-1,2,3,4,5**).

13. That on or about February 22, 2006, Claimant received Letter 3176C dated February 13, 2006 from Operation Manager Dennis L. Parizek making the determination that Claimant's information attached to previous filed Form 843 requesting for abatement, was determined as frivolous and had no basis in law regarding tax periods December 31, 1996 and 1997  (see **Exhibit G-6,7,8,9**).

14. That on or about March 7, 2006, Claimant responded to Letters 2289 and 2413(P) dated February 6 and 14, 2006 by serving Technical Services Territory Manager Annette M. Jones, Revenue Officer Richard A. Wallin and other IRS offices completed Form 9423 - Collection Appeal Request regarding tax periods December 1995 through 1998 (see **Exhibit H-1,2,3,4**).

15. That on or about February 20, 2006, Claimant received Letter 2413 dated February 13, 2006 from Revenue Officer Richard A. Wallin referencing Claimant's information sent regarding tax periods December 31, 1995 through 1998 "...*does not establish reasonable cause for adjustment...*" (see **Exhibit H-5,6,7,8**).

16. That on or about February 13, 2006, Claimant responded to Form 9774 dated January 16, 2006 by serving Covington and other IRS offices completed Forms 12661-Disputed Issue Verification and 843-Request for Abatement attached to Claimant's "Verified Notice to Abate Alleged Federal Tax Liability" regarding IRS claims for tax period December 31, 1996 (se **Exhibit I-1,2,3,4**).

17. That on or about February 12, 2006, Claimant received Letter 2289 dated February 6, 2006 from Technical Services Territory Manager Annette M. Jones referencing the disallowance of Claimant's previous filed Form 843, requesting for abatement regarding IRS claims for tax years December 31, 1996 and 1997 (see **Exhibit H-5,6,7,8**).

18. That on or about January 23, 2006, Claimant received Form 9774 dated January 16, 2006 from unknown Service employees at the Covington campus referencing alleged, "taxes still owed" for tax period December 31, 1996 (see **Exhibit I-5**).

19. That on or about February 13, 2006, Claimant responded to Letter 3174(P) dated November 28, 2005 by serving Revenue Officer Richard A Wallin and other IRS offices completed Form 843-Request For Abatement, attached to Claimant's "Notice to Abate Alleged Federal Tax Liability..." regarding IRS claims of alleged "Amount You Owe" for tax periods December 31, 1996 and 1997 (see **Exhibit J-1,2,3,4**).

20. That on or about December 28, 2005, Claimant received written correspondence from Technical Services Group Manager John S. Head, denying Claimant's previous issued request for withdrawal of Notices of Federal Tax Lien for tax periods December 31, 1996 and 1997 (see **Exhibit K-1**).

21. That on or about December 7, 2005, Claimant received Letter 3174(P) dated November 28, 2005 from Revenue Officer Richard A Wallin, alleging Claimant still owes for tax period December 31, 1996 and 1997 (see **Exhibit J-5,6,7**)

22. That on or about November 9, 2005, Claimant responded to two "Facsimile Federal Tax Lien Documents" dated May 9 and 27, 2005, by serving the District and Area Directors, Technical Service Group Manager and other Department of the Treasury offices completed Forms 12277-Application for Withdrawal of Filed Form 668(Y)(c), 843-Request For Abatement, 12661-Disputed Issue Verification and 9423-Collection Appeal Request regarding procedurally invalid Notice of Federal Tax Liens for Tax periods December 31, 1996 and 1997 (see **Exhibit K-2** through **10** and **A-4,5**).

23. That Service employees have continued to ignore and refuse to answer Claimant regarding issues and concerns relevant to Claimant's alleged liabilities in direct violation of 26 CFR § 601.201(a)(1), stating in pertinent part, *"It is practice of the Internal Revenue Service to answer inquiries of individuals and organizations, as to their status for tax purposes, and as to the tax effects of their acts or transaction,"*

24. That Service employees have caused exactions to be effectuated against Claimant in direct violation of 26 CFR § 601.106 Rule I., stating in pertinent part: *"An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution,"* establishing a claim of right wherein relief must be granted.

25. That because Service employees Richard A Wallin, John S. Head, Annette M. Jones, Dennis L. Parizek, Scott Prenty and Anna S. Medlock have failed or refused to address Claimant's issues and concerns contrary to statutes, regulations and policy, the filing of the wrongful and illegal Notice of Federal Tax Lien to encumber Claimant's real property rights and seize personal property constitute violations of due process and warrants withdrawal and/or release accordingly.

### II.
### Demand For Release of the Procedurally Invalid Notice of Federal Tax Lien(s) For Exhaustion of the Administrative Remedies at 26 CFR § 301.7433(a)(1), (b)(1) and (e)

Claimant herein requests assistance pursuant to 26 CFR § 601.201(a)(1), stating in pertinent part, *"It is practice of the Internal Revenue Service to answer inquiries of individuals and organizations, as to their status for tax purposes, and as to the tax effects of their acts or transaction."*

The verified evidence above regarding the Notice of Federal Tax Liens which appears to be authorized by Revenue Officer Richard A Wallin and Ted Boraas prepared May 9 and 27, 2005 and September 13, 2006, for tax periods December 31, 1996 and 1997 is in support of Claimant qualifying for release pursuant to 26 U.S.C. § 6325(a)(1), or withdrawal pursuant to 26 U.S.C. § 6323(j)(1)(A). These statutory provisions provide in pertinent part:

### § 6325. Release of lien or discharge of property

### (a) Release of lien

Subject to such regulations as the Secretary may prescribe, *the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after* the day on which—

**(1) Liability satisfied or unenforceable**

The Secretary finds that *the liability for the amount assessed, together with all interest* in respect thereof, has been fully satisfied or *has become legally unenforceable*

**26 U.S.C. § 6323(j)(A) Withdrawal of notice in certain circumstances**

(j) **In general** The Secretary may withdraw a notice of a lien filed under this section and this chapter shall be applied as if the withdrawn notice had not been filed, if the Secretary determines that— (A) "*the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary*,"

The Notice of Federal Tax Liens authorized by Revenue Officer Richard A Wallin and Ted Boraas prepared May 9 and 27, 2005 and September 13, 2006, were not filed in accordance with the administrative procedures of the Secretary and are therefore legally unenforceable. Further, the NFTLs are facially misleading and fraudulent in violation of 26 U.S.C. § 7214(a)(7), as Service employees have intentionally mischaracterize the alleged tax liabilities imposed or "Kind of Tax" as a 1040-- willfully implying that Congress enacted "Form 1040" as the type of statutory tax liability imposed – when everybody knows that "Form 1040" is not a Kind of Tax, but a self-assessment information return (see **Exhibit A**).

In review, Claimant has verified evidence sufficient to conclude that Revenue Officers Richard A Wallin and Ted Boraas failed to comply with the following administrative procedures prior to issuing the procedurally invalid Notice of Federal Tax Liens, warranting withdrawal and/or release in light of these documented violations:

1.1 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 7429(a)(1)(A), failing to obtain prior approval from the Chief Counsel of the Internal Revenue Service in writing before issuing jeopardy assessment giving rise to the NFTLs for tax periods as stated above;

1.2 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 7429(a)(1)(B), by failing to issue a written statement no later than five days after the alleged jeopardy assessment that set forth the information relied upon for authorizing the action prior to issuing the NFTLs for tax periods as stated above;

1.3 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 6751, by failing to obtain approval from the Secretary in writing prior to or after issuing the jeopardy assessment and before issuing the NFTLs for tax periods as stated above;

1.4 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas proceeded in violation of 26 U.S.C. § 7431(a), knowingly and intentionally causing return information to be disclosed in violation of section 6103, including Claimant's assigned Treasury Account Number to be disclosed via the public records to third parties; and Claimant has never previously authorized disclosure of such private information;

1.5 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 6020(b), by failing to obtain approval from the Secretary in writing prior to creating the alleged liability and before issuing the NFTLs for tax periods as stated above;

1.6 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 6212(a) by failing to issue a Notice of Deficiency – allowing Claimant 90 days to petition the tax court to challenge the validity of liability for tax periods as stated above;

1.7 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 6330, by failing to allow Claimant a Collections Due Process Hearing – regarding tax periods as stated above – noticing Claimant regarding his rights of a due process hearing;

1.8 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 6303, by failing to issue Claimant a Notice and Demand for tax prior to issuing the NFTLs for tax periods as stated above;

1.9 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas proceeded in violation of 26 U.S.C. § 7214(a)(2), by knowingly demanding other and greater sums than authorized by law, as indicated on the procedurally invalid NFTLs for tax periods as stated above;

1.10 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas proceeded in violation of 26 U.S.C. § 7214(a)(7), and did knowingly make and sign fraudulent entries in books, certificates, returns and statements by issuing the procedurally invalid NFTLs for tax periods as stated above;

1.11 In willful disregard for the internal revenue laws, Revenue Officers Richard A Wallin and Ted Boraas failed to comply with 26 U.S.C. § 6331(j)(2)(A), by failing to verify the statutory tax liability imposed for tax periods as stated above.

No evidence exists on the record that Revenue Officers Richard A Wallin, Ted Boraas and fiduciary Service employees complied with 1.1 through 1.11 above prior to issuing the illegal and procedurally invalid Notice of Federal Tax Liens against the property rights of Claimant. Therefore, this shall be considered an exhaustion of Claimant's administrative remedy in accordance to Regulations 26 CFR § 301.7433(a)(1), (b)(1) and (e), demanding release or withdrawal of the NFTLs on Claimant's property for the years in question. Richard A Wallin and Ted Boraas further admit to Claimant's exhaustion of the administrative remedy with any response or no response at all in accordance with 28 U.S.C. § 2675 – giving rise to judicial review in a Court of competent jurisdiction.

## III.
### Internal Revenue Service Failed To Impose A Federal Tax Liability Creating The Basis For An Assessment

Service employees failed to establish the existence of a federal tax liability applicable to Claimant prior to issuing the procedurally invalid Notice of Federal Tax Liens. Pursuant to Acts of Congress as codified in

Title 26 of the United States Code (U.S.C.) and implementing Code of Federal Regulations (CFR), the Secretary, area director, *aka* district director or other fiduciary officials, agents or employees *must*, prior to assessment, impose a tax liability by some statute identifiable within the Code. The courts have ruled: *"Moreover, even the collection of taxes should be extracted only from persons upon whom a tax liability is imposed by some statute"*. *Botta v. Scanlon*, 288 F.2d 504, 506 (1961), and such a ruling is no less applicable in this instant case. The courts went on to state: " . . . *the debt arises when the tax obligation accrues, and that obligation accrues upon the occurrence of the event triggering the liability."* *Selbe v. United States*, 912 F. Supp. 202, 205 (W.D.Va. 1995)

As referenced on Form 668(Y)(c) - Notice of Federal Tax Lien instrument, the "Kind of Tax" indicated in Column (a) is identified as "1040", implying that Form "1040" is the liability statute imposed by an Act of Congress. This reference, on the NFTLs by Revenue Officers Richard A Wallin and Ted Boraas are intentionally misleading and in direct violation of 26 U.S.C. § 7214(a)(7), wherein the officer is knowingly making and signing fraudulent entries on a certificate. The statutory reference to 26 U.S.C. § 1040 *et. seq.*, is titled: **"Transfer of certain farm, etc., real property"** as relevant to an executor of an estate of a decedent-- a far cry from an Act of Congress purporting to establish an income tax liability.

To punctuate this misnomer, Claimant directs Serving employees' attention to several sections within the Internal Revenue Code that clearly identify the "Kind of Income" tax liability imposed, including but not limited to 26 U.S.C. § 5005(a) so stating, "The distiller or importer of distilled spirits *shall be liable* for the taxes imposed thereon by subsection 5001(a)(1)." A few more examples include, 26 U.S.C. §§ 357, 801, 2603, 4081, 4091, 4131, 4461, 4611, 5701, 5703, 7501 *etc.* Accordingly, the courts have ruled: *"Without question, a taxing statute must describe with some certainty the transaction, service, or object to be taxed, and in the typical situation it is construed against the Government."* *United States v. Community TV, Inc.*, 327 F.2d 797 (10th Cir. 1964), and *Hassett v. Welch*, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938); and at no time has Claimant ever been made liable for any tax imposed by Title 26 of the United States Code or by Regulations.

1.12   Pursuant to 26 U.S.C. § 7491(a)(1) **"Burden shifts where taxpayer produces credible evidence** (1) **General rule** If, in any court proceeding, a taxpayer introduces credible *evidence with respect to any factual issue relevant to ascertaining the liability* of the taxpayer *for any tax imposed* by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue."

1.13   Pursuant to 26 CFR § 1.1-1(a)(1) **"Income tax on individuals.** Section 1 of the Code *imposes an income tax* on the income of every individual who is a citizen or resident of the United States . . ."

1.14   Pursuant to 26 U.S.C. § 1(a) "Tax imposed. There is hereby *imposed on the taxable income* . . ." and taxable income is defined at 26 U.S.C. § 63(a) as gross income minus deductions."

1.15   Pursuant to 26 U.S.C. § 6001, 26 CFR § 1.6001-1 and 26 CFR § 301.6001-1 *"Every person liable for any tax imposed* by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe."

1.16   Pursuant to 26 U.S.C. § 6011 (a) **"General rule** When required by regulations prescribed by the Secretary any person *made liable for any tax imposed by this title*, or with respect to the collection

thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations."

1.17 Pursuant to 26 U.S.C. § 6301 states: "***The Secretary shall collect the <u>taxes imposed by the internal revenue laws</u>*** . . ."

1.18 Pursuant to 26 CFR § 301.7602-2(c)(3)(C), "Tax liability. A ***<u>tax liability means the liability for any tax imposed</u>*** by Title 26 of the United States Code (including any interest, additional amount, addition to the tax, or penalty) and does not include the liability for any tax imposed by any other jurisdiction nor any liability imposed by other Federal statutes."

1.19 Pursuant to 26 U.S.C. § 6331(j)(2)(1)(A) states in pertinent part: "No levy may be made on any property or right to property . . . until . . . ***verification of the taxpayer's liability . . . has been completed***."

Service employees Richard A Wallin, John S. Head, Annette M. Jones, Dennis L. Parizek, Scott Prenty and Anna S. Medlock have failed to verify or identify the tax imposed by Title 26 of the Code resulting from assessments indicated on the Notice of Federal Tax Lien, which clearly identifies the "Kind of Tax" as a 1040 tax – as it is public knowledge that "Form 1040" is NOT the tax that imposes the liability pursuant to any Act of Congress. The United States Supreme Court held in *Heiner v. Donnan*, 285 U.S. 312 (1932): "***. . . a statute which imposes a tax upon an assumption of fact with the [presumed] taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment***." For these and other reasons the Notice must be withdrawn or released, or in the alternative a cognizable at law response to 1.12 through 1.19 above from the Chief Counsel of the Internal Revenue Service would be greatly appreciated.

## IV.
## <u>Exhaustion of Administrative Remedies And Damages</u>
## <u>Sought For Unauthorized Collection Actions If Denied</u>

After Revenue Officers Richard A Wallin, Ted Boraas, the Area Director, Compliance Technical Support Manager for Area 9, and any other fiduciary employee of the IRS are in receipt of this notice and there is a failure to release or withdraw the Notice of Federal Tax Liens for tax periods December 31, 1996 and 1997 totaling $182,362.36 and encumbering the property rights of Douglas Gunnink, will result in an action cognizable under 26 U.S.C. §§ 7214, 7431, 7432 and 7433, seeking actual and direct economic damages for violations that shall be effectively enumerated in a property executed cause of action.

## 26 U.S.C. § 7432. Civil damages for Failure to release lien.
### (a) In general
If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
### (b) Damages.
In any action brought under subsection (a), ***<u>upon a finding of liability on the part of the defendant, the defendant shall be liable to the in an amount equal to the sum of</u>***—

   (1) *actual, direct economic damages sustained by the  which, but for the actions of the defendant, would not have been sustained*, plus

   (2) the cost of the action.

Claimant demands Revenue Officers Richard A Wallin, Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9, issue a release and/or withdraw the procedurally invalid Form 668(Y)(c) Notice of Federal Tax Liens for tax periods December 31, 1996 and 1997, totaling $182,362.36, that is presently encumbering and slandering title to Claimant's real property rights. Claimant herein further demands the remedies as follows:

(a) Claimant demands Revenue Officer Richard A Wallin and Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9 issue a release and/or withdraw the procedurally invalid Notice of Federal Tax Liens for tax periods December 31, 1996 and 1997, totaling $182,362.36, because the Notice was wrongfully and illegally issued in violation of as cited above;

(b) Claimant demands Revenue Officer Richard A Wallin and Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9 completely abate the alleged assessed liabilities for tax periods December 31, 1996 and 1997, totaling $182,362.36, because Service employees willfully disregarded the internal revenue laws as cited herein above;

(c) Claimant demands Revenue Officer Richard A Wallin and Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9 completely abate the alleged assessed liabilities for tax periods December 31, 1996 and 1997, totaling $182,362.36, because Service employees willfully disregarded the internal revenue laws that require the establishment of a liability prior to assessment as cited above;

(d) Claimant demands Revenue Officer Richard A Wallin and Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9 completely abate the alleged assessed liabilities for tax periods December 31, 1996 and 1997, totaling $182,362.36, because Service employees willfully disregarded the internal revenue laws and intentionally misled and induced others on the recorded instrument, indicating the tax liability to be a "Form 1040"-- which is NOT a liability established by any act of Congress as referenced herein above;

(e) Claimant demands Revenue Officer Richard A Wallin and Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9 completely abate the alleged assessed liabilities for tax periods December 31, 1996 and 1997, totaling $182,362.36, because Service employees willfully disregarded the internal revenue laws and are demanding extortionate amounts in excess of what is required under the Constitution, statute and regulations as referenced herein above;

(f) Claimant demands Revenue Officer Richard A Wallin and Ted Boraas and the Area Director, Compliance Technical Support Manager for Area 9 completely abate the alleged assessed liabilities for tax periods December 31, 1996 and 1997, totaling $182,362.36 because Service employees willfully disregarded the internal revenue laws and failed to obtain any of the proper signatory authority authorizing a liability or assessment, as commanded by statute and regulations referenced herein above.

The Area Director (District Director) at Area 9, acting in capacity as the Compliance Technical Support Manager, the Secretary of the Treasury, Revenue Officers Richard A Wallin, Ted Boraas and other Internal Revenue Service fiduciary employee(s) named here must respond within 10 days from receipt of this notice as required pursuant to 5 U.S.C. § 552a(d)(2)(A) of the Administrative Procedures Act. Claimant is demanding that the parties named herein review your records to correctly reflect Claimant's status as required by 5 U.S.C. § 552a(d)(2)(B)(i). Further requests acknowledgment with IRS Letter 3000(C), or any letter and/or notice that supercedes IRS Letter 3000(C) for purposes of acknowledging the receipt of 's correspondence and/or Letter 2358C notifying that this matter is being considered for resolution. Claimant does not wish to continue being injured by the actions and inactions of Service employees. Thank you for your kind indulgence and assistance in this matter as Claimant looks forward to your response and an amicable remedy to this perilous matter.

I, Douglas Gunnink, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), the above to be true and correct to the best of my knowledge, understanding and belief.

Signature: _____

Douglas Gunnink, Claimant

State of Minnesota          )
                            ) ss:
County of _Sibley_          )

I certify on this __23__ day of October 2006 that I know or have satisfactory evidence that Douglas Gunnink is the person who appeared before me and said person acknowledged that he signed this instrument and acknowledged it to be a free and voluntary act for the uses and purposes mentioned in the instrument.

Witness my hand and official seal. _Kathleen m Jensen_

Signature of Notary


KATHLEEN MARIE JENSEN
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

My Commission Expires: _1-31-2010_

**Inclusions:**

**Form 12261** "Disputed Issue Verification"
**Form 12277** "Application for Withdrawal of Notice of Federal Tax Lien"

**Attachment:** Due to the large volume of exhibits referenced herein, please find enclosed first and last pages only. Complete exhibits will be furnished upon request.

**EXHIBIT A:** Facsimile Federal Tax Lien Documents, Letter 3172
**EXHIBIT B:** Form 12153, Verified Notice to Contest... w/ Letters 1058 and 3174(P)
**EXHIBIT C:** Notice CP504 for tax periods 1996 and 1997 dated June 26, 2006
**EXHIBIT D:** Letter 2645C/ Form 12661, Claimant's Verified Affidavit and... Notice CP15
**EXHIBIT E:** Letters 105C dated April 11, 2006
**EXHIBIT F:** Letter 3180 dated March 29, 2006

**EXHIBIT G:** Forms 12661, 843 Verified Affidavit and... Letter 3176C w/Forms 2297, 3363
**EXHIBIT H:** Form 9423, Verified Affidavit of Protest... Letters 2289 and 2413
**EXHIBIT I:** Forms 12661, 843, Verified Notice to Abate... Form 9774
**EXHIBIT J:** Form 843, Notice to Abate Alleged... Letter 3174(P)
**EXHIBIT K:** Written Correspondence, Forms 12277, 843, 12661, 9423, Notice to Issue Certificate of...
**Mail to:**

**Department of the Treasury**
Internal Revenue Service
Area 9, Area Director
Compliance Technical Support Manager
30 East 7th Street
St. Paul, MN 55101
Certified Mail: 7004 2890 0002 0002 7832

**Department of the Treasury**
Internal Revenue Service
Attn: Chief, Special Procedures
30 East 7th Street
St. Paul, MN 55101
Certified Mail: 7004 2890 0002 0002 7801

**Attorney General of the United States**
Alberto R. Gonzales
United States Department of Justice
950 Pennsylvania Avenue Northwest
Washington, DC 20530-00001
Certified Mail: 7006 0810 0001 6005 6468

**Treasury Inspector General for Tax Administration**
ATTN: Complaint Management Division
P.O. Box 589
Washington, DC 20044
Certified Mail: 7006 0810 0001 6005 6482

**Department of the Treasury**
Internal Revenue Service
Donald L. Korb, Chief Counsel
1111 Constitution Ave., NW CM#4
Washington, DC, 20224
Certified Mail: 7006 0810 0001 6005 6550

///

///



**IRS** Department of the Treasury
Internal Revenue Service
PO BOX 145585 STOP 8420G
CINCINNATI, OH 45250-5585

CERTIFIED MAIL

7178 2665 9394 6024 8698

Letter Date: 09/21/2006
Taxpayer Identification Number:
exempt (b)(6)
Contact Person:
RICHARD A WALLIN
Employee Identification Number:
41-03402
Contact Telephone Number:
(651) 726-1465

DOUGLAS GUNNINK
25303 461ST AVE
GAYLORD, MN 55334-2016

001019

## Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on 09/13/2006

| Type of Tax | Tax Period | Amount Owed |
|---|---|---|
| 6702 | 12/31/1996 | 500.00 |
| 6702 | 12/31/1997 | 500.00 |

| EXHIBIT | PAGE | OF |
|---|---|---|
| A | 1 | 5 |

The lien attaches to all the property you currently own and to all property you may acquire in the future. It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options. To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights*.

If you want to request a hearing, please complete the enclosed form 12153, *Request for a Collection Due Process Hearing*, and mail it to:

Internal Revenue Service
1550 AMERICAN BLVD.
US BANK FINANCIAL CENTER
BLOOMINGTON, MN 55425

You must request your hearing by 10/20/2006.

We'll issue a Certificate of Release of the Federal Tax Lien within 30 days after you pay the full amount owed.
To get the current amount owed, contact the person whose name and telephone number appear at the top of this letter.

(over)

Letter 3172 (DO) rev. (11-2004)
Catalog No. 267671

**EXHIBIT D:**

26 CFR § 301.7433-1(a), (d), and (e)(2)

(3 pages)

**§ 301.7433–1 Civil cause of action for certain unauthorized collection actions.**

(a) *In general.* If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally , or by reason of negligence, disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court. The taxpayer has a duty to mitigate damages. The total amount of damages recoverable is the lesser of $1,000,000 ($100,000 in the case of negligence), or the sum of:

(1) The actual, direct economic damages sustained as a proximate result of the reckless or international actions of the officer or employee; and

(2) Costs of the action.

An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section.

(b) *Actual, direct economic damages—* (1) *Definition.* Actual, direct economic damages are actual pecuniary damages sustained by the taxpayer as the proximate result of the reckless or intentional, or negligent, actions of an officer or an employee of the Internal Revenue Service. Injuries such as inconvenience, emotional distress and loss of reputation are compensable only to the extent that they result in actual pecuniary damages.

(2) *Litigation costs and administrative costs not recoverable.* Litigation costs and administrative costs are not recoverable as actual, direct economic damages. Litigation costs may be recoverable under section 7430 (*see* paragraph (h) of this section) or, solely to the extent described in paragraph (c) of this section, as costs of the action.

(i) *Litigation costs.* For purposes of this paragraph, litigation costs are any costs incurred pursuing litigation for relief from the action taken by the officer or employee of the Internal Revenue Service, including costs incurred pursuing a civil action in federal district court under paragraph (a) of this section. The term litigation costs includes the following:

(A) Court costs;

(B) Expenses of expert witnesses in connection with a court proceeding;

(C) Cost of any study, analysis, engineering report, test, or project prepared for a court proceeding; and

(D) Fees paid or incurred for the services of attorneys, or other individuals authorized to practice before the court, in connection with a court proceeding.

(ii) *Administrative costs.* For purposes of this section, administrative costs are any costs incurred pursuing administrative relief from the action taken by an officer or employee of the Internal Revenue Service, including costs incurred pursuing an administrative claim for damages under paragraph (e) of this section. The term administrative costs includes:

(A) Any administrative fees or similar charges imposed by the Internal Revenue Service; and

(B) Expenses, costs, and fees described in paragraph (b)(2)(i) of this section incurred pursuing administrative relief.

(c) *Costs of the action.* Costs of the action recoverable as damages under this section are limited to the following costs:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of paper necessarily obtained for use in the case;

(5) Docket fees; and

(6) Compensation of court appointed experts and interpreters.

(d) *No civil action in federal district court prior to filing an administrative claim*—(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:

(i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or

**Internal Revenue Service, Treasury**                           **§301.7433–1**

(ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

(2) If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations.

(e) *Procedures for an administrative claim*—(1) *Manner.* An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

(2) *Form.* The administrative claim shall include:

(i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

(v) The signature of the taxpayer or duly authorized representative.

For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

(f) *No action in federal district court for any sum in excess of the dollar amount sought in the administrative claim.* No action for actual, direct economic damages under paragraph (a) of this section shall be instituted in federal district court for any sum in excess of the amount (already incurred and estimated) of the administrative claim filed under paragraph (e) of this section, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time the administrative claim was filed, or upon allegation and proof of intervening facts relating to the amount of the claim.

(g) *Period of limitations*—(1) *Time for filing.* A civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues.

(2) *Right of action accrues.* A cause of action under paragraph (a) of this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.

(h) *Recovery of costs under section 7430.* Reasonable litigation costs, including attorney's fees, not recoverable under this section may be recoverable under section 7430. If following the Internal Revenue Service's denial of an administrative claim on the grounds that the Internal Revenue Service did not violate section 7433(a), a taxpayer brings a civil action for damages in a district court of the United States, and establishes entitlement to damages under this section, substantially prevails with respect to the amount of damages in controversy and meets the requirements of section 7430(c)(4)(A)(iii) (relating to notice and net worth requirements), the taxpayer will be considered a "prevailing party" for purposes of section 7430. Such taxpayer, therefore, will generally be entitled to attorney's fees and other reasonable litigation costs not recoverable under this section. For purposes of this paragraph, if the Internal Revenue Service does not respond on the merits to an administrative claim for damages within six

549

months after the claim is filed, the Internal Revenue Service's failure to respond shall be considered a denial of the claim on the grounds that the Internal Revenue Service did not violate section 7433(a). Administrative costs, including attorney's fees incurred pursuing an administrative claim under paragraph (e) of this section, are not recoverable under section 7430.

(i) *Effective dates.* The portions of this section relating to reckless or intentional acts are applicable to actions taken by Internal Revenue Service officials after July 30, 1996. The portions of this section relating to negligent acts are applicable to actions taken by the Internal Revenue Service officials after July 22, 1998.

[T.D. 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, as amended by T.D. 9050, 68 FR 14320, Mar. 25, 2003]

### § 301.7433–2  Civil cause of action for violation of section 362 or 524 of the Bankruptcy Code.

(a) *In general.* (1) If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to the automatic stay) or section 524 (relating to discharge) of title 11, United States Code, or any regulation promulgated under such provision, the taxpayer may file a petition for damages against the United States in Federal bankruptcy court. The taxpayer has a duty to mitigate damages. The total amount of damages recoverable under this section is the lesser of $1,000,000, or the sum of—

(i) Actual, direct economic damages sustained as a proximate result of the willful actions of the officer or employee; and

(ii) Costs of the action.

(2) An action under this section constitutes the exclusive remedy under the Internal Revenue Code for violations of sections 362 and 524 of the Bankruptcy Code. In addition, taxpayers injured by violations of section 362 of the Bankruptcy Code may maintain actions under section 362(h) of the Bankruptcy Code (relating to an individual injured by a willful violation of the stay). However, any administrative

or litigation costs in connection with an action under section 362(h) may be awarded, if at all, only under section 7430 of the Internal Revenue Code.

(b) *Actual, direct economic damages—* (1) *Definition.* See § 301.7433–1(b)(1).

(2) *Litigation costs and administrative costs not recoverable as actual, direct economic damages.* Litigation costs and administrative costs are not recoverable as actual, direct economic damages. These costs may be recoverable under section 7430 (see paragraph (h) of this section), or, solely to the extent described in paragraph (c) of this section, as costs of the action.

(c) *Costs of the action.* Costs of the action recoverable as damages under this section are limited to the costs set forth in § 301.7433–1(c).

(d) *No civil action in federal bankruptcy court prior to filing an administrative claim*—(1) *In general.* Except as provided in paragraph (d)(2) of this section, no action under paragraph (a)(1) of this section shall be maintained in any bankruptcy court before the earlier of the following dates—

(i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or

(ii) The date that is six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

(2) *When administrative claim filed in last six months of period of limitations.* If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may petition the bankruptcy court any time after the administrative claim is filed and before the expiration of the period of limitations.

(e) *Procedures for an administrative claim*—(1) *Manner.* An administrative claim for the lesser of $1,000,000 or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation.

(2) *Form.* The administrative claim shall include—

**EXHIBIT E:**

26 CFR § 301.7422-1

(4 pages)

sufficient information to refute the Service's evidence that it has been engaged in flagrant political intervention. The Internal Revenue Service will not proceed to seek an injunction under section 7409 until after the close of this 10-day response period.

(b) *Determination by Commissioner.* If the organization does not respond within 10 calendar days to the letter under paragraph (a) of this section in a manner sufficient to dissuade the Assistant Commissioner (Employee Plans and Exempt Organizations) of the need for an injunction, the file will be forwarded to the Commissioner of Internal Revenue. The Commissioner of Internal Revenue will personally determine whether to forward to the Department of Justice a recommendation that it immediately bring an action to enjoin the organization from making further political expenditures. The Commissioner may also recommend that the court action include any other action that is appropriate in ensuring that the assets of the section 501(c)(3) organization are preserved for section 501(c)(3) purposes. The authority of the Commissioner to make the determinations described in this paragraph may not be delegated to any other persons.

(c) *Flagrant political intervention.* For purposes of this section, *flagrant political intervention* is defined as participation in, or intervention in (including the publication and distribution of statements), any political campaign by a section 501(c)(3) organization on behalf of (or in opposition to) any candidate for public office in violation of the prohibition on such participation or intervention in section 501(c)(3) and the regulations thereunder if the participation or intervention is flagrant.

(d) *Effective date.* This section is effective December 5, 1995.

[T.D. 8628, 60 FR 62213, Dec. 5, 1995]

PROCEEDINGS BY TAXPAYERS AND THIRD PARTIES

**§ 301.7422–1  Special rules for certain excise taxes imposed by chapter 42 or 43.**

(a) *Finality of refund proceeding.* For purposes of sections 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4961, 4963, 4971, and 4975, and the regulations

thereunder, a decision in a suit for refund instituted under the provisions of this section shall be final—

(1) Upon the expiration of the time allowed for filing a notice of appeal from a decision of the United States Claims Court or of the United States District Court, if no timely notice of appeal is filed; or

(2) Upon the expiration of the time allowed for filing a petition for certiorari from a decision of the United States Claims Court, or from a decision of the United States District Court, which has been affirmed or the appeal dismissed by the United States Court of Appeals, if no timely petition for certiorari is filed; or

(3) If a petition for certiorari has been filed, thirty days from the denial of such petition; or

(4) Thirty days from the date of a decision of the United States Supreme Court if no timely petition for rehearing is filed; however, if a timely petition for rehearing from such a decision is filed, and is denied, thirty days from the denial thereof; or

(5) If a decision is entered upon a rehearing or if a decision is modified or reversed as the result of a decision of a higher court, upon the expiration, with respect to the decision on rehearing or the modified or reversed decision, of periods similar to those provided in subparagraphs (1) through (4).

(b) *Right to bring action.* With respect to any taxable event, payment of the full amount of first tier tax for the taxable period shall constitute sufficient payment in order to maintain an action under this section with respect to the second tier tax.

(c) *Limitation on suit for refund.* No suit may be maintained under this section for the credit or refund of any tax imposed under section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975 with respect to any taxable event unless—

(1) No other suit has been maintained for credit or refund of any tax imposed by such sections with respect to such taxable event; and

(2) No petition has been filed in the Tax Court with respect to a deficiency in any tax imposed by such sections with respect to such taxable event.

505

§ 301.7423–1                                    26 CFR Ch. I (4–1–06 Edition)

(d) *Final determination of issues.* For purposes of this section, any suit for the credit or refund of any tax imposed under section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975, together with a supplemental proceeding (if any) under section 4961 (b), with respect to any taxable event, shall constitute a suit to determine all questions with respect to any other tax imposed with respect to such taxable event under such sections. Consequently, failure by the parties to the suit to bring before the Court any question described in the preceding sentence shall constitute a bar to the question.

(e) *Definitions.* For definitions of the terms "taxable event," "first tier tax," and "second tier tax," see § 53.4963–1.

[T.D. 8084, 51 FR 16305, May 2, 1986, as amended by T.D. 8628, 60 FR 62213, Dec. 5, 1995; T.D. 8920, 66 FR 2171, Jan. 10, 2001]

§ 301.7423–1  Repayments to officers or employees.

The Commissioner is authorized to repay to any officer or employee of the United States the full amount of such sums of money as may be recovered against him in any court, for any internal revenue taxes collected by him, with the cost and expense of suit, and all damages and costs recovered against any officer or employee of the United States in any suit brought against him by reason of anything done in the official performance of his duties under the Code.

§ 301.7424–2  Intervention.

If the United States is not a party to a civil action or suit, the United States may intervene in such action or suit to assert any lien arising under title 26 of the United States Code on the property which is the subject of such action or suit. The provisions of section 2410 of title 28 of the United States Code (except subsection (b)) and of section 1444 of title 28 of the United States Code shall apply in any case in which the United States intervenes as if the United States had originally been named a defendant in such action or suit. If the application of the United States to intervene is denied, the adju-

dication in such civil action or suit shall have no effect upon such lien.

[T.D. 7305, 39 FR 9951, Mar. 15, 1974]

§ 301.7425–1  Discharge of liens; scope and application; judicial proceedings.

(a) *In general.* A tax lien of the United States, or a title derived from the enforcement of a tax lien of the United States, may be discharged or divested under local law only in the manner prescribed in section 2410 of title 28 of the United States Code or in the manner prescribed in section 7425 of the Internal Revenue Code. Section 7425 (a) contains provisions relating to the discharge of a lien when the United States is not joined as a party in the judicial proceedings described in subsection (a) of section 2410 of title 28 of the United States Code. These judicial proceedings are plenary in nature and proceed on formal pleadings. Section 7425(b) contains provisions relating to the discharge of a lien or a title derived from the enforcement of a lien in the event of a nonjudicial sale with respect to the property involved. Section 7425 (c) contains special rules relating to the notice of sale requirements contained in section 7425(b). Section 301.7425–2 contains rules with respect to the nonjudicial sales described in section 7425(b). Paragraph (a) of § 301.7425–3 contains rules with respect to the notice of sale provisions of section 7425(c)(1). Paragraph (b) of § 301.7425–3 contains rules relating to the consent to sale provisions of section 7425(c)(2). Paragraph (c) of § 301.7425–3 contains rules relating to the sale of perishable goods provisions of section 7425(c)(3). Paragraph (d) of § 301.7425–3 contains the requirements with respect to the contents of a notice of sale. Section 301.7425–4 prescribes rules with respect to the redemption of real property by the United States.

(b) *Effective date.* The provisions of section 7425, as added by the Federal Tax Lien Act of 1966, are effective with respect to sales described in section 7425 occurring after November 2, 1966. The notice of sale provisions of section 7425 (c) (1) or (3) do not apply to sales occurring after Nobember 2, 1966, if the seller of the property performed an act before November 3, 1966, which act at

be suspended for the collection prohibition period described in subparagraph (5).

(5) *Collection prohibition period.* The collection prohibition period begins on the day the second tier tax is assessed and ends on the latest of:

(i) The day a decision in a refund proceeding commenced before the 91st day after denial of the claim described in subparagraph (2) of this paragraph (including any supplemental proceeding under § 53.4961-2(c)) becomes final;

(ii) The 90th day after the claim referred to in subparagraph (2) is denied; or

(iii) The 90th day after the second tier tax is assessed.

(6) *Jeopardy collection.* If the Secretary makes a finding that the collection of the second tier tax is in jeopardy, nothing in this paragraph (e) shall prevent the immediate collection of such tax.

(f) *Finality—*(1) *Tax Court proceeding.* For purposes of this subpart K, section 7481 applies in determining when a decision in a Tax Court proceeding becomes final.

(2) *Refund proceeding.* For purposes of this subpart K, § 301.7422-1 applies in determining when a decision in a refund proceeding becomes final.

### § 53.4963-1 Definitions.

(a) *First tier tax.* For purposes of this subpart K, the term *first tier tax* means any tax imposed by subsection (a) of section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975. A first tier tax may also be referred to as an "initial tax" in parts 53 and 54.

(b) *Second tier tax.* For purposes of this subpart K, the term *second tier tax* means any tax imposed by subsection (b) of section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975. A second tier tax may also be referred to as an "additional tax" in parts 53 and 54.

(c) *Taxable event.* For purposes of this subpart K, the term *taxable event* means any act, or failure to act, giving rise to liability for tax under section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4958, 4971, or 4975.

(d) *Correct—*(1) *In general.* Except as provided in subparagraph (2), the term *correct* has the same meaning for purposes of this subpart K as in the section which imposes the second tier tax or the regulations thereunder.

(2) *Special rules.* The term *correct* means—

(i) For a second tier tax imposed by section 4942(b), reducing the amount of the undistributed income to zero,

(ii) For a second tier tax imposed by section 4943(b), reducing the amount of the excess business holdings to zero, and

(iii) For a second tier tax imposed by section 4944(b), removing the investment from jeopardy.

(e) *Correction period—*(1) *In general.* The correction period with respect to any taxable event shall begin with the date on which the taxable event occurs and shall end 90 days after the date of mailing of a notice of deficiency under section 6212 with respect to the second tier tax imposed with respect to the taxable event.

(2) *Extensions of correction period.* The correction period referred to in subparagraph (1) of this paragraph shall be extended by any period in which a deficiency cannot be assessed under section 6213(a). In addition, the correction period referred to in subparagraph (1) of this paragraph (e) shall be extended in accordance with subparagraph (3), (4), and (5) of this paragraph except that subparagraph (4), or (5) shall not operate to extend a correction period with respect to which a taxpayer has filed a petition with the United States Tax Court for redetermination of a deficiency within the time prescribed by section 6213(a).

(3) *Extensions by Commissioner.* The correction period referred to in subparagraph (1) of this paragraph may be extended by any period which the Commissioner determines is reasonable and necessary to bring about correction (including, for taxes imposed by section 4975, equitable relief sought by the Secretary of Labor) of the taxable event. The Commissioner ordinarily will not extend the correction period unless the following factors are present.

(i) The taxpayer on whom the second tier tax is imposed, the Secretary of Labor (for taxes imposed by section 4975), or an appropriate State officer

239

(as defined in section 6104(c)(2)) is actively seeking in good faith to correct the taxable event;

(ii) Adequate corrective action cannot reasonably be expected to result during the unextended correction period;

(iii) For taxes imposed by section 4975, the Secretary of Labor requests the extension because subdivision (ii) applies; and

(iv) For taxes imposed by chapter 42 (other than taxes imposed by section 4940), the taxable event appears to have been an isolated occurrence so that it appears unlikely that similar taxable events will occur in the future.

(4) *Extension for payment of first tier tax.* If, within the unexpected correction period, the taxpayer pays the full amount of the first tier tax imposed with respect to the taxable event the Commissioner shall extend the correction period to the later of—

(i) Ninety days after the payment of the first tier tax, or

(ii) The last day of the correction period determined without regard to this paragraph.

(5) *Extensions for filing claim for refund or refund suit.* If prior to the expiration of the correction period (including extensions) a claim for refund is filed with respect to payment of the full amount of the first tier tax imposed with respect to the taxable event, the Commissioner shall extend the correction period during the pendency of the claim plus an additional 90 days. If within that time a suit or proceeding referred to in section 7422(g) with respect to the claim is filed, the Commissioner shall extend the correction period until the determination in the suit for refund (determined without regard to a supplemental proceeding under section 4861(b)) is final, determined under § 301.7422–2(a).

(6) *End of correction period if waiver accepted.* If the notice of deficiency referred to in paragraph (1) is not mailed because there is a waiver of the restrictions on assessment and collection of the deficiency or because the deficiency is paid, the correction period will end with the end of the collection prohibition period described in § 53.4961–2(e)(5).

(7) *Date on which taxable event occurs.* For purposes of subparagraph (1), the taxable event shall be treated as occurring—

(i) Under section 4942, on the first day of the taxable year for which there is undistributed income,

(ii) Under section 4943, on the first day on which there are excess business holdings,

(iii) Under section 4971, on the last day of the plan year in which there is an accumulated funding deficiency, and

(iv) In all other cases, the date on which the event occurred.

(f) *Effective date.* The provisions of this subpart K are effective with respect to second tier taxes assessed after December 24, 1980. The preceding sentence shall not be construed to permit the assessment of a tax in a case to which, on December 24, 1980, the doctrine of res judicata applied.

[T.D. 8084, 51 FR 16303, May 2, 1986; 51 FR 17732, May 15, 1986, as amended by T.D. 8628, 60 FR 62212, Dec. 5, 1995; T.D. 8920, 66 FR 2171, Jan. 10, 2001]

## Subpart L—Procedure and Administration

SOURCE: T.D. 7368, 40 FR 29843, July 16, 1975, unless otherwise noted. Redesignated by T.D. 8084, 51 FR 16303, May 2, 1986.

### § 53.6001–1 Notice or regulations requiring records, statements, and special returns.

(a) *In general.* Any person subject to tax under Chapter 42, Subtitle D, of the Code shall keep such complete and detailed records as are sufficient to enable the district director to determine accurately the amount of liability under Chapter 42.

(b) *Notice by district director requiring returns, statements, or the keeping of records.* The district director may require any person, by notice served upon him, to make such returns, render such statements, or keep such specific records as will enable the district director to determine whether or not such person is liable for tax under Chapter 42.

(c) *Retention of records.* The records required by this section shall be kept at all times available for inspection by

Case 1:07-cv-01292-JR    Document 8-11    Filed 11/26/2007    Page 5 of 5

*26 USC 7421*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

# TITLE 26 - INTERNAL REVENUE CODE
## Subtitle F - Procedure and Administration
### CHAPTER 76 - JUDICIAL PROCEEDINGS
#### Subchapter B - Proceedings by Taxpayers and Third Parties

## § 7421. Prohibition of suits to restrain assessment or collection

### (a) Tax

Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

### (b) Liability of transferee or fiduciary

No suit shall be maintained in any court for the purpose of restraining the assessment or collection (pursuant to the provisions of chapter 71) of—

**(1)** the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any internal revenue tax, or

**(2)** the amount of the liability of a fiduciary under section 3713 (b) of title 31, United States Code [1] in respect of any such tax.

### Footnotes

[1] So in original. Probably should be followed by a comma.

(Aug. 16, 1954, ch. 736, 68A Stat. 876; Pub. L. 89–719, title I, § 110(c), Nov. 2, 1966, 80 Stat. 1144; Pub. L. 94–455, title XII, § 1204(c)(11), Oct. 4, 1976, 90 Stat. 1699; Pub. L. 95–628, § 9(b)(1), Nov. 10, 1978, 92 Stat. 3633; Pub. L. 97–258, § 3(f)(13), Sept. 13, 1982, 96 Stat. 1065; Pub. L. 105–34, title XII, §§ 1222(b)(1), 1239 (e)(3), title XIV, § 1454(b)(2), Aug. 5, 1997, 111 Stat. 1019, 1028, 1057; Pub. L. 105–206, title III, § 3201(e)(3), July 22, 1998, 112 Stat. 740; Pub. L. 105–277, div. J, title IV, § 4002(c)(1), (f), Oct. 21, 1998, 112 Stat. 2681–906, 2681–907; Pub. L. 106–554, § 1(a)(7) [title III, §§ 313(b)(2)(B), 319 (24)], Dec. 21, 2000, 114 Stat. 2763, 2763A–642, 2763A–647.)

## Amendments

2000—Subsec. (a). Pub. L. 106–554 inserted "6330(e)(1)," after "6246(b)," and substituted "6672(c)" for "6672(b)".

1998—Subsec. (a). Pub. L. 105–277 substituted "6015(e)" for "6015(d)" and inserted "6331(i)," after "6246(b),".

Pub. L. 105–206 inserted "6015(d)," after "sections".

1997—Subsec. (a). Pub. L. 105–34, § 1454(b)(2), substituted "7429(b), and 7436" for "and 7429(b)".

Pub. L. 105–34, § 1239(e)(3), inserted "6225(b)," after "6213(a),".

Pub. L. 105–34, § 1222(b)(1), inserted "6246(b)," after "6213(a),".

1982—Subsec. (b)(2). Pub. L. 97–258 substituted "section 3713 (b) of title 31, United States Code" for "section 3467 of the Revised Statutes (31 U.S.C. 192)".

1978—Subsec. (a). Pub. L. 95–628 inserted references to sections 6672 (b) and 6694 (c).

1976—Subsec. (a). Pub. L. 94–455 substituted "7426(a) and (b)(1), and 7429(b)" for "and 7426(a) and (b)(1)".

1966—Subsec. (a). Pub. L. 89–719 inserted reference to section 7426 (a), (b)(1), and "by any person, whether or not such person is the person against whom such tax was assessed".

## Effective Date of 1998 Amendments

Amendment by Pub. L. 105–277 effective as if included in the provision of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105–206, to which such amendment relates, see section 4002(k) of Pub. L. 105–277, set out as a note under section 1 of this title.

**26 USC 7421**

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

Amendment by Pub. L. 105–206 applicable to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before such date but remaining unpaid as of such date, see section 3201(g)(1) of Pub. L. 105–206, set out as a note under section 6015 of this title.

## Effective Date of 1997 Amendment

Amendment by section 1222(b)(1) of Pub. L. 105–34 applicable to partnership taxable years beginning after Dec. 31, 1997, see section 1226 of Pub. L. 105–34, as amended, set out as a note under section 6011 of this title.

Amendment by section 1239(e)(3) of Pub. L. 105–34 applicable to partnership taxable years ending after Aug. 5, 1997, see section 1239(f) of Pub. L. 105–34, set out as a note under section 6225 of this title.

Amendment by section 1454(b)(2) of Pub. L. 105–34, effective Aug. 5, 1997, see section 1454(c) of Pub. L. 105–34, set out as a note under section 6511 of this title.

## Effective Date of 1978 Amendment

Amendment by Pub. L. 95–628 applicable with respect to penalties assessed more than 60 days after Nov. 10, 1978, see section 9(c) of Pub. L. 95–628, set out as a note under section 6672 of this title.

## Effective Date of 1976 Amendment

Amendment by Pub. L. 94–455 applicable with respect to action taken under section 6851, 6861, or 6862 of this title where notice and demand takes place after Feb. 28, 1977, see section 1204(d) of Pub. L. 94–455, as amended, set out as a note under section 6851 of this title.

## Effective Date of 1966 Amendment

Amendment by Pub. L. 89–719 applicable after Nov. 2, 1966, regardless of when title or lien of United States arose or when lien or interest of another person was acquired, with certain exceptions, see section 114 (a)–(c) of Pub. L. 89–719, set out as a note under section 6323 of this title.

## Prohibition on Requests to Taxpayers To Give Up Rights To Bring Actions

Pub. L. 105–206, title III, § 3468, July 22, 1998, 112 Stat. 770, provided that:

"(a) Prohibition.—No officer or employee of the United States may request a taxpayer to waive the taxpayer's right to bring a civil action against the United States or any officer or employee of the United States for any action taken in connection with the internal revenue laws.

"(b) Exceptions.—Subsection (a) shall not apply in any case where—

"(1) a taxpayer waives the right described in subsection (a) knowingly and voluntarily; or

"(2) the request by the officer or employee is made in person and the taxpayer's attorney or other federally authorized tax practitioner (within the meaning of section 7525(a)(3)(A) of the Internal Revenue Code of 1986) is present, or the request is made in writing to the taxpayer's attorney or other representative."

*26 USC 6213*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

**TITLE 26 - INTERNAL REVENUE CODE**
　**Subtitle F - Procedure and Administration**
　　**CHAPTER 63 - ASSESSMENT**
　　　**Subchapter B - Deficiency Procedures in the Case of Income, Estate, Gift, and Certain Excise Taxes**

# § 6213. Restrictions applicable to deficiencies; petition to Tax Court

## (a) Time for filing petition and restriction on assessment

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421 (a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

## (b) Exceptions to restrictions on assessment

### (1) Assessments arising out of mathematical or clerical errors

If the taxpayer is notified that, on account of a mathematical or clerical error appearing on the return, an amount of tax in excess of that shown on the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212 (c)(1) (restricting further deficiency letters), or of section 6512 (a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section. Each notice under this paragraph shall set forth the error alleged and an explanation thereof.

### (2) Abatement of assessment of mathematical or clerical errors

#### (A) Request for abatement

Notwithstanding section 6404 (b), a taxpayer may file with the Secretary within 60 days after notice is sent under paragraph (1) a request for an abatement of any assessment specified in such notice, and upon receipt of such request, the Secretary shall abate the assessment. Any reassessment of the tax with respect to which an abatement is made under this subparagraph shall be subject to the deficiency procedures prescribed by this subchapter.

#### (B) Stay of collection

*26 USC 6213*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

In the case of any assessment referred to in paragraph (1), notwithstanding paragraph (1), no levy or proceeding in court for the collection of such assessment shall be made, begun, or prosecuted during the period in which such assessment may be abated under this paragraph.

**(3)  Assessments arising out of tentative carryback or refund adjustments**

If the Secretary determines that the amount applied, credited, or refunded under section 6411 is in excess of the overassessment attributable to the carryback or the amount described in section 1341 (b)(1) with respect to which such amount was applied, credited, or refunded, he may assess without regard to the provisions of paragraph (2) the amount of the excess as a deficiency as if it were due to a mathematical or clerical error appearing on the return.

**(4)  Assessment of amount paid**

Any amount paid as a tax or in respect of a tax may be assessed upon the receipt of such payment notwithstanding the provisions of subsection (a). In any case where such amount is paid after the mailing of a notice of deficiency under section 6212, such payment shall not deprive the Tax Court of jurisdiction over such deficiency determined under section 6211 without regard to such assessment.

**(c)  Failure to file petition**

If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

**(d)  Waiver of restrictions**

The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

**(e)  Suspension of filing period for certain excise taxes**

The running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to the taxes imposed by section 4941 (relating to taxes on self-dealing), 4942 (relating to taxes on failure to distribute income), 4943 (relating to taxes on excess business holdings), 4944 (relating to taxes on investments which jeopardize charitable purpose), 4945 (relating to taxes on taxable expenditures), 4951 (relating to taxes on self-dealing), or 4952 (relating to taxes on taxable expenditures), 4955 (relating to taxes on political expenditures), 4958 (relating to private excess benefit), 4971 (relating to excise taxes on failure to meet minimum funding standard), 4975 (relating to excise taxes on prohibited transactions) shall be suspended for any period during which the Secretary has extended the time allowed for making correction under section 4963 (e).

**(f)  Coordination with title 11**

**(1)  Suspension of running of period for filing petition in title 11 cases**

In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

**(2)  Certain action not taken into account**

For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any other action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence.

**(g)  Definitions**

For purposes of this section—

**(1)  Return**

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

The term "return" includes any return, statement, schedule, or list, and any amendment or supplement thereto, filed with respect to any tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44.

**(2) Mathematical or clerical error**

The term "mathematical or clerical error" means—

**(A)** an error in addition, subtraction, multiplication, or division shown on any return,

**(B)** an incorrect use of any table provided by the Internal Revenue Service with respect to any return if such incorrect use is apparent from the existence of other information on the return,

**(C)** an entry on a return of an item which is inconsistent with another entry of the same or another item on such return,

**(D)** an omission of information which is required to be supplied on the return to substantiate an entry on the return,

**(E)** an entry on a return of a deduction or credit in an amount which exceeds a statutory limit imposed by subtitle A or B, or chapter 41, 42, 43, or 44, if such limit is expressed—

    **(i)** as a specified monetary amount, or

    **(ii)** as a percentage, ratio, or fraction,

and if the items entering into the application of such limit appear on such return,

**(F)** an omission of a correct taxpayer identification number required under section 32 (relating to the earned income credit) to be included on a return,

**(G)** an entry on a return claiming the credit under section 32 with respect to net earnings from self-employment described in section 32 (c)(2)(A) to the extent the tax imposed by section 1401 (relating to self-employment tax) on such net earnings has not been paid,

**(H)** an omission of a correct TIN required under section 21 (relating to expenses for household and dependent care services necessary for gainful employment) or section 151 (relating to allowance of deductions for personal exemptions),

**(I)** an omission of a correct TIN required under section 24 (e) (relating to child tax credit) to be included on a return,

**(J)** an omission of a correct TIN required under section 25A (g)(1) (relating to higher education tuition and related expenses) to be included on a return,

**(K)** an omission of information required by section 32 (k)(2) (relating to taxpayers making improper prior claims of earned income credit),

**(L)** the inclusion on a return of a TIN required to be included on the return under section 21, 24, or 32 if—

    **(i)** such TIN is of an individual whose age affects the amount of the credit under such section, and

    **(ii)** the computation of the credit on the return reflects the treatment of such individual as being of an age different from the individual's age based on such TIN, and

**(M)** the entry on the return claiming the credit under section 32 with respect to a child if, according to the Federal Case Registry of Child Support Orders established under section 453(h) of the Social Security Act, the taxpayer is a noncustodial parent of such child.

A taxpayer shall be treated as having omitted a correct TIN for purposes of the preceding sentence if information provided by the taxpayer on the return with respect to the individual whose TIN was provided differs from the information the Secretary obtains from the person issuing the TIN.

**(h) Cross references**

**(1)** For assessment as if a mathematical error on the return, in the case of erroneous claims for income tax prepayment credits, see section 6201 (a)(3).

**(2)** For assessments without regard to restrictions imposed by this section in the case of—

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

(A) Recovery of foreign income taxes, see section 905 (c).

(B) Recovery of foreign estate tax, see section 2016.

(3) For provisions relating to application of this subchapter in the case of certain partnership items, etc., see section 6230 (a).

(Aug. 16, 1954, ch. 736, 68A Stat. 771; Pub. L. 89–44, title VIII, § 809(d)(4)(B), June 21, 1965, 79 Stat. 168; Pub. L. 91–172, title I, § 101(f)(3), (j)(42), Dec. 30, 1969, 83 Stat. 524, 530; Pub. L. 93–406, title II, § 1016(a)(11), Sept. 2, 1974, 88 Stat. 930; Pub. L. 94–455, title XII, §§ 1204(c)(6), 1206 (a)–(c)(1), title XIII, § 1307(d)(2)(F)(iii), title XVI, § 1605(b)(6), title XIX, §§ 1906(a)(15), (b)(13)(A), Oct. 4, 1976, 90 Stat. 1698, 1703, 1704, 1728, 1755, 1825, 1834; Pub. L. 95–227, § 4(d)(1), (2), Feb. 10, 1978, 92 Stat. 23; Pub. L. 95–600, title V, § 504(b)(2), Nov. 6, 1978, 92 Stat. 2881; Pub. L. 96–223, title I, § 101(f)(1)(D), (E), Apr. 2, 1980, 94 Stat. 252; Pub. L. 96–589, § 6(b)(1), Dec. 24, 1980, 94 Stat. 3407; Pub. L. 96–596, § 2(a)(4)(C), Dec. 24, 1980, 94 Stat. 3472; Pub. L. 97–248, title IV, § 402(c)(2), Sept. 3, 1982, 96 Stat. 667; Pub. L. 98–369, title III, § 305(b)(4), title IV, § 474(r)(34), July 18, 1984, 98 Stat. 784, 845; Pub. L. 99–514, title XVIII, § 1875(d)(2)(B)(i), Oct. 22, 1986, 100 Stat. 2896; Pub. L. 100–203, title X, §§ 10712(c)(1), 10713 (b)(2)(D), Dec. 22, 1987, 101 Stat. 1330–467, 1330–470; Pub. L. 100–418, title I, § 1941(b)(2)(B)(iv), (v), Aug. 23, 1988, 102 Stat. 1323; Pub. L. 100–647, title I, § 1015(r)(3), title VI, § 6243(a), Nov. 10, 1988, 102 Stat. 3573, 3749; Pub. L. 101–239, title VII, § 7811(k)(1), Dec. 19, 1989, 103 Stat. 2412; Pub. L. 104–168, title XIII, § 1311(c)(3), July 30, 1996, 110 Stat. 1478; Pub. L. 104–188, title I, § 1615(c), Aug. 20, 1996, 110 Stat. 1853; Pub. L. 104–193, title IV, § 451(c), Aug. 22, 1996, 110 Stat. 2277; Pub. L. 105–34, title I, § 101(d)(2), title II, § 201(b), title X, § 1085(a)(3), Aug. 5, 1997, 111 Stat. 799, 803, 956; Pub. L. 105–206, title III, §§ 3463(b), 3464 (a), title VI, § 6010(p)(3), July 22, 1998, 112 Stat. 767, 817; Pub. L. 105–277, div. J, title III, § 3003(a), (b), Oct. 21, 1998, 112 Stat. 2681–905; Pub. L. 107–16, title III, § 303(g), June 7, 2001, 115 Stat. 56.)

## Amendment of Section

For termination of amendment by section 901 of Pub. L. 107–16, see Effective and Termination Dates of 2001 Amendment note below.

## References in Text

Section 453(h) of the Social Security Act, referred to in subsec. (g)(2)(M), is classified to section 653 (h) of Title 42, The Public Health and Welfare.

## Amendments

2001—Subsec. (g)(2)(M). Pub. L. 107–16, §§ 303(g), 901, temporarily added subpar. (M). See Effective and Termination Dates of 2001 Amendment note below.

1998—Subsec. (a). Pub. L. 105–206, § 3464(a), substituted ", including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection." for ", including the Tax Court." and "to enjoin any action or proceeding or order any refund" for "to enjoin any action or proceeding".

Pub. L. 105–206, § 3463(b), inserted at end "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed."

Subsec. (g)(2). Pub. L. 105–277, § 3003(a), inserted concluding provisions.

Subsec. (g)(2)(K). Pub. L. 105–206, § 6010(p)(3), amended Pub. L. 105–34, § 1085(a)(3). See 1997 Amendment note below.

Subsec. (g)(2)(L). Pub. L. 105–277, § 3003(b), added subpar. (L).

1997—Subsec. (g)(2)(I). Pub. L. 105–34, § 101(d)(2), added subpar. (I).

Subsec. (g)(2)(J). Pub. L. 105–34, § 201(b), added subpar. (J).

Subsec. (g)(2)(K). Pub. L. 105–34, § 1085(a)(3), as amended by Pub. L. 105–206, § 6010(p)(3), added subpar. (K).

1996—Subsec. (e). Pub. L. 104–168 inserted "4958 (relating to private excess benefit)," before "4971".

NB: This unofficial compilation of the U.S. Code is current as of Jan. 1, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

Subsec. (g)(2)(F), (G). Pub. L. 104–193 added subpars. (F) and (G).

Subsec. (g)(2)(H). Pub. L. 104–188 added subpar. (H).

1989—Subsec. (h)(3), (4). Pub. L. 101–239 made technical correction to directory language of Pub. L. 100–647, § 1015(r)(3), see 1988 Amendment note below.

1988—Subsec. (a). Pub. L. 100–647, § 6243(a), substituted for period at end ", including the Tax Court. The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition."

Pub. L. 100–418, § 1941(b)(2)(B)(iv), substituted "or 44" for "44, or 45".

Subsec. (g)(1), (2)(E). Pub. L. 100–418, § 1941(b)(2)(B)(v), substituted "or 44" for "44, or 45".

Subsec. (h)(3), (4). Pub. L. 100–647, § 1015(r)(3), as amended by Pub. L. 101–239, redesignated par. (4) as (3) and struck out former par. (3) which read as follows: "For assessment as if a mathematical error on the return, in the case of erroneous claims for credits under section 32 or 34, see section 6201 (a)(4)."

1987—Subsec. (a). Pub. L. 100–203, § 10713(b)(2)(D), inserted reference to section 6852.

Subsec. (e). Pub. L. 100–203, § 10712(c)(1), inserted "4955 (relating to taxes on political expenditures),".

1986—Subsec. (h)(4). Pub. L. 99–514 amended par. (4) generally. Prior to amendment, par. (4) read as follows: "For provision that this subchapter shall not apply in the case of computational adjustments attributable to partnership items, see section 6230 (a)."

1984—Subsec. (e). Pub. L. 98–369, § 305(b)(4), substituted "section 4963 (e)" for "section 4962 (e)".

Subsec. (h)(3). Pub. L. 98–369, § 474(r)(34), substituted "section 32 or 34" for "section 39".

1982—Subsec. (h)(4). Pub. L. 97–248 added par. (4).

1980—Subsec. (a). Pub. L. 96–223, § 101(f)(1)(D), inserted reference to chapter 45.

Subsec. (e). Pub. L. 96–596 substituted "section 4962 (e)" for "section 4941 (e)(4), 4942 (j)(2), 4943 (d)(3), 4944 (e)(3), 4945 (i)(2), 4951 (e)(4), 4952 (e)(2), 4971 (c)(3), or 4975 (f)(6)".

Subsec. (f). Pub. L. 96–589 added subsec. (f). Former subsec. (f) redesignated (g).

Subsec. (f)(1), (2)(E). Pub. L. 96–223, § 101(f)(1)(E), inserted reference to chapter 45.

Subsecs. (g), (h). Pub. L. 96–589 redesignated former subsecs. (f) and (g) as (g) and (h), respectively.

1978—Subsec. (b)(3). Pub. L. 95–600 inserted "or refund" after "carryback" in heading, and "or the amount described in section 1341 (b)(1)" after "carryback" in text.

Subsec. (e). Pub. L. 95–227, § 4(d)(1), inserted provisions relating to sections 4951 and 4952 of this title, and substituted "4975(f)(6)" for "4975(f)(4)".

Subsec. (f). Pub. L. 95–227, § 4(d)(2), inserted references to chapters 41 and 44.

1976—Subsec. (a). Pub. L. 94–455, §§ 1204(c)(6), 1307 (d)(2)(F)(iii), 1605 (b)(6), 1906 (a)(15), inserted "section 6851 or" before "section 6861" and references to chapter 41 and chapter 44 and substituted "United States" for "States of the Union and the District of Columbia".

Subsec. (b)(1). Pub. L. 94–455, § 1206(a)(2), substituted in heading "Assessments arising out of mathematical or clerical errors" for "Mathematical errors" and in text inserted "or clerical" after "mathematical" in two places and inserted provision that each notice under this paragraph shall set forth the error alleged and an explanation thereof.

Subsec. (b)(2). Pub. L. 94–455, § 1206(a)(2), added par. (2). Former par. (2) redesignated (3).

Subsec. (b)(3). Pub. L. 94–455, §§ 1206(a)(1), (c)(1), 1906 (b)(13)(A), redesignated former par. (2) as (3), and as so redesignated, struck out "or his delegate" after "Secretary" and inserted "without regard to the provisions of paragraph (2)" after "he may assess" and "or clerical" after "mathematical". Former par. (3) redesignated (4).

Subsec. (b)(4). Pub. L. 94–455, § 1206(a)(1), redesignated former par. (3) as (4).

Subsecs. (c) to (e). Pub. L. 94–455, § 1906(b)(13)(A), struck out "or his delegate" after "Secretary".

Subsecs. (f), (g). Pub. L. 94–455, § 1206(b), added subsec. (f) and redesignated former subsec. (f) as (g).

1974—Subsec. (a). Pub. L. 93–406, § 1016(a)(11)(A), inserted reference to tax imposed by chapter 43.

Subsec. (e). Pub. L. 93–406, § 1016(a)(11)(B)–(D), substituted "excise taxes" for "chapter 42 taxes" in heading, and in text substituted "4945 (relating to taxes on taxable expenditures), 4971 (relating to excise taxes on failure to meet

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

minimum funding standard), 4975 (relating to excise tax on prohibited transactions)" for "or 4945 (relating to taxes on taxable expenditures)" and ", 4945(i)(2), 4971(c)(3), or 4975(f)(4)" for "or 4945(h)(2)".

1969—Subsec. (a). Pub. L. 91–172, § 101(j)(42), inserted reference to chapter 42.

Subsecs. (e), (f). Pub. L. 91–172, § 101(f)(3), added subsec. (e) and redesignated former subsec. (e) as (f).

1965—Subsec. (e)(3). Pub. L. 89–44 added par. (3).

## Effective and Termination Dates of 2001 Amendment

Amendment by Pub. L. 107–16 effective Jan. 1, 2004, see section 303(i) of Pub. L. 107–16, set out as a note under section 32 of this title.

Amendment by Pub. L. 107–16 inapplicable to taxable, plan, or limitation years beginning after Dec. 31, 2010, and the Internal Revenue Code of 1986 to be applied and administered to such years as if such amendment had never been enacted, see section 901 of Pub. L. 107–16, set out as a note under section 1 of this title.

## Effective Date of 1998 Amendments

Pub. L. 105–277, div. J, title III, § 3003(c), Oct. 21, 1998, 112 Stat. 2681–905, provided that: "The amendments made by this section [amending this section] shall apply to taxable years ending after the date of the enactment of this Act [Oct. 21, 1998]."

Pub. L. 105–206, title III, § 3463(c), July 22, 1998, 112 Stat. 767, provided that: "Subsection (a) and the amendment made by subsection (b) [amending this section and enacting provisions set out as a note under section 6212 of this title] shall apply to notices mailed after December 31, 1998."

Pub. L. 105–206, title III, § 3464(d), July 22, 1998, 112 Stat. 767, provided that: "The amendments made by this section [amending this section and section 6512 of this title] shall take effect on the date of the enactment of this Act [July 22, 1998]."

Amendment by section 6010(p)(3) of Pub. L. 105–206 effective, except as otherwise provided, as if included in the provisions of the Taxpayer Relief Act of 1997, Pub. L. 105–34, to which such amendment relates, see section 6024 of Pub. L. 105–206, set out as a note under section 1 of this title.

## Effective Date of 1997 Amendment

Amendment by section 101(d)(2) of Pub. L. 105–34 applicable to taxable years beginning after Dec. 31, 1997, see section 101(e) of Pub. L. 105–34, set out as an Effective Date note under section 24 of this title.

Amendment by section 201(b) of Pub. L. 105–34 applicable to expenses paid after Dec. 31, 1997 (in taxable years ending after such date), for education furnished in academic periods beginning after such date, see section 201(f) of Pub. L. 105–34, set out as an Effective Date note under section 25A of this title.

Amendment by section 1085(a)(3) of Pub. L. 105–34 applicable to taxable years beginning after Dec. 31, 1996, see section 1085(e)(1) of Pub. L. 105–34, set out as a note under section 32 of this title.

## Effective Date of 1996 Amendments

Amendment by Pub. L. 104–193 applicable with respect to returns the due date for which (without regard to extensions) is more than 30 days after Aug. 22, 1996, see section 451(d) of Pub. L. 104–193, set out as a note under section 32 of this title.

Amendment by Pub. L. 104–188 applicable with respect to returns the due date for which, without regard to extensions, is on or after the 30th day after Aug. 20, 1996, with special rule for 1995 and 1996, see section 1615(d) of Pub. L. 104–188, set out as a note under section 21 of this title.

Amendment by Pub. L. 104–168 applicable to excess benefit transactions occurring on or after Sept. 14, 1995, and not applicable to any benefit arising from a transaction pursuant to any written contract which was binding on Sept. 13, 1995, and at all times thereafter before such transaction occurred, see section 1311(d)(1), (2) of Pub. L. 104–168, set out as a note under section 4955 of this title.

## Effective Date of 1989 Amendment

Amendment by Pub. L. 101–239 effective, except as otherwise provided, as if included in the provision of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100–647, to which such amendment relates, see section 7817 of Pub. L. 101–239, set out as a note under section 1 of this title.

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

### Effective Date of 1988 Amendments

Amendment by section 1015(r)(3) of Pub. L. 100–647 applicable to notices of deficiencies mailed after Nov. 10, 1988, see section 1015(r)(4) of Pub. L. 100–647, set out as a note under section 6201 of this title.

Section 6243(c) of Pub. L. 100–647 provided that: "The amendments made by this section [amending this section and section 7482 of this title] shall apply to orders entered after the date of the enactment of this Act [Nov. 10, 1988]."

Amendment by Pub. L. 100–418 applicable to crude oil removed from premises on or after Aug. 23, 1988, see section 1941(c) of Pub. L. 100–418, set out as a note under section 164 of this title.

### Effective Date of 1987 Amendment

Amendment by section 10712(c)(1) of Pub. L. 100–203 applicable to taxable years beginning after Dec. 22, 1987, see section 10712(d) of Pub. L. 100–203, set out as an Effective Date note under section 4955 of this title.

### Effective Date of 1986 Amendment

Amendment by Pub. L. 99–514 effective as if included in the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97–248, see section 1875(d)(2)(C) of Pub. L. 99–514, set out as a note under section 6230 of this title.

### Effective Date of 1984 Amendment

Amendment by section 305(b)(4) of Pub. L. 98–369 applicable to taxable events occurring after Dec. 31, 1984, see section 305(c) of Pub. L. 98–369, set out as an Effective Date note under section 4962 of this title.

Amendment by section 474(r)(34) of Pub. L. 98–369 applicable to taxable years beginning after Dec. 31, 1983, and to carrybacks from such years, see section 475(a) of Pub. L. 98–369, set out as a note under section 21 of this title.

### Effective Date of 1982 Amendment

Amendment by Pub. L. 97–248 applicable to partnership taxable years beginning after Sept. 3, 1982, with provision for the applicability of the amendment to any partnership taxable year ending after Sept. 3, 1982, if the partnership, each partner, and each indirect partner requests such application and the Secretary of the Treasury or his delegate consents to such application, see section 407(a)(1), (3) of Pub. L. 97–248, set out as an Effective Date note under section 6221 of this title.

### Effective Date of 1980 Amendments

For effective date of amendment by Pub. L. 96–596 with respect to any first tier tax and to any second tier tax, see section 2(d) of Pub. L. 96–596, set out as an Effective Date note under section 4961 of this title.

Amendment by Pub. L. 96–589 effective Oct. 1, 1979, but not applicable to proceedings under Title 11, Bankruptcy, commenced before Oct. 1, 1979, see section 7(e) of Pub. L. 96–589, set out as a note under section 108 of this title.

Amendment by Pub. L. 96–223 applicable to periods after Feb. 29, 1980, see section 101(i) of Pub. L. 96–223, set out as a note under section 6161 of this title.

### Effective Date of 1978 Amendments

Amendment by Pub. L. 95–600 applicable to tentative refund claims filed on and after Nov. 6, 1978, see section 504(c) of Pub. L. 95–600, set out as a note under section 6411 of this title.

Amendment by Pub. L. 95–227 applicable with respect to contributions, acts, and expenditures made after Dec. 31, 1977, in and for taxable years beginning after such date, see section 4(f) of Pub. L. 95–227, set out as an Effective Date note under section 192 of this title.

### Effective Date of 1976 Amendment

Amendment by section 1204(c)(6) of Pub. L. 94–455 applicable with respect to action taken under section 6851, 6861, or 6862 of this title where the notice and demand takes place after Feb. 28, 1977, see section 1204(d) of Pub. L. 94–455, as amended, set out as a note under section 6851 of this title.

Section 1206(d) of Pub. L. 94–455, as amended by Pub. L. 99–514, § 2, Oct. 22, 1986, 100 Stat. 2095, provided that: "The amendments made by this section [amending this section and sections 6201 and 6212 of this title] shall apply with respect to returns (within the meaning of section 6213(f)(1) of the Internal Revenue Code of 1986 [formerly I.R.C. 1954]) filed after December 31, 1976."

Amendment by section 1307(d)(2)(F)(iii) of Pub. L. 94–455 effective on and after Oct. 4, 1976, see section 1307(e)(6) of Pub. L. 94–455, set out as a note under section 501 of this title.

*26 USC 6213*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

For effective date of amendment by section 1605(b)(6) of Pub. L. 94–455, see section 1608(d) of Pub. L. 94–455, set out as a note under section 856 of this title.

Amendment by section 1906(a)(15), (b)(13)(A) of Pub. L. 94–455 effective on first day of first month which begins more than 90 days after Oct. 4, 1976, see section 1906(d)(1) of Pub. L. 94–455, set out as a note under section 6013 of this title.

### Effective Date of 1974 Amendment

Amendment by Pub. L. 93–406 applicable, except as otherwise provided in section 1017(c) through (i) of Pub. L. 93–406, for plan years beginning after Sept. 2, 1974, but, in the case of plans in existence on Jan. 1, 1974, amendment by Pub. L. 93–406 applicable for plan years beginning after Dec. 31, 1975, see section 1017 of Pub. L. 93–406, set out as an Effective Date; Transitional Rules note under section 410 of this title.

### Effective Date of 1969 Amendment

Amendment by Pub. L. 91–172 effective Jan. 1, 1970, see section 101(k)(1) of Pub. L. 91–172, set out as an Effective Date note under section 4940 of this title.

### Effective Date of 1965 Amendment

Amendment by Pub. L. 89–44 applicable to taxable years beginning on or after July 1, 1965, see section 809(f) of Pub. L. 89–44, set out as a note under section 6420 of this title.

### Plan Amendments Not Required Until January 1, 1989

For provisions directing that if any amendments made by subtitle A or subtitle C of title XI [§§ 1101–1147 and 1171–1177] or title XVIII [§§ 1800–1899A] of Pub. L. 99–514 require an amendment to any plan, such plan amendment shall not be required to be made before the first plan year beginning on or after Jan. 1, 1989, see section 1140 of Pub. L. 99–514, as amended, set out as a note under section 401 of this title.

**EXHIBIT F:**

26 U.S.C. § 6213(a) and 26 U.S.C. § 7421

(10 pages)

**EXHIBIT G:**

28 U.S.C. § 3002(15)(A)

(2 pages)

NB: *This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).*

**TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE**
**PART VI - PARTICULAR PROCEEDINGS**
**CHAPTER 176 - FEDERAL DEBT COLLECTION PROCEDURE**
**SUBCHAPTER A - DEFINITIONS AND GENERAL PROVISIONS**

## § 3002. Definitions

As used in this chapter:

(1) "Counsel for the United States" means—

(A) a United States attorney, an assistant United States attorney designated to act on behalf of the United States attorney, or an attorney with the United States Department of Justice or with a Federal agency who has litigation authority; and

(B) any private attorney authorized by contract made in accordance with section 3718 of title 31 to conduct litigation for collection of debts on behalf of the United States.

(2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.

(3) "Debt" means—

(A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or

(B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

and includes any amount owing to the United States for the benefit of an Indian tribe or individual Indian, but excludes any amount to which the United States is entitled under section 3011 (a).

(4) "Debtor" means a person who is liable for a debt or against whom there is a claim for a debt.

(5) "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld.

(6) "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

(7) "Garnishee" means a person (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has a substantial nonexempt interest, including any obligation due the debtor or to become due the debtor, and against whom a garnishment under section 3104 or 3205 is issued by a court.

(8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.

(9) "Nonexempt disposable earnings" means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act.

(10) "Person" includes a natural person (including an individual Indian), a corporation, a partnership, an unincorporated association, a trust, or an estate, or any other public or private entity, including a State or local government or an Indian tribe.

(11) "Prejudgment remedy" means the remedy of attachment, receivership, garnishment, or sequestration authorized by this chapter to be granted before judgment on the merits of a claim for a debt.

(12) "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever

*28 USC 3002*

NB: This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).

located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes—

    **(A)** property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and

    **(B)** Indian lands subject to restrictions against alienation imposed by the United States.

**(13)** "Security agreement" means an agreement that creates or provides for a lien.

**(14)** "State" means any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, or any territory or possession of the United States.

**(15)** "United States" means—

    **(A)** a Federal corporation;

    **(B)** an agency, department, commission, board, or other entity of the United States; or

    **(C)** an instrumentality of the United States.

**(16)** "United States marshal" means a United States marshal, a deputy marshal, or an official of the United States Marshals Service designated under section 564.

(Added Pub. L. 101–647, title XXXVI, § 3611, Nov. 29, 1990, 104 Stat. 4933.)

### References in Text

Section 303 of the Consumer Credit Protection Act, referred to in par. (9), is classified to section 1673 of Title 15, Commerce and Trade.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Douglas Gunnink and Janet Gunnink,  )
                                     )    Case No. 1 :07-cv-01292-JR
            Plaintiffs,              )
                                     )
UNITED STATES GOVERNMENT, et al.,    )         **ORDER**
                                     )
            Defendants.              )
                                     )
_____    )

     Having considered the Plaintiffs' Response and Motion to Deny Defendant's Motion to Dismiss with memorandum in support, and any opposition thereto, the Court concludes that the motion should be granted. Accordingly, it is this ____ day of _____, 2007.

     **ORDERED** that Plaintiffs' Response and Motion to Deny Defendant's Motion to Dismiss is **GRANTED**;

     **ORDERED** that the Defendant's Motion to Dismiss (Docket #5) is **DENIED**; it is further

     **ORDERED** that the Defendants shall answer the complaint within twenty (20) day from this Order; and it is further

     **ORDERED** that the Defendants distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Benjamin J. Weir
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044

Douglas Gunnink and Janet Gunnink
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]