**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DOUGLAS GUNNINK and<br>JANET GUNNINK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07CV01292 |
| | ) | |
| UNITED STATES GOVERNMENT aka | ) | |
| UNITED STATES OF AMERICA, | ) | |
| a FEDERAL CORPORATION; INTERNAL | ) | |
| REVENUE SERVICE and | ) | |
| DEPARTMENT OF THE TREASURY aka | ) | |
| UNITED STATES TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**</u>

The United States of America, the Internal Revenue Service and the Department

of Treasury submit this reply brief in support of their motion to dismiss.

**I.     The United States of America is the proper party defendant**

The United States has not waived sovereign immunity allowing the Internal

Revenue Service or the Department of the Treasury to be sued *eo nomine*.  <u>See</u> <u>Murphy</u>

<u>v. United States</u>, 493 F.3d 170, 173-74 (D.C. Cir. 2007); <u>Enax v. United States</u>, No.

8:05cv2124, 2006 U.S. Dist. LEXIS 46023 at *4 (M.D. Fla. July 7, 2006).  Thus, the Internal

Revenue Service and the Department of the Treasury must be dismissed as parties to

this action.

## II.    Plaintiffs admit the Anti-Injunction Act deprives this Court of jurisdiction over actions challenging the assessment and collection of federal taxes

The Gunninks admit that this Court does not have jurisdiction pursuant to the Anti-Injunction Act for claims related to the assessment and collection of federal income taxes.  (See Plaintiffs' Response ¶23.)  Rather, they aver that this Court has jurisdiction because they "dispute the unlawful seizure of personal property. . ."  Id.  This argument fails as the Anti-Injunction Act itself precludes jurisdiction over any case, such as here, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); Am. Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).  Plaintiffs' semantic attempts to term the conduct "unlawful" is insufficient to negate the application of the Anti-Injunction Act.

Plaintiffs' wordplay is apparent as they tacitly acknowledge that their property was taken pursuant to the internal revenue laws.  The Gunninks state in their opposition that they do not seek to "recover an internal revenue tax", but rather seek to "recover personal property that has been illegally extorted, seized and taken under color of the internal revenue laws."  (Plaintiffs' Response ¶9.)  Because the basis of the Gunninks' claims are premised upon collection activities "under color of the internal revenue laws", the Anti-Injunction Act applies and Plaintiffs' claims are barred.

## III.    26 U.S.C. §§ 6212(a) and 6213(a) do not confer jurisdiction

Plaintiffs misconstrue  26 U.S.C. §§ 6212(a) and 6213(a).  Their reliance on

2902817.11

sections 6212 and 6213 is misplaced as those statutes simply waive sovereign immunity to the limited extent of permitting a taxpayer to challenge the amount of an assessed deficiency in Tax Court.  See 26 U.S.C. § 6213(a)(permitting the taxpayer to "file a petition with the Tax Court for a redetermination of the deficiency" if challenged within 90 days of issuance of the notice of deficiency).  The statutes are, therefore, not relevant here as they cannot confer jurisdiction over Plaintiffs' claims.

**IV.    The Gunninks have admitted in correspondence with the Service that they had received notices of deficiency**

The Gunninks erroneously assert that the United States has waived sovereign immunity because it allegedly failed to issue statutory notices of deficiency.  (See Plaintiffs' Response ¶¶ 21-30.)   This argument fails as the Gunninks have admitted in previous correspondence with the Service that they have received notices of deficiency and, indeed, even attached copies of the notices with correspondence sent to the Service.  (See Exhibits A and B.)

Throughout their response to Defendants' motion to dismiss, the Gunninks premise the United States' waiver of sovereign immunity on its failure to issue statutory notices of deficiency.  (See Plaintiffs' Response ¶¶ 21-30.)  Specifically, the Gunninks claim that there "is no question that the employees of the UNITED STATES did not issue or cause to be issued and served any notices of deficiency".  (See Plaintiffs Response ¶ 30.)   This argument is specious.  The Gunninks have admitted in correspondence with the Service that they had, in fact, received notices of deficiency.

2902817.11

(See Exhibits A and B). Because the Gunninks have admitted in previous

correspondence that they have received notices of deficiency, then *a fortiori* the notices

were issued and sent. Their argument fails.

## V.     Venue in this Court is improper regarding the Gunninks' claim seeking to quiet title

The Gunninks seek to quiet title regarding real property located in Minnesota.

This Court has no jurisdiction over real property located in Minnesota and any such

claim cannot be adjudicated in this Court. See 28 U.S.C. 1391(e); Ibraham v. United

States, 123 F. Supp. 408, 409 (S.D. Ohio 2000).

## VI.    Plaintiffs insist that their claims are brought pursuant to 26 U.S.C. § 7433

Plaintiffs insist their claims were filed pursuant to 26 U.S.C. § 7433 rather than

section 7422. (Compl. Pg. 2; Plaintiffs' Response ¶ 19). The Gunninks seek redress

pursuant to section 7433 for Constitutional violations, violations of the Administrative

Procedures Act and the IRS Restructuring and Reform Act of 1998.[1] (See Compl. ¶¶ 16,

---

[1]To the extent Plaintiffs assert section 7433 claims regarding activities or deficiencies during the assessment process, their claims are also infirm. Section 7433 authorizes damages for wrongful *collection* activities only. See, e.g., Buaiz v. United States, 471 F. Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed section 6672 liability was an error in assessment and not collection and therefore irrelevant to section 7433 claim); Zolman v. IRS, 87 F. Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim). All allegations in Plaintiffs' complaint which involve *non-collection* activities are not cognizant under section 7433, and must be dismissed.

2902817.11

46, 49).

The Gunninks' section 7433 claims fail because the United States has not waived sovereign immunity for section 7433 claims seeking damages based on purported violations of the Constitution, the Administrative Procedures Act or the IRS Restructuring and Reform Act of 1998.   Section 7433 states that a taxpayer may bring a civil action should the Service or its employees "disregard[] any provision of this title, or any regulation promulgated under this title".   The United States has, therefore, not waived sovereign immunity allowing taxpayers to bring section 7433 claims for any conduct other than violations of the Internal Revenue Code or related regulations.

The Gunninks' section 7433 claims must be dismissed because it is premised upon violations for which the United States has not waived sovereign immunity. (See Compl. ¶¶ 16, 46, 49).

**VII.    Plaintiffs exhaustion of administrative remedies pursuant to section 7433 does not satisfy the requirement to file a claim for refund prior to bringing suit under section 7422**

The Gunninks seek the return of cash levied to partially satisfy their outstanding federal tax obligations.   As such, their claims seemingly should have been brought pursuant to section 7422 as a civil claim for refund.   Plaintiffs' claim that they have exhausted their administrative remedies pursuant to section 7433 is immaterial because such exhaustion does not fulfill the requirements of filing a claim for refund pursuant to section 7422.   Section 7422 requires that, prior to filing suit in district court, a taxpayer must first: (a) fully pay the tax at issue; and (b) file a claim for refund with the Secretary

of the Internal Revenue Service.  <u>See</u> <u>United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990);

<u>Flora v. United States</u>, 362 U.S. 145, 177 (1960); <u>Vanskiver v. Rossotti</u>, Case No. 00-2455,

2001WL361470 at *1(D.D.C. Jan. 31, 2001).

Plaintiffs have neither alleged that they fully paid the tax at issue nor that they

have filed a claim for return with the Secretary of the Internal Revenue Service.  Rather

they assert that they have "proceeded in protest" by not paying their taxes, which they

claim to be sufficient based on a complete misreading of section 7422(b), and having

"exhausted their administrative remedies" pursuant to section 7433.  Such actions do

not satisfy the strict requirements discussed in <u>Dahm</u>, <u>Flora</u> and <u>Vanskiver</u> to properly

plead a section 7422 claim.  Should this Court construe Plaintiffs' claims as pursuant to

section 7422, they must be dismissed.

<u>**Conclusion**</u>

The Internal Revenue Service and the Department of the Treasury are not

authorized to be sued and should be dismissed from this action.  This Court does not

have jurisdiction over Plaintiffs' claim to quiet title and claim for refund and Plaintiffs'

remaining claims are barred by sovereign immunity, lack of jurisdiction and the failure

to fulfill the requisite predicates to filing suit.  Defendants' motion to dismiss should be

granted.

Dated: December 4, 2007

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2902817.11

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on December 4, 2007, I caused a true and correct copy of the foregoing reply brief to be served via U.S. Mail, postage prepaid, upon the following:

Douglas and Janet Gunnink
25303 461st Ave.
Gaylord, MN 55334.

/s/ Benjamin J. Weir
BENJAMIN J. WEIR

2902817.11

# EXHIBIT A

Concerning:
Douglas John Gunnink
c/o 25303 461 Avenue
Gaylord, MN 55334
IRS Reference Number:

**RECEIVED**
JUL 16 2001
INTERNAL REVENUE SERVICE
ST PAUL MN

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

July 11, 2001                        Certified Mail No. 7099 3400 0020 1435 7262

Re:    "NOTICE OF DEFICIENCY" dated March 30, 2001; and,
       IR Code § 6404(a)(3), "ABATEMENTS".

William L. Thompson, Acting District Director
Internal Revenue Service
316 N. Robert Street
St. Paul, MN 55101

Dear Mr. Thompson:

    Mr. Gunnink is in receipt of a document from your office (copy enclosed) that is deficient because it does not contain a "...declaration that it is made under the penalties of perjury" (Internal Revenue Code § 6065), and is void of any mention of appeal rights pursuant to Internal Revenue Code § 6404(a)(3). This document purports to be a "NOTICE OF DEFICIENCY," alleging various amounts of money due for the year 1997, but fails the statutory provisions of §§ 6211 and 6212. Therefore, it must be abated pursuant to § 6404(a)(3). The following is my response to this unquestionably wrongful assessment procedure:

    Please be advised that Mr. Gunnink has related to me that he has not submitted any type of tax return forms for the year in question to the Internal Revenue Service for a "DEFICIENCY" to occur in. It is obviously absurd for you to claim that you have the authority to file returns for Mr. Gunnink, create a "DEFICIENCY" within those returns, and then give him "NOTICE" of that "DEFICIENCY." According to the Internal Revenue Code, the correct procedure to follow when a required filing of a tax return is not made, is outlined in § 6501(c)(3).

    Regarding the requirements of § 6501(c)(3), Mr. Gunnink denies any requirement to file a tax return under Subtitle A, Chapters 1 and/or 3, i.e., does not have any "Foreign Earned Income," and is not a nonresident alien, officer of a foreign corporation, or involved in any way with a foreign tax exempt organization. As you must be aware, the imposition of Subtitle C is not authorized in §§ 6012, 6211, and 6212.

Page 1 of 6

Your citing of Internal Revenue Code §§ 6651(F) and 6651(a)(2) within the attachments to the "NOTICE OF DEFICIENCY" are wrongfully applied pursuant to the Code of Federal Regulations Index. According to this Index these sections apply to Title 27 United States Code, and section 6654(A) relates to Title 26 United States Code Chapter 1, and as exemplified within 26 Code of Federal Regulations Part 600, Section 602.101, that the procedures relate to "Foreign Earned Income." Mr. Gunnink declared to me that he did not work outside of the States of the Union for the year cited within the "NOTICE OF DEFICIENCY." Therefore, Internal Revenue Code § 6654(e)(2)(C) is applicable to him.

Further, according to 26 CFR § 1.861-1(a):

> "Part I (section 861 and following), Subchapter N, Chapter 1 of the Code, and the regulations thereunder determine the sources of income for purposes of the income tax."

26 CFR § 1.861-8(a)(1) states, in part:
> "The rules contained in this section apply in determining taxable income of the taxpayer from specific sources and activities under other sections of the Code, referred to in this section as operative sections. See paragraph (f)(1) of this section for a list and description of operative sections."

The items of income listed on the worksheets enclosed with the alleged "Notice of Deficiency" are not derived from the taxable "sources" listed in 26 CFR § 1.861-8(f)(1), and are therefore not "taxable income" as defined in the Internal Revenue Code.

Since Mr. Gunnink did not file income tax returns made pursuant to ". . .subtitle A or B or chapter 41, 42, 43, or 44. . ." of the Internal Revenue Code for the year in question, would you please tell me what statutory procedure(s) you are proceeding under the authority of? Please respond pursuant to IR Manual 1218, "Policies of the Internal Revenue Service":

> "P-1-156:
> "Keeping the taxpaying public informed by communicating provisions of the law in understandable terms...";
> "P-1-179:
> "Since taxpayers must compute their taxes under a body of laws and regulations, some of the provisions of which are complex, the Service has the responsibility of providing taxpayers with all possible information to assist them in the performance of their obligations." and;
> "P-1-180:
> "The Service recognizes the people's right to know about their tax laws and the manner in which they are being administrated."

As stated above, the purpose of this letter is to put you on notice of the wrongful assessment procedures and the fact that the notice itself is deficient, by:

> (a) not stating therein all of Mr. Gunnink's appeal rights, i.e. section 6404(a)(3);
> (b) the notice was not signed pursuant to section 6065;

Page 2 of 6

    (c) the proposed deficiency does not meet the definition of "deficiency", nor come within the statutory authority of sections 6211 and 6212;

    (d) your failure to comply with the provisions of section 6501(c)(3) to substantiate your alleged assessment against Mr. Gunnink; and

    (e) the items of income listed within the notice were not derived from the taxable sources listed in 26 CFR § 1.861-8(f)(1), and are therefore not "taxable income".

Mr. Thompson, it is quite obvious that this action taken by you, or on your behalf, is a fraudulent misuse of the Internal Revenue Code deficiency/assessment procedures. On behalf of Mr. Gunnink I am here and now giving you notice that we will tirelessly prosecute any effort to illegally seize any of Mr. Gunnink's property. I am also sending a copy of this letter to Charles O. Rossotti, Commissioner of Internal Revenue, so that he is properly notified of the wrongful use of the cited statutes and their deficiency/assessment procedures and can also be held accountable. If you or Mr. Rossotti continue to prosecute this Notice of Deficiency action, and insist that you have the authority to do so, then you should have no objection to executing the enclosed affidavits. If you decline to do so, then it will be presumed that you do not have any such authority and are proceeding wrongfully.

By reason of the above stated facts, I demand that you abate this "assessment" procedure pursuant to § 6404(a)(3), Title 26, U.S. Code.

I hereby declare that:

1.    I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;

2.    I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;

3.    I am authorized to represent the individual identified in the power of attorney;

4.    I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and

5.    the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

Under penalty of perjury, I declare that the foregoing is true to the best of my knowledge and belief.

John B. Kotmair, Jr.

Page 3 of 6

Enclosures:    Original Power-of-Attorney; copy of "Notice of Deficiency" dated March 30, 2001; and affidavits for your and Mr. Rossotti's execution.

cc:    Douglas John Gunnink

       Charles O. Rossotti, Commissioner
       Internal Revenue Service
       1111 Constitution Avenue, Rm. 3000
       Washington, D.C. 20224

## **AFFIDAVIT**

I, William L. Thompson, Acting District Director, of the North Central District, office of the Internal Revenue Service, do hereby declare under penalty of perjury that the tax liability of Douglas John Gunnink was determined in accordance with Title 26, United States Code, Title 26, Code of Federal Regulations, the Administrative Procedures Act, the Federal Register Act, the Paperwork Reduction Act of 1980, and the policies, procedures, practices, rules, and regulations as incorporated in the various Internal Revenue Manuals.


_____
William L. Thompson, Acting District Director


Subscribed   and   sworn   to   before   me,   a   Notary   Public,   of   the   State   of _____, County of _____, this _____ day of _____, 20_____, that the above named person did appear before me and was identified to be the person executing this document.


_____
Notary Public


My Commission Expires On:_____

## **AFFIDAVIT**

I, Charles O. Rossotti, Commissioner, of the Internal Revenue Service, do hereby declare under penalty of perjury that the tax liability of Douglas John Gunnink was determined in accordance with Title 26, United States Code, Title 26, Code of Federal Regulations, the Administrative Procedures Act, the Federal Register Act, the Paperwork Reduction Act of 1980, and the policies, procedures, practices, rules, and regulations as incorporated in the various Internal Revenue Manuals.

_____

Charles O. Rossotti, Commissioner

Subscribed    and    sworn    to    before    me,    a    Notary    Public,    of    the    State    of
_____, County of _____, this \_\_\_\_ day of
_____, 20\_\_\_\_, that the above named person did appear before me and was identified to be the person executing this document.

_____

Notary Public

My Commission Expires On:_____

# PRIVACY ACT RELEASE FORM AND POWER OF ATTORNEY

Because of the Privacy Act of 1974, written authorization is required by the individual before any information can be given to another individual or organization.

Pursuant to the authority in 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a)(1) and (2), 26 CFR § 601.502(b)(5)(ii) and Treasury Department Circular No. 230, at § 10.7(c)(1)(iv), this form will give John B. Kotmair, Jr., (Representative Number: 2605-47815R), of Post Office Box 91, Westminster, Maryland 21158, permission to investigate this matter for me.

I, Douglas John Gunnink, of c/o 25303 461 Avenue, Gaylord, MN 55334, Internal Revenue Reference Number            , a member of the Save-A-Patriot Fellowship, do hereby give to John B. Kotmair, Jr., the Fiduciary of Save-A-Patriot Fellowship, permission to represent, inquire of and procure from the Internal Revenue Service any and all of the records, pertaining to income taxes, to include income tax returns (1040, 1040A, related forms and assessment records) maintained within any of the Internal Revenue Service Offices, regarding the following years: 1995 through and including 2001.

On this ___2___ day of _____7_____ , 2001, I hereby certify that I am the individual making this Power of Attorney, to John B. Kotmair, Jr., and that I have a "material interest" in the information within the documents sought.

_Douglas John Gunnink_
Douglas John Gunnink

Subscribed and sworn to before me, a Notary Public, of the State of _MiNNesota_ , County of _Sibley_ , on this _2nd_ day of _July_ , 2001.

_Kathleen M. Bierstedt_
Notary Public

KATHLEEN M. BIERSTEDT
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

My Commission Expires On:
_1-31-2005_

**Internal Revenue Service**

Date: **MAR 3 0 2001**

Douglas John Gunnink
25303 461st Avenue
Gaylord, Minnesota 55334

**Department of the Treasury**

**Taxpayer Identification Number:**
*Form:* 1040

*Tax Year Ended and Deficiency:* See below

*Person to Contact:* Theresa Stander

*Contact Telephone Number:* 651-312-7826

*Employee Identification Number:* 41-03394

*Refer Reply to:* FSB Stop 4030 TFS

LAST DATE TO FILE PETITION WITH U.S. TAX COURT    **JUN 2 8 2001**

(These amounts represent the government's primary position)

| Tax Year Ended | **12-31-97** |
|---|---|
| **Tax Deficiency** | $49,682.00 |
| **Penalty:** | |
| **Section 6651(f)** | $33,368.13 |
| **Section 6651(a)(2) \*\*** | $8,284.50 |

\*\* The Section 6651(a)(2) penalty is computed to 3-29-01. The penalty continues to accrue. The penalty will be recomputed to the date of payment

**(These amounts represent the government's alternative position to the fraud penalty)**

| **Tax Year Ended** | **12-31-97** |
|---|---|
| **Tax Deficiency** | $49,682.00 |
| **Penalty:** **Section 6651(a)(1)** | $11,506.25 |
| **Section 6651(a)(2) \*\*** | $8,284.50 |

\*\* The Section 6651(a)(2) penalty is computed to 3-29-01. The balance of the penalty will be computed to the date of payment.

Dear Mr. Gunnink,

## NOTICE OF DEFICIENCY

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure by writing to the Tax Court. You should write promptly if you intend to file a petition with the Tax Court

**Letter 531 (DO)   (Rev.   3-1999)**
**Cat. No.      40222A**

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late.

The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the front of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**NOTE:** If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on large corporate underpayments of $100,000 or more.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*, for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

**CHARLES O. ROSSOTTI**
Commissioner
By

*Kevin Harris by TFS*

Kevin Harris
Technical Support Manager

**Enclosures:**
Explanation of tax changes
Waiver
Envelope
Notice 1214

Letter 531 (DO)    (Rev.   3-1999)
Cat. No.      40222A



P.O. Box 91
Westminster, MD 21158

CERTIFIED MAIL

2099 3400 0020 1435 7262

POSTAGE
PAID
WESTMINSTER, MD
21157
JUL 11 '01
AMOUNT
**$4.17**
0001 6984*29

UNITED STATES
POSTAL SERVICE

0000

1000

William L. Thompson, Acting District Director
Internal Revenue Service
316 N. Robert Street
St. Paul, MN  55101

55101-1495 06

# EXHIBIT B



Concerning:
Douglas John Gunnink
c/o 25303 461 Avenue
Gaylord, MN 55334
IRS Reference Number:

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):

John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

August 9, 2001                    Certified Mail No. 7099 3400 0020 1435 6272

Re:     "NOTICE OF DEFICIENCY" Dated March 30, 2001; and,
        IR Code § 6404(a)(3), "ABATEMENTS".

William L. Thompson, Acting District Director
Internal Revenue Service
316 N. Robert Street
St. Paul, MN 55101

Dear Mr. Thompson:

    Mr. Gunnink is in receipt of a document from your office (copy enclosed) that is deficient because it does not contain a "...declaration that it is made under the penalties of perjury" (Internal Revenue Code section 6065), and is void of any mention of appeal rights pursuant to Internal Revenue Code § 6404(a)(3). This document purports to be a "Notice of Deficiency," alleging various amounts of money due for the year 1996, but fails the statutory provisions of section 6211 and 6212. Therefore, it must be abated pursuant to § 6404(a)(3). The following is my response to this unquestionably wrongful assessment procedure:

    Mr. Gunnink denies any requirement to file a tax return under Subtitle A, Chapters 1 and/or 3, i.e., he does not have any "Foreign Earned Income" and is not a nonresident alien, officer of a foreign corporation, or involved in any way with a foreign tax exempt organization.

    Further, according to 26 CFR § 1.861-1(a):

> "Part I (section 861 and following), Subchapter N, Chapter 1 of the Code, and the regulations thereunder determine the sources of income for purposes of the income tax."

26 CFR § 1.861-8(a)(1) states, in part:

> "The rules contained in this section apply in determining taxable income of the taxpayer from specific sources and activities under other sections of the Code, referred to in this section as operative sections. See paragraph (f)(1) of this section for a list and description of operative sections."

The items of income listed on the worksheets enclosed with the alleged "Notice of Deficiency" are not derived from the taxable "sources" listed in 26 CFR § 1.861-8(f)(1), and are therefore not "taxable income" as defined in the Internal Revenue Code.

Since the tax returns filed by Mr. Gunnink were not made pursuant to ". . .subtitle A or B or chapter 41, 42, 43, or 44. . ." of the Internal Revenue Code for the years in question, would you please tell me what statutory procedure(s) you are proceeding under the authority of? Please respond pursuant to IR Manual 1218, "Policies of the Internal Revenue Service":

> "P-1-156:
>
> > "Keeping the taxpaying public informed by communicating provisions of the law in understandable terms...";
>
> "P-1-179:
>
> > "Since taxpayers must compute their taxes under a body of laws and regulations, some of the provisions of which are complex, the Service has the responsibility of providing taxpayers with all possible information to assist them in the performance of their obligations." and;
>
> "P-1-180:
>
> > "The Service recognizes the people's right to know about their tax laws and the manner in which they are being administrated."

As stated above, the purpose of this letter is to put you on notice of the wrongful assessment procedures and the fact that the notice itself is deficient, by:

> (a) not stating therein all of Mr. Gunnink's appeal rights, i.e. § 6404(a)(3);
>
> (b) the notice was not signed pursuant to § 6065;
>
> (c) the proposed deficiency does not meet the definition of "deficiency," nor come within the statutory authority of §§ 6211 and 6212; and
>
> (d) the items of income listed within the notice were not derived from the taxable sources listed in 26 CFR § 1.861-8(f)(1), and are therefore not "taxable income".

Mr. Thompson, it is quite obvious that this action taken by you, or on your behalf, is a fraudulent misuse of the Internal Revenue Code deficiency/assessment procedures. On behalf of Mr. Gunnink I am here and now giving you notice that we will tirelessly prosecute any effort to illegally seize any of Mr. Gunnink's property. I am also sending a copy of this letter to Charles O. Rossotti, Commissioner of Internal Revenue, so that he is properly notified of the wrongful use of the cited statutes and their deficiency/assessment procedures and can also be held accountable. If you or Mr. Rossotti continue to prosecute this Notice of Deficiency action, and insist that you have the authority to do so, then you should have no objection to executing the enclosed affidavits. If you decline to do so, then it will be presumed that you do not have any such authority and are proceeding wrongfully.

By reason of the above stated facts, I demand that you abate this "assessment" procedure pursuant to § 6404(a)(3), Title 26, U.S. Code.

I hereby declare that:

1.  I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;

2.  I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;

3.  I am authorized to represent the individual identified in the power of attorney;

4.  I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and

5.  the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

Under penalty of perjury, I declare that the foregoing is true to the best of my knowledge and belief.

_John B. Kotmair, Jr._

John B. Kotmair, Jr.

Enclosures:    Original Power-of-Attorney; copy of "Notice of Deficiency" dated March 30, 2001; and affidavits for your and Mr. Rossotti's execution.

cc:    Douglas John Gunnink

Charles O. Rossotti, Commissioner
Internal Revenue Service
1111 Constitution Avenue, Rm. 3000
Washington, D.C. 20224

## **AFFIDAVIT**

I, William L. Thompson, Acting District Director, of the North Central District, office of the Internal Revenue Service, do hereby declare under penalty of perjury that the tax liability of Douglas John Gunnink was determined in accordance with Title 26, United States Code, Title 26, Code of Federal Regulations, the Administrative Procedures Act, the Federal Register Act, the Paperwork Reduction Act of 1980, and the policies, procedures, practices, rules, and regulations as incorporated in the various Internal Revenue Manuals.


_____

William L. Thompson, Acting District Director


Subscribed    and    sworn    to    before    me,    a    Notary    Public,    of    the    State    of
_____, County of _____, this ____ day of
_____, 20_____, that the above named person did appear before me and
was identified to be the person executing this document.


_____

Notary Public


My Commission Expires On:_____

## **AFFIDAVIT**

I, Charles O. Rossotti, Commissioner, of the Internal Revenue Service, do hereby declare under penalty of perjury that the tax liability of Douglas John Gunnink was determined in accordance with Title 26, United States Code, Title 26, Code of Federal Regulations, the Administrative Procedures Act, the Federal Register Act, the Paperwork Reduction Act of 1980, and the policies, procedures, practices, rules, and regulations as incorporated in the various Internal Revenue Manuals.


_____
Charles O. Rossotti, Commissioner

Subscribed    and    sworn    to    before    me,    a    Notary    Public,    of    the    State    of

_____, County of _____, this _____ day of

_____, 20_____, that the above named person did appear before me and

was identified to be the person executing this document.


_____
Notary Public


My Commission Expires On:_____

PRIVACY ACT RELEASE FORM
AND POWER OF ATTORNEY

Because of the Privacy Act of 1974, written authorization is required by the individual before any information can be given to another individual or organization.

Pursuant to the authority in 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a)(1) and (2), 26 CFR § 601.502(b)(5)(ii) and Treasury Department Circular No. 230, at § 10.7(c)(1)(iv), this form will give John B. Kotmair, Jr., (Representative Number: 2605-47815R), of Post Office Box 91, Westminster, Maryland 21158, permission to investigate this matter for me.

I, Douglas John Gunnink, of c/o 25303 461 Avenue, Gaylord, MN 55334, Internal Revenue Reference Number _____ a member of the Save-A-Patriot Fellowship, do hereby give to John B. Kotmair, Jr., the Fiduciary of Save-A-Patriot Fellowship, permission to represent, inquire of and procure from the Internal Revenue Service any and all of the records, pertaining to income taxes, to include income tax returns (1040, 1040A, related forms and assessment records) maintained within any of the Internal Revenue Service Offices, regarding the following years: 1995 through and including 2001.

On this __20th__ day of __July_____, 2001, I hereby certify that I am the individual making this Power of Attorney, to John B. Kotmair, Jr., and that I have a "material interest" in the information within the documents sought.

_Douglas John Gunnink_ (signature)

Douglas John Gunnink

Subscribed and sworn to before me, a Notary Public, of the State of __MN_____, County of __Sibley_____, on this __20th__ day of __July_____, 2001.

_Mary A Anderson_ (signature)

Notary Public

My Commission Expires On _____

MARY A. ANDERSON
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

Rev. 12/30/96

*Internal Revenue Service*                    ## Department of the Treasury

Date:  **MAR 3 0 2001**

**Douglas and Janet Gunnink**
**25303 461ˢᵗ Avenue**
**Gaylord, Minnesota 55334**

Taxpayer Identification Number:
*Form:*  1040

*Tax Year Ended and Deficiency:*  See below

*Person to Contact:*  Theresa Stander

*Contact Telephone Number:* 651-312-7826

*Employee Identification Number:* 41-03394
*Refer Reply to:*    ESB Stop 4020 TFS

**JUN 2 8 2001**

LAST DATE TO FILE PETITION WITH U.S. TAX COURT    _____

(These amounts represent the government's primary position)

| Tax Year Ended | 12-31-96 |
|---|---|
| Increase in Income Tax | $37,296.00 |
| **Penalties:** Section 6651(a)(1) | $ 8,585.50 |
| Section 6663 | $27,972.00  * |

*  This penalty will be assessed only against Douglas Gunninck

(These amounts represent the government's alternative position to the Section 6663 fraud penalty)

| Tax Year Ended | 12-31-96 |
|---|---|
| Section 6662(a) | $7,459.20 |

Dear Mr. and Mrs. Gunnink,

### NOTICE OF DEFICIENCY

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the address below.

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure by writing to the Tax Court. You should write promptly if you intend to file a petition with the Tax Court

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late.

Letter 531 (DO)   (Rev.   3-1999)
Cat. No.      40222A

The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the front of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**NOTE:** If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on large corporate underpayments of $100,000 or more.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*, for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

**CHARLES O. ROSSOTTI**
Commissioner
By

*Kevin Harris by JF>*

Kevin Harris
Technical Support Manager

**Enclosures:**
Explanation of tax changes
Waiver
Envelope
Notice 1214

**Letter 531 (DO)    (Rev.    3-1999)**
**Cat. No.       40222A**



William L. Thompson, Acting District Director
Internal Revenue Service
316 N. Robert Street
St. Paul, MN 55101



7099 3400 0020 1435 6272

CERTIFIED MAIL



0000

UNITED STATES
POSTAL SERVICE

U.S. POSTAGE
PAID
WESTMINSTER, MD
21157
AUG 13'01
AMOUNT
$4.17
00016984-16