UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Gunnink and Janet Gunnink, </br></br> Plaintiffs, </br></br> vs. </br></br> UNITED STATES GOVERNMENT aka UNITED STATES OF AMERICA, a Federal corporation; INTERNAL REVENUE SERVICE and DEPARTMENT OF THE TREASURY aka UNITED STATES TREASURY, </br></br> Defendants. | Case No. 1:07-CV-01292-JR |

### MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Plaintiffs, Douglas Gunnink and Janet Gunnink, move for an order transferring this action to the District of Minnesota for the convenience of the parties and the witnesses, and in the interest of justice. This motion is based on the Motion to Transfer Venue, the accompanying Memorandum in Support of Motion to Transfer Venue, the pleadings and other documents on file in this action, and any further evidence and oral argument that the Court may request with respect to this motion.

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

This case involves a dispute regarding the procedural validity of administrative Notices of Federal Tax Lien and Notices of Levy issued against the real and personal property belonging to Plaintiffs Douglas Gunnink and Janet Gunnink being extorted by employees working on behalf

**RECEIVED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION TO TRANSFER                                  -1-                              Douglas Gunnink and Janet Gunnink, Plaintiffs
                                                                                                          Notary page 6

of the Internal Revenue Service. This case should be transferred to the District of Minnesota for good cause as follows:

- Plaintiffs are residents of the state of Minnesota;

- The real property and personal property that is the subject matter of the suit is located within the District of Minnesota;

- The District of Minnesota has jurisdiction over the issues of this case.

Taken together, these facts demonstrate that the interests of justice would be served by a transfer to the District of Minnesota. Because the relevant factors weigh heavily in favor of transferring this action to the District of Minnesota, the Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer the action to that forum.

## I. PARTIES AND PROCEDURAL BACKGROUND

### Affidavit and Summary of Events

1. On or about July 19, 2007, Plaintiffs filed a Verified Complaint in the United States District Court, District of Columbia.

2. Plaintiffs complaint includes a quiet title action to property commonly described as 25303 461st Avenue, Gaylord Minnesota [near 55334] and bearing the legal description more particularly described as:

> "The South Half of the Northwest Quarter and the South Seventy (70) acres of the North Half of the Northwest Quarter (S 1/2 of NW 1/4 & S. 70 acres N1/2 or NW 1/4) and the North Ten (10) acres of Government Lot Number One (1#), and
>
> The East Twelve (E. 12) acres of the South Twenty-five and forty-five one hundredths (S. 25. 45) acres of Government Lot One (1) and of the West Twenty-three and ninety-four one hundredths (W 23.94) acres of Government Lot Two 2), all in Section Twenty-two (22) in Township One Hundred Thirteen (113) North, Range Twenty-eight (28) West on the 5th Principal Meridian. Sibley County, Minnesota, existing within a state of the United States."

3. The Defendants have not answered the complaint, but have filed a motion to dismiss this case in its entirety, which is pending before this Court.

## II. LEGAL POSITIONS

### A. MOTIONS TO TRANSFER UNDER SECTION 1404(A): A THREE-PART TEST

Motions to transfer venue under 28 U.S.C. § 1404(a) reads:

*"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."*

"The statutory language reveals three general categories of factors that courts must consider when deciding whether to transfer venue: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l*, 119 F.3d at 691(quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The facts of this case easily satisfy these criteria. Because this case "might have been brought" in the District of Minnesota, this Court can exercise its discretion to transfer the case "for the convenience of parties and witnesses and in the interest of justice."

### B. BOTH THE CONVENIENCE OF THE PARTIES AND THE INTEREST OF JUSTICE WOULD BE SERVED BY TRANSFERRING THIS ACTION TO THE DISTRICT OF MINNESOTA.

1. **Plaintiffs Douglas Gunnink and Janet Gunnink's residence and Defendants' offices are located in the transferee's district, making the District of Minnesota the most convenient district for the parties.**

The first of the traditional factors, "convenience of the parties," strongly supports transferring this case to the District of Minnesota. The Plaintiffs, Douglas Gunnink and Janet Gunnink, reside in Gaylord, Minnesota. The Corporate Defendants maintain offices that are located at Internal Revenue Service, Mail Stop 5228 BLM, 1550 American Blvd E., Ste 500,

Bloomington, MN 55425-1104, and the Area Director and Compliance Technical Support Manager's office is located at 30 East 7th Street, St Paul, MN 55101.

Under the circumstances that the Plaintiffs elected to file suit far from their home district, the Court should not presume that the chosen forum is particularly convenient to the Plaintiffs. However, for the convenience of the parties and in the interest of justice, this case should be transferred to the District of Minnesota.

2. **The proximity of the key party and third-party witnesses to the transferee district make the District of Minnesota the most convenient district for the witnesses,**

The second traditional factor, "convenience of the witnesses," strongly supports transferring this case to the District of Minnesota. "Convenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a)." *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp.2d, 869, 876. Any of the Plaintiffs' own potential witnesses live or work either in the District of Minnesota or elsewhere in Minnesota. In contrast, if this case were to remain in this District, there would be no assurance or even likelihood that any third-party witnesses would testify at trial. Finally, a transfer to the District of Minnesota would not prejudice other third-party witnesses. No known third-party witnesses reside in the District of Columbia.

3. **Transferring the case to the District of Minnesota would serve the interests of justice.**

The third traditional factor, "the interest of justice," also supports a transfer to the District of Minnesota. The Plaintiffs would not be disadvantaged by a transfer of this case to the District of Minnesota. By transferring the claims to the District of Minnesota, Defendants would also suffer no appreciable delay in the resolution of this case, and in fact may see a faster resolution. Finally,

as the records reflect, the Defendants have moved for a motion to dismiss that has not yet been disposed of by the Court, this case is still is in its beginning stages.

### III. CONCLUSION

This case does not belong in the District of Columbia; it belongs in the District of Minnesota. A transfer to the District of Minnesota would square with both common sense and fundamental fairness.

WHEREFORE: Plaintiffs, Douglas Gunnink and Janet Gunnink move to transfer venue of this case to the District of Minnesota as the just and proper remedy.

Respectfully submitted.

### VERIFICATION

I/We, Douglas Gunnink and Janet Gunnink, declare under penalty of perjury under the laws of the United States of America (North) that the foregoing is true and correct. All rights retained without recourse.

On this 27 day of February 2008

Douglas Gunnink, Plaintiff
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

Janet Gunnink, Plaintiff
c/o 25303 461st Avenue
Gaylord, Minnesota [55334]
Phone: 507.237.5162

## NOTARY ACKNOWLEDGMENT

State of Minnesota            )
County of Sibley              ) subscribed and sworn
                              )

On this 27 day, of February, 2008, <u>Douglas Gunnink and Janet Gunnink</u> personally appeared, are personally known to me, or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal.



_____
Signature of Notary

My Commission Expires: Jan 31, 2012

## CERTIFICATE OF SERVICE

I, <u>Janet Gunnink</u>, certify that on this 28 day of February, 2008, I served a copy of the above Motion to Transfer Venue, Memorandum of law and authorities, and proposed Order on the following parties:

Benjamin J. Weir
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Certified Mail No. 7006 2150 0002 8727 1316

_____
Janet Gunnink

MOTION TO TRANSFER            -6-            Douglas Gunnink and Janet Gunnink, Plaintiffs
                                                                      Notary page 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Gunnink and Janet Gunnink, ) | Case No. 1:07-cv-01292-JR |
| ) | |
| Plaintiffs, ) | |
| ) | |
| UNITED STATES GOVERNMENT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

Having considered the Plaintiffs' Motion to Transfer Venue and any opposition thereto, the Court concludes that the motion should be granted. Accordingly, it is this ____ day of _____, 2008

**ORDERED** that Plaintiffs' Motion to Transfer Venue is **GRANTED**; it is further

**ORDERED** that this case is transferred to the District of Minnesota, and the Clerk shall take the appropriate actions to transfer this case accordingly; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Benjamin J. Weir
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044

Douglas Gunnink and Janet Gunnink
c/o 25303 461st Ave.
Gaylord, Minnesota [55334]